UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board, <br><br> Defendants. | Case No. 1:24-cv-00001 |

**DECLARATION OF LAURIE BURGESS IN SUPPORT OF MOTION TO INTERVENE**

I, Laurie Burgess, declare as follows:

1. I have personal knowledge of the facts herein and, if called upon to testify to those facts, I could and would do so competently.

2. I am an attorney licensed to practice law in California. I am a solo practitioner. I also reside in the State of California and practice law exclusively in the State of California. I have never practiced law in Texas.

3. I am counsel, along with Anne Shaver of Lieff, Cabraser, Heimann & Bernstein, LLP, in NLRB litigation against Space Exploration Technologies Corp. ("SpaceX") which is currently pending in NLRB Region 31 in Los Angeles, California. Specifically, we filed charges against SpaceX arising out of its unlawful termination of eight employees, our clients, in retaliation for speaking up regarding significant workplace concerns.

4. Seven of eight of our clients lived in California and worked at SpaceX's headquarters in Hawthorne, California, during the entire course of their employment. One of our clients resided in Washington but her management chain worked out of Hawthorne. In addition, because this client's protected activity of participating in drafting an "Open Letter" seeking redress of workplace concerns occurred in California and her termination was triggered in response to that activity along with the termination of her California colleagues, her NLRB charge was also filed in California, where SpaceX has its headquarters.

5. Each of our eight clients provided extensive testimony and documentation to the Region 31 NLRB agents in Los Angeles.

6. Our clients Scott Beck, Paige Holland-Thielen, Deborah Lawrence, and Tom Moline are filing declarations herewith that attest to the facts of their employment history and

labor dispute with SpaceX demonstrating that their only contact with respect to the NLRB charges and the consolidated case that issued against SpaceX is with the State of California.

7. Our remaining four clients are still opting to preserve their anonymity due to fear of online doxing for speaking up against Elon Musk. These four clients filed charges with the NLRB as "Employee A," "Employee C," "Employee E," and "Employee F."

8. Employee A provided sworn testimony to the NLRB that he was employed at SpaceX as an engineer in Hawthorne, California from 2018 to 2022; that he participated in the Open Letter effort in Hawthorne; that he was interrogated by HR Director Lindsay Chapman about his participation in the Open Letter effort in an in-person meeting in Hawthorne on July 21, 2022; that he was placed on administrative leave that same day in an in-person conversation in Hawthorne with HR Manager Steven Duarte; and that he was terminated by Ms. Chapman by email on July 22, 2022.

9. Employee C provided sworn testimony to the NLRB that she was employed at SpaceX as an engineer in Hawthorne from 2021 to 2022; that she participated in the Open Letter effort in Hawthorne; that she was interrogated by HR Director Lindsay Chapman via virtual meetings attended from Employee C's home in Los Angeles on July 29 and August 12, 2022; and that she was terminated by HR representative Jordan Schoonover by virtual meeting attended from her home in Los Angeles on August 16, 2022.

10. Employee E provided sworn testimony to the NLRB that she was employed at SpaceX as an engineer in Hawthorne from 2017 to 2022; that she participated in the Open Letter effort in Hawthorne; that she was terminated on June 16, 2022 by telephone as she was sitting outdoors on the SpaceX campus in Hawthorne with several co-workers, with Vice President of HR Brian Bjelde, President Gwynn Shotwell, and HR Manager Rebecca Balayan all on the

phone line; and that Mr. Bjelde stated she was being fired because she was instrumental in conceiving of, drafting, and distributing the Open Letter.

11. Employee F provided sworn testimony to the NLRB that he was employed at SpaceX as an engineer in Hawthorne from 2021 to 2022; that he participated in the Open Letter effort in Hawthorne; that he was interrogated by HR Director Lindsay Chapman about his participation in the Open Letter effort in an in-person meetings in Hawthorne on July 19 and 21, 2022; and that he was terminated by Ms. Chapman in an in-person meeting in Hawthorne on July 29, 2022.

12. None of our clients have any relationship with the State of Texas. None of them have worked there, none of the protected activity that they engaged in occurred there, their terminations did not occur there and no part of the litigation was developed in Texas.

13. We received notice from Region 31 on January 3, 2024 that the Region determined that the charges we filed had merit, that it was issuing a 37-count consolidated Complaint against SpaceX, and that the matter is scheduled to proceed to trial in Los Angeles starting March 5, 2024.

14. On January 4, 2024, I was contacted by a media outlet asking for comment on SpaceX's Complaint that was filed earlier that day in Texas. That was the first, and only notice that I have received about this lawsuit.

15. We are seeking removal of the SpaceX litigation to California because the underlying NLRB action that SpaceX is challenging was filed and is pending there and none of our clients nor we, as counsel, have any connection whatsoever to the State of Texas.

16. We have also filed charges of violations of California state labor law on behalf of all eight clients with California's Civil Rights Division ("CRD") based on SpaceX's failure to

remedy the harassment, discrimination and hostile work environment that they experienced on a near daily basis while employed at SpaceX.

17. On information and belief, the charges that we filed with the CRD on behalf of our clients will be imminently issuing to complaints. These matters will be litigated in California. It would be burdensome for our clients and for us, as counsel, to litigate these closely related matters in two different states at the same time.

18. Not only did all of the core SpaceX misconduct pertaining to both the NLRB charges/Complaint and the CRD charges/Complaints occur in California, we are separately aware that SpaceX required our clients to sign various employment agreements as a condition of employment that requires venue regarding their employment disputes to be adjudicated in California.

19. Attached hereto as Exhibit A is the motion to transfer venue to the Central District of California that we would file if permitted leave to intervene.

20. Attached hereto as Exhibit B is a true and correct copy of SpaceX's Motion to Intervene in *Center for Biological Diversity v. FAA*, Case No. 23-cv-001204-CJN (D.D.C. May 19, 2023), as well as a true and correct copy of the docket in that case showing that SpaceX's motion was granted on July 5, 2023.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on the 8th of January, 2024 in San Francisco, California.

/*s*/ Laurie Burgess

Laurie Burgess (*pro hac vice* forthcoming)
Of Counsel
Burgess Law Offices, P.C.
498 Utah Street
San Francisco, CA 94110
Phone: (312) 320-1718
lburgess@burgess-laborlaw.com

*Counsel for* Proposed Intervenors *Scott Beck, Paige Holland-Thielen, Deborah Lawrence, and Tom Moline*

- 5 -

2920298.3