# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, AMERICAN BIRD CONSERVANCY, SURFRIDER FOUNDATION, SAVE RGV, And THE CARRIZO/COMECRUDO NATION OF TEXAS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL AVIATION ADMINISTRATION and BILLY NOLEN, in his official capacity, <br><br> Defendants, <br><br> and <br><br> SPACE EXPLORATION TECHNOLOGIES CORP., <br> 1 Rocket Road <br> Brownsville, TX 78521, <br><br> Proposed Intervenor-Defendant. | Civil Action No. 1:23-cv-1204-CJN |

## MEMORANDUM IN SUPPORT OF
## SPACE EXPLORATION TECHNOLOGIES CORP.'S
## MOTION TO INTERVENE

## <u>TABLE OF CONTENTS</u>

**Pg(s)**

I. INTRODUCTION ................................................................................................... 1

II. BACKGROUND .................................................................................................... 2

    A. Licensing and review under the Commercial Space Launch Act .......................... 2

    B. SpaceX's Boca Chica launch site and the FAA's review and
        approval of Starship launch operations. ............................................................. 3

    C. Plaintiffs' Complaint ........................................................................................ 5

III. ARGUMENT ......................................................................................................... 5

    A. SpaceX has standing to intervene. ..................................................................... 5

    B. SpaceX is entitled to intervene as of right. ........................................................ 6

        1. SpaceX's motion is timely. ....................................................................... 7

        2. SpaceX has legally protected interests in the subject matter
           of this litigation that an unfavorable outcome would impair. ...................... 7

        3. The FAA does not adequately represent SpaceX's interests. ...................... 9

    C. SpaceX should be permitted to intervene. ......................................................... 10

IV. CONCLUSION ...................................................................................................... 10

# <u>TABLE OF AUTHORITIES</u>

**Pg(s)**

**Cases**

*Akiachak Native Cmty. v. U.S. Dep't of the Interior,*
    584 F. Supp. 2d 1 (D.D.C. 2008) ................................................................. 7

*Alphapointe v. Dep't of Veterans Affairs,*
    Case No. 19-cv-02465 (APM), 2019 WL 7290853 (D.D.C. Aug. 26, 2019) ............................ 9

*Amador Cnty. v. U.S. Dep't of the Interior,*
    772 F.3d 901 (D.C. Cir. 2014) ................................................................. 7

*Atlantis Dev. v. United States,*
    379 F.2d 818 (5th Cir. 1967) ................................................................. 8

*Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n,*
    788 F.3d 312 (D.C. Cir. 2015) ........................................................... 6, 8, 9

*Donnelly v. Glickman,*
    159 F.3d 405 (9th Cir. 1998) ................................................................. 7

*Foster v. Gueory,*
    655 F.2d 1319 (D.C. Cir. 1981) ................................................................. 8

*Friends of the Headwaters v. U.S. Army Corps of Eng'rs,*
    No. CV 21-0189 (CKK), 2021 WL 1061162 (D.D.C. Mar. 20, 2021) ........................ 6

*Fund for Animals, Inc. v. Norton,*
    322 F.3d 728 (D.C. Cir. 2003) ................................................................. 9

*John Doe No. 1 v. Glickman,*
    256 F.3d 371 (5th Cir. 2001) ................................................................. 9

*Karsner v. Lothian,*
    532 F.3d 876 (D.C. Cir. 2008) ................................................................. 7

*Lujan v. Defs. of Wildlife,*
    504 U.S. 555 (1992) ................................................................. 6

*Massachusetts v. Microsoft Corp.,*
    373 F.3d 1199 (D.C. Cir. 2004) ................................................................. 10

*Red Lake Band of Chippewa Indians v. U.S. Army Corps of Eng'rs,*
    338 F.R.D. 1 (D.D.C. 2021) ................................................................. 8

*Sierra Club v. EPA,*
    292 F.3d 895 (D.C. Cir. 2002) ................................................................. 6

*Sierra Club v. Glickman*,
    82 F.3d 106 (5th Cir. 1996) ................................................................................9

*Sw. Ctr. for Biological Diversity v. Berg*,
    268 F.3d 810 (9th Cir. 2001) ...............................................................................9

*Texas v. United States*,
    805 F.3d 653 (5th Cir. 2015) ...............................................................................7

*Town of Chester, N.Y. v. Laroe Estates., Inc.*,
    581 U.S. 433 (2017) .............................................................................................6

*Trbovich v. United Mine Workers of Am.*,
    404 U.S. 528 (1972) .............................................................................................9

*Wash. All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*,
    395 F. Supp. 3d 1 (D.D.C. 2019) ........................................................................8

**Statutes**

42 U.S.C. §§ 4321 *et seq.*............................................................................................3

51 U.S.C. §§ 50901-23 ...............................................................................................2

51 U.S.C. § 50901 .......................................................................................................2

51 U.S.C.§ 50903(b)(1) ..............................................................................................2

51 U.S.C. § 50904(a)(1) ..............................................................................................2

51 U.S.C. § 50905(a)(1) ..............................................................................................2

**Rules and Regulations**

14 C.F.R. § 437.5 ........................................................................................................3

14 C.F.R. § 450.3 ....................................................................................................2, 3

49 C.F.R. § 1.83(b) .....................................................................................................2

Fed. R. Civ. P. 24 ............................................................................................1, 5-8, 10

## I.      INTRODUCTION

Space Exploration Technologies Corp. ("SpaceX") moves to intervene as a defendant in this challenge to the Federal Aviation Administration's ("FAA") review and approval of SpaceX's commercial space launch operations at SpaceX's existing launch site in Boca Chica, Texas.

As detailed below, SpaceX has a right to intervene under Federal Rule of Civil Procedure 24(a)(2), which requires courts, upon timely motion, to permit "anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may . . . impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." As the recipient of a license that the FAA approved under the challenged environmental review process and the proponent of the challenged launch operations, SpaceX has a direct interest in this action. SpaceX's ability to protect that interest would be impaired if its request to intervene were denied. The FAA, as a government agency charged with considering broader public interests, cannot adequately represent SpaceX's private interests. SpaceX thus satisfies the requirements for intervention as of right.

SpaceX also meets the requirements for permissive intervention under FRCP 24(b)(1)(B) because it "has a claim or defense that shares with the main action a common question of law or fact," specifically, that the FAA's environmental review and approval of SpaceX's proposed launch program should be upheld. Moreover, SpaceX's timely intervention will not unduly delay resolution of the matter or prejudice the parties.

Counsel for SpaceX conferred with counsel for the parties before filing. Plaintiffs do not oppose intervention by SpaceX in this matter and consent to SpaceX filing a responsive pleading by the FAA's deadline to file a responsive pleading, which the Court has set as July 1, 2023. The FAA opposes SpaceX's intervention under Rule 24(a), takes no position on SpaceX's intervention

under Rule 24(b), and consents to SpaceX filing a responsive pleading by the FAA's deadline to file a responsive pleading.

## II. BACKGROUND

### A. Licensing and review under the Commercial Space Launch Act

The Commercial Space Launch Act ("CSLA") of 1984, as amended, 51 U.S.C. §§ 50901-23, requires the Secretary of Transportation to "encourage, facilitate, and promote commercial space launches and reentries by the private sector." *Id.* § 50903(b)(1). The CSLA directs the Secretary "to oversee and coordinate the conduct of commercial launch and reentry operations, issue permits and commercial licenses and transfer commercial licenses authorizing those operations, and protect the public health and safety, safety of property, and national security and foreign policy interests of the United States." *Id.* § 50901(b)(3). The Secretary has delegated this role to the FAA Administrator. 49 C.F.R. § 1.83(b).

Under the CSLA, a commercial space company like SpaceX is required to obtain a license or permit from the FAA "to launch a launch vehicle or to operate a launch site or reentry site, or to reenter a reentry vehicle." 51 U.S.C. § 50904(a)(1). The CSLA mandates that the FAA "shall issue or transfer a license" upon the Secretary's finding that the applicant complies with the requirements of the CSLA and its implementing regulations, *id.* § 50905(a)(1), which Congress expressly found should be "stable, minimal, and appropriate" and "fairly and expeditiously applied" to "encourage private sector launches, reentries, and associated services." *Id.* § 50901(a)(6), (7).

The FAA has issued regulations implementing the CSLA, 14 C.F.R. Parts 400-99, which explain that the agency's licensing authority is narrowly limited to launch operations and launch infrastructure. *See, e.g.*, *id.* § 450.3(b). Relevant here, the FAA issues "vehicle operator licenses" to "authorize[] a licensee to conduct one or more launches or reentries using the same vehicle or

family of vehicles." *Id.* § 450.3(a). The FAA may also issue one-year, nonrenewable "experimental permits" that allow for research, development, testing, training, and demonstrating compliance. *Id.* § 437.5. As part of issuing licenses and permits, the FAA may also approve launch-related infrastructure. *See id.* § 450.3(a).

Before issuing a launch vehicle operator license or other permit, the FAA has conducted environmental review under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*, and other federal environmental laws, as well as safety review under the CSLA's demanding public safety requirements.

**B.    SpaceX's Boca Chica launch site and the FAA's review and approval of Starship launch operations.**

Over ten years ago, as SpaceX's launch manifest was growing rapidly, SpaceX began seeking to build and operate a private launch site that would provide needed capacity for its launches and accommodate tight launch windows (time periods during which a particular mission is to be launched). Decl. of Bret Johnsen ¶ 6. As detailed in a Final Environmental Impact Statement ("EIS") issued by the FAA in 2014, SpaceX identified and screened potential sites for commercial launch activities. *Id.* After extensive evaluation, which included consideration of technological, economic, and other constraints such as available trajectories, latitude, and the ability to meet public safety requirements, SpaceX considered but ultimately ruled out other locations and proposed to build a launch site on private land in southern Texas near Boca Chica. *Id.* On July 9, 2014, the FAA issued a Record of Decision ("ROD") to approve SpaceX's construction and operation of the Boca Chica launch site. *Id.*

After the FAA issued SpaceX its license to operate and build the Boca Chica launch site, SpaceX began to develop and test a new launch vehicle called Starship/Super Heavy as part of the reusable suborbital launch vehicle operations approved under the 2014 EIS. *Id.* ¶ 7. Starship/Super

Heavy is a fully reusable, super-heavy-lift launch system comprised of the Super Heavy first stage (booster stage), the Starship spacecraft, and related launch infrastructure. *Id.* Starship/Super Heavy stands to revolutionize space travel by substantially reducing the cost of accessing space while substantially increasing the mass and size of payloads that can be delivered to space. *Id.* ¶ 8. Starship/Super Heavy will allow scientists to focus on previously impossible scientific missions and pursue the fastest, easiest way to get their missions from concept to execution by eliminating the need to miniaturize, reduce mass, and create a system of deployments to fit in smaller launch vehicles. *Id.* For instance, with its large capacity, Starship could economically put large telescopes and heavy science experiments in orbit, and cargo, people, and even colonies on moons and other planets. *Id.* In fact, NASA chose Starship as its lunar lander in the upcoming Artemis program. *Id.* ¶ 9. This means that Starship will transport crew members from lunar orbit to and from the surface of the Moon. *See id.*

Since the FAA issued the ROD approving development of the site, SpaceX has invested more than $3 billion into developing the Boca Chica launch facility and Starship/Super Heavy launch system. *Id.* ¶ 11. The launch site already has significant infrastructure installations, including a vertical launch area, launch and landing control center, and other supporting, launch-related structures that have now been in use for years. *Id.*

During the last four years, SpaceX has conducted suborbital launches and landings of Starship prototypes at the Boca Chica launch site under an existing license authorizing its Starship experimental suborbital test launch program. *Id.* ¶ 10. These operations have involved static fire engine tests and a series of suborbital launches from just a few inches above ground level to higher than 10 kilometers. *Id.* During this time, SpaceX also began developing Super Heavy to take Starship to orbit.

In early 2021, SpaceX began the process to apply for a launch vehicle operator license to conduct a limited number of Starship/Super Heavy orbital launch operations, along with additional Starship suborbital test launches that could be needed. *Id.* ¶ 12. As part of the orbital Starship/Super Heavy program, SpaceX also proposed to improve the launch site, including by building a redundant launch and landing pad, a payload processing facility, and other supporting infrastructure. *Id.* ¶ 13.

The FAA determined that because operations and infrastructure could evolve as Starship/Super Heavy is tested and then put into operation, a programmatic environmental assessment ("PEA") was the appropriate level of NEPA review. *Id.* ¶ 14. On June 13, 2022, the FAA issued a final PEA and a Finding of No Significant Impact ("FONSI") / ROD, which conclude that SpaceX's proposed launch operations would not significantly impact the environment. *Id.* ¶ 15.

On April 14, 2023, after further review, the FAA issued a first license authorizing SpaceX to launch Starship/Super Heavy from Boca Chica on a specific trajectory. *Id.* ¶ 16, Ex. A (FAA Launch License).

## C. Plaintiffs' Complaint

On May 1, 2023, Plaintiffs filed a complaint challenging the FAA's environmental review and "decision to approve SpaceX's application for a vehicle operator license" under NEPA and the Administrative Procedure Act. Compl., ECF No. 3 ¶ 14, Prayer for Relief (a)-(b). Plaintiffs seek to set aside the PEA and FONSI/ROD and invalidate the FAA's decision to approve SpaceX's launch vehicle operator license. *Id.*

## III. ARGUMENT

## A. SpaceX has standing to intervene.

A party seeking to intervene under Rule 24(a) must show that it has standing under Article

III of the Constitution. *Town of Chester, N.Y. v. Laroe Estates., Inc.*, 581 U.S. 433, 439 (2017); *Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 316 (D.C. Cir. 2015). To show standing, a party must show: (1) concrete and imminent injury, (2) causation, and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Sufficient injury exists where, as here, "a party benefits from agency action, the action is then challenged in court, and an unfavorable decision would remove the party's benefit." *Crossroads Grassroots Pol'y Strategies*, 788 F.3d at 317; *see also Sierra Club v. EPA*, 292 F.3d 895, 899-900 (D.C. Cir. 2002) (finding that the standing of a party directly affected by an agency action "self-evident").

SpaceX has Article III standing because an adverse outcome in this case would harm SpaceX. SpaceX's Starship/Super Heavy launch program hinges on the FAA's review and licensing decision challenged here. If the Court were to rule in Plaintiffs' favor, the FAA's decision could be set aside, and further licensing of the Starship/Super Heavy Program could be significantly delayed, causing severe injury to SpaceX's business. *See* Johnsen Decl. ¶ 25. This threat of injury to SpaceX constitutes precisely the type of "concrete,[] particularized, and . . . imminent" injury necessary to establish an intervenor's standing. *See Crossroads Grassroots Pol'y Strategies*, 788 F.3d at 316. Furthermore, "the claimed injuries are fairly traceable to the judicial intervention (setting aside the [FAA's] permit) and a decision in [SpaceX]'s favor would plainly prevent it from incurring the claimed injuries." *Friends of the Headwaters v. U.S. Army Corps of Eng'rs*, No. CV 21-0189 (CKK), 2021 WL 1061162, at *2 (D.D.C. Mar. 20, 2021) (internal quotation marks and citation omitted). SpaceX thus satisfies Article III standing requirements.

## B.    SpaceX is entitled to intervene as of right.

A party must meet four requirements to intervene as of right under Rule 24(a)(2): (1) the application must be timely; (2) the applicant must have a "legally protected" interest in the action;

(3) the action must threaten to impair the applicant's interest; and (4) the applicant's interest must not be adequately represented by existing parties. *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008). Courts construe these requirements "broadly in favor of intervention," *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998), and have recognized that intervention should be granted "where no one would be hurt and the greater justice could be attained," *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (citation omitted). SpaceX satisfies each of Rule 24(a)'s requirements.

### 1.    SpaceX's motion is timely.

"Timeliness is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." *Amador Cnty. v. U.S. Dep't of the Interior*, 772 F.3d 901, 903 (D.C. Cir. 2014) (internal quotation marks and citation omitted). The most important factor is whether the timing of the intervention will prejudice any existing parties. *Akiachak Native Cmty. v. U.S. Dep't of the Interior*, 584 F. Supp. 2d 1, 5 (D.D.C. 2008).

SpaceX's motion is timely. Plaintiffs filed their complaint on May 1, 2023. The FAA has not yet filed any responsive pleading. At this preliminary stage, no party would be prejudiced by SpaceX's proposed intervention as a defendant. *See Karsner*, 532 F.3d at 886 (finding no potential prejudice where the motion to intervene was filed before entry of any court orders).

### 2.    SpaceX has legally protected interests in the subject matter of this litigation that an unfavorable outcome would impair.

Proposed intervenors must also show "an interest relating to the property or transaction that is the subject of the action" that would be impaired by an adverse decision on the merits. Fed. R. Civ. P. 24(a)(2). Under this standard, a permittee or other direct beneficiary of a challenged

agency action generally has an adequate threatened interest to permit it to intervene. *See, e.g.*, *Crossroads Grassroots Pol'y Strategies*, 788 F.3d at 318 (finding that the beneficiary of a challenged Federal Election Commission decision had an adequate interest); *Red Lake Band of Chippewa Indians v. U.S. Army Corps of Eng'rs*, 338 F.R.D. 1, 5 (D.D.C. 2021) (finding a permitholder "has a clear interest in the Permit that is the subject of this action").

SpaceX readily meets Rule 24(a)'s interest requirement. As the holder of a license supported by the challenged review and owner and operator of the space launch operations at issue, SpaceX has a legally protected interest in the outcome of this action that an adverse decision would impair. Awarding Plaintiffs their requested relief would severely harm SpaceX, along with its U.S. government and private customers, by preventing the development and orbital testing of Starship/Super Heavy, the launch vehicle on which SpaceX's future operations are based. *See* Johnsen Decl. ¶ 25. SpaceX has spent over 7 years and has invested over $3 billion to build its launch facility at Boca Chica to support the Starship/Super Heavy program. *Id.* ¶¶ 11, 19. The program is critical to multiple aspects of SpaceX's business, including its performance under government contracts of national and international importance, such as the Artemis program, which will return Americans to the Moon for the first time in 50 years; its deployment of Starlink, the world's first global high-speed, low-latency satellite broadband service; and its ability to meet the growing demand for commercial human space flight. *Id.* ¶¶ 9, 19-24. This sort of direct economic interest of a license/permit-holder in a challenged decision supports intervention to defend the license/permit. *See Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981) ("An intervenor's interest is obvious when [it] asserts a claim to property that is the subject matter of the suit." (citing *Atlantis Dev. v. United States*, 379 F.2d 818 (5th Cir. 1967))); *Wash. All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 395 F. Supp. 3d 1, 16, 19-20 (D.D.C. 2019) (association

had legally protected interest based on potential for "economic harm" to members if program at issue were vacated).

### 3. The FAA does not adequately represent SpaceX's interests.

A proposed intervenor's burden to show inadequate representation is "minimal"—it is enough that an existing party's representation "may be inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (internal quotation marks omitted). Even when parties appear to have a common legal goal, intervention is appropriate when the proposed intervenor's interests differ from the interests of the existing party. *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003). This is especially true when the existing party is the government. *See Sierra Club v. Glickman*, 82 F.3d 106, 110 (5th Cir. 1996). Courts have "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors" because of their broader responsibility to the public interest. *Fund for Animals*, 322 F.3d at 736; *see Crossroads Grassroots Pol'y Strategies*, 788 F.3d at 321. Courts thus routinely grant intervention in such cases because "a governmental agency . . . must represent the broad public interest, not just [one party's] concerns." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 381 (5th Cir. 2001); *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001) (explaining that intervention is merited because "[t]he priorities of the defending government agencies are not" the same as the priorities of private, regulated industry); *Alphapointe v. Dep't of Veterans Affairs*, Case No. 19-cv-02465 (APM), 2019 WL 7290853, at *1 (D.D.C. Aug. 26, 2019) (explaining that intervention is merited because private party had "a financial interest in the outcome of th[e] action that the government does not share").

SpaceX easily clears the low bar for showing inadequate representation. As shown above, SpaceX has a direct and substantial economic interest in the outcome of this case that the government does not share. Moreover, the FAA's and SpaceX's legal interests in this litigation

differ. The FAA may have interests in broadly regulating commercial space operators that do not always align with SpaceX's views about the appropriate, narrow scope of regulation that Congress intended in issuing the CSLA. Thus, even if the FAA contests Plaintiffs' legal contentions, the FAA's arguments will not necessarily represent SpaceX's interests as a regulated party or its specific business interests in the Starship/Super Heavy program at its Boca Chica launch site. For these reasons, SpaceX meets the "minimal" burden required to show that the FAA's representation may be inadequate to protect SpaceX's interests.

## C.      SpaceX should be permitted to intervene.

In addition to having a right to intervene, SpaceX also meets the permissive intervention standard because, in claiming that the FAA's review and decision was well-supported, reasonable, and should be upheld, SpaceX shares a "common question of law or fact" with the parties. Fed. R. Civ. P. 24(b)(1)(B). Moreover, permitting SpaceX to intervene would allow it to vindicate its substantial economic interests in the Starship/Super Heavy program that are at stake. And, given that SpaceX has promptly sought to intervene, intervention would neither delay this case nor prejudice any party. *See Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1235 (D.C. Cir. 2004) (permissive intervention should be liberally awarded so long as it will not "unduly delay or prejudice the adjudication of the rights of the original parties.").

<h2 style="text-align:center">IV.      CONCLUSION</h2>

For the reasons explained above, SpaceX respectfully asks the Court to grant SpaceX's motion to intervene in this case challenging review and approval of SpaceX's license to conduct launch operations of Starship/Super Heavy at SpaceX's launch site in Boca Chica, Texas.

Dated: May 19, 2023

Respectfully submitted,

/s/ Tyler G. Welti
Tyler G. Welti (D.C. Bar No. 1015691)
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
tgwelti@venable.com
Phone: 415-653-3714
Fax: 415-653-3755

Kathryn K. Floyd (D.C. Bar No. 411027)
VENABLE LLP
600 Massachusetts Ave., N.W.
Washington, DC 20001
kkfloyd@venable.com
Phone: 202-344-4000
Fax: 202-344-8300

*Counsel for Proposed Intervenor-Defendant
Space Exploration Technologies Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2023, a copy of the foregoing was served on counsel for

Plaintiffs and Federal Defendants through the Court's electronic filing system.


*/s/* Tyler Welti
Tyler Welti

TYPE-C

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:23-cv-01204-CJN

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY et al v. FEDERAL AVIATION ADMINISTRATION et al | Date Filed: 05/01/2023 |
| Assigned to: Judge Carl J. Nichols | Jury Demand: None |
| Cause: 42:4321 Review of Agency Action-Environment | Nature of Suit: 893 Environmental Matters |
| | Jurisdiction: U.S. Government Defendant |

**Movant**

**SPACE EXPLORATION TECHNOLOGIES CORP.**

represented by **Tyler Guy Welti**
VENABLE LLP
101 California Street
Suite 3800
San Francisco, CA 94111
415-653-3750
Email: TGWelti@venable.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Christopher Johnson**
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344-4698
Fax: (202) 344-8300
Email: jcjohnson@venable.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CENTER FOR BIOLOGICAL DIVERSITY**

represented by **Jared Margolis**
CENTER FOR BIOLOGICAL DIVERSITY
2852 Willamette Street
P.O. Box 171
Eugene, OR 97405
802-310-4054
Email: jmargolis@biologicaldiversity.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Robert Glitzenstein**
CENTER FOR BIOLOGICAL DIVERSITY
1411 K St, NW
Suite 1300
Washington, DC 20005

202-849-8401
Email: eglitzenstein@biologicaldiversity.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AMERICAN BIRD CONSERVANCY**          represented by **Jared Margolis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Robert Glitzenstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SURFRIDER FOUNDATION**          represented by **Jared Margolis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Robert Glitzenstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SAVE RGV**          represented by **Eric Robert Glitzenstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jared Margolis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CARRIZO/COMECRUDO NATION OF
TEXAS, INC.**          represented by **Jared Margolis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Robert Glitzenstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**FEDERAL AVIATION
ADMINISTRATION**          represented by **Gregory Martin Cumming**
U.S. DEPARTMENT OF JUSTICE
Natural Resources Section
150 M Street, N.E.
Suite 2.900

Washington, DC 20002
202-598-0414
Email: gregory.cumming@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Philip Rand**
DOJ-ENRD
150 M Street NE
Washington, DC 20002
202-532-5083
Email: matthew.rand@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Ruckriegle**
DOJ-ENRD
Enrd
150 M Street NE
Washington, DC 20002
202-305-0432
Email: sarah.ruckriegle@usdoj.gov
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**BILLY NOLEN**        represented by    **Gregory Martin Cumming**
*in his official capacity*                    (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Philip Rand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Ruckriegle**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 05/01/2023 | 1 | COMPLAINT against All Plaintiffs ( Filing fee $ 402 receipt number ADCDC-10037442) filed by Carizo/Comecrudo Nation of Texas, CENTER FOR BIOLOGICAL DIVERSITY, Surfrider Foundation, AMERICAN BIRD CONSERVANCY. (Attachments: # 1 Civil Cover Sheet Cover Sheet, # 2 Summons Summons to Billy Nolen, # 3 Summons Summons to FAA, # 4 Summons Summons to USAG, # 5 Summons Summons to USAO) (Glitzenstein, Eric) (Entered: 05/01/2023) |
| 05/01/2023 | 2 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by AMERICAN BIRD CONSERVANCY, CENTER FOR BIOLOGICAL DIVERSITY, Carizo/Comecrudo Nation of Texas, Surfrider Foundation (Glitzenstein, Eric) (Entered: 05/01/2023) |

| 05/01/2023 | | NOTICE OF ERROR re 1 Complaint; emailed to eglitzenstein@biologicaldiversity.org, cc'd 0 associated attorneys -- The PDF file you docketed contained errors: 1. Noncompliance with LCvR 5.1(c). Please file an errata correcting the initiating pleading to include the name & full residence address of each party using the event Errata., 2. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (zrtw, ) (Entered: 05/01/2023) |
| --- | --- | --- |
| 05/01/2023 | 3 | ERRATA *Complaint* by AMERICAN BIRD CONSERVANCY, CARRIZO/COMECRUDO NATION OF TEXAS, INC., CENTER FOR BIOLOGICAL DIVERSITY, SURFRIDER FOUNDATION re 1 Complaint,. (Glitzenstein, Eric) (Entered: 05/01/2023) |
| 05/01/2023 | | Case Assigned to Judge Carl J. Nichols. (zrtw) (Entered: 05/01/2023) |
| 05/01/2023 | 4 | SUMMONS (4) Issued Electronically as to FEDERAL AVIATION ADMINISTRATION, BILLY NOLEN, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(zrtw) (Entered: 05/01/2023) |
| 05/02/2023 | 5 | NOTICE of Appearance by Gregory Martin Cumming on behalf of FEDERAL AVIATION ADMINISTRATION, BILLY NOLEN (Cumming, Gregory) (Entered: 05/02/2023) |
| 05/03/2023 | 6 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Jared Margolis, Filing fee $ 100, receipt number ADCDC-10045359. Fee Status: Fee Paid. by AMERICAN BIRD CONSERVANCY, CARRIZO/COMECRUDO NATION OF TEXAS, INC., CENTER FOR BIOLOGICAL DIVERSITY, SAVE RGV, SURFRIDER FOUNDATION. (Attachments: # 1 Declaration Declaration of Jared Margolis, # 2 Exhibit Jared Margolis Certificate of Good Standing, # 3 Text of Proposed Order)(Glitzenstein, Eric) (Entered: 05/03/2023) |
| 05/05/2023 | 7 | STANDING ORDER. Signed by Judge Carl J. Nichols on May 5, 2023. (lccjn2) (Entered: 05/05/2023) |
| 05/05/2023 | | MINUTE ORDER. The Court having considered the 6 Motion for Leave to Appear Pro Hac Vice of Jared Margolis, and it appearing to the Court that the attorney referenced therein meets the requirements for pro hac vice admission under Local Civil Rule 83.2(c), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Jared Margolis is ADMITTED to practice before the Court pro hac vice. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Carl J. Nichols on May 5, 2023. (lccjn2) (Entered: 05/05/2023) |
| 05/05/2023 | 8 | NOTICE of Appearance by Matthew Philip Rand on behalf of All Defendants (Rand, Matthew) (Entered: 05/05/2023) |
| 05/08/2023 | 9 | ENTERED IN ERROR.....NOTICE of Appearance by Jared Margolis on behalf of All Plaintiffs (Margolis, Jared) Modified on 5/11/2023 (zed). (Entered: 05/08/2023) |
| 05/09/2023 | 10 | NOTICE of Appearance by Sarah Ruckriegle on behalf of FEDERAL AVIATION ADMINISTRATION, BILLY NOLEN (Ruckriegle, Sarah) (Entered: 05/09/2023) |
| 05/11/2023 | | NOTICE OF ERROR regarding 9 Notice of Appearance. The following error(s) need correction: Incorrect Court, document or case. Please refile. (zed) (Entered: 05/11/2023) |
| 05/12/2023 | 11 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. All Plaintiffs, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 05/10/2023., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 5/2/2023. |

| | | ( Answer due for ALL FEDERAL DEFENDANTS by 7/1/2023.) (Attachments: # 1 Exhibit Proof of Service)(Margolis, Jared) (Entered: 05/12/2023) |
|---|---|---|
| 05/12/2023 | 12 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. FEDERAL AVIATION ADMINISTRATION served on 5/10/2023; BILLY NOLEN served on 5/10/2023. (See Docket Entry 11 to view document). (zed) (Entered: 05/16/2023) |
| 05/19/2023 | 13 | MOTION to Intervene by SPACE EXPLORATION TECHNOLOGIES CORP.. (Attachments: # 1 Memorandum in Support of Motion to Intervene, # 2 Declaration of Bret Johnsen, # 3 Text of Proposed Order Granting Motion to Intervene)(Welti, Tyler) (Entered: 05/19/2023) |
| 06/02/2023 | 14 | RESPONSE re 13 MOTION to Intervene filed by FEDERAL AVIATION ADMINISTRATION, BILLY NOLEN. (Cumming, Gregory) (Entered: 06/02/2023) |
| 06/09/2023 | 15 | REPLY to opposition to motion re 13 MOTION to Intervene filed by SPACE EXPLORATION TECHNOLOGIES CORP.. (Welti, Tyler) (Entered: 06/09/2023) |
| 06/16/2023 | 16 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by SPACE EXPLORATION TECHNOLOGIES CORP. (Welti, Tyler) (Entered: 06/16/2023) |
| 06/30/2023 | 17 | ANSWER to Complaint by FEDERAL AVIATION ADMINISTRATION, BILLY NOLEN. (Cumming, Gregory) (Entered: 06/30/2023) |
| 06/30/2023 | 18 | ANSWER to Complaint *[PROPOSED] ANSWER* by SPACE EXPLORATION TECHNOLOGIES CORP..(Welti, Tyler) (Entered: 06/30/2023) |
| 07/05/2023 | | MINUTE ORDER. Upon review of the 13 Motion to Intervene by Space Exploration Technologies Corp., and because the Court concludes that intervention is appropriate under Rule 24(a)(2) or, alternatively, under Rule 24(b)(1)(B), it is ORDERED that the Motion is GRANTED. Signed by Judge Carl J. Nichols on July 5, 2023. (lccjn2) (Entered: 07/05/2023) |
| 07/05/2023 | | MINUTE ORDER. Before the Court are a Complaint and Defendants' Answers. As the requirements of Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f) are inapplicable to this administrative review case, it is hereby ORDERED that Defendants shall file a certified list of the contents of the administrative record by July 31, 2023. It is further ORDERED that the parties shall confer and jointly file a proposed briefing schedule by August 14, 2023. Signed by Judge Carl J. Nichols on July 5, 2023. (lccjn2) (Entered: 07/05/2023) |
| 07/21/2023 | 19 | Consent MOTION for Extension of Time to *Lodge the Administrative Record*, Consent MOTION for Scheduling Order by FEDERAL AVIATION ADMINISTRATION, BILLY NOLEN. (Attachments: # 1 Text of Proposed Order)(Cumming, Gregory) (Entered: 07/21/2023) |
| 07/25/2023 | | MINUTE ORDER. Upon review of Defendants' 19 Consent Motion for Extension of Time and for the Court to Set an Initial Briefing Schedule, it is ORDERED that the Motion is GRANTED. Defendants shall lodge the administrative record on or before September 29, 2023, and the Parties shall abide by the following briefing schedule: the Plaintiffs' deadline to challenge the contents of the administrative record is October 27, 2023; the Defendants' deadline to file an opposition to the Plaintiffs' motion to challenge the administrative record is November 17, 2023; and the Plaintiffs' deadline to file a reply in support of their motion challenging the administrative record is December 5, 2023. It is further ORDERED that the Parties shall file a joint status report proposing a briefing schedule as to summary judgment within 14 days of the Courts resolution of the Plaintiffs' motion challenging the administrative record, if any is filed. If the Plaintiffs choose not to challenge the |

| | | |
|---|---|---|
| | | administrative record, the Parties shall file a joint status report setting forth a proposed briefing schedule by October 27, 2023. Signed by Judge Carl J. Nichols on July 25, 2023. (lccjn2) (Entered: 07/25/2023) |
| 07/25/2023 | | Set/Reset Deadlines: Joint Status Report due by 10/27/2023. (zcam) (Entered: 07/26/2023) |
| 09/28/2023 | 20 | Joint MOTION for Protective Order by FEDERAL AVIATION ADMINISTRATION, BILLY NOLEN. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A- Certification) (Cumming, Gregory) (Entered: 09/28/2023) |
| 09/29/2023 | 21 | ADMINISTRATIVE RECORD *Notice of Lodging* by FEDERAL AVIATION ADMINISTRATION, BILLY NOLEN. (Attachments: # 1 Affidavit Hanson Declaration, # 2 Exhibit AR Index)(Cumming, Gregory) (Entered: 09/29/2023) |
| 10/26/2023 | 22 | NOTICE of Appearance by Jay Christopher Johnson on behalf of SPACE EXPLORATION TECHNOLOGIES CORP. (Johnson, Jay) (Entered: 10/26/2023) |
| 10/27/2023 | 23 | Unopposed MOTION for Extension of Time to *Complete Administrative Record* by CENTER FOR BIOLOGICAL DIVERSITY. (Attachments: # 1 Text of Proposed Order) (Margolis, Jared) (Entered: 10/27/2023) |
| 11/09/2023 | 24 | Unopposed MOTION for Protective Order *(Modified)* by SPACE EXPLORATION TECHNOLOGIES CORP.. (Attachments: # 1 Text of Proposed Order - Stipulated Protective Order re: Confidential Information)(Welti, Tyler) (Entered: 11/09/2023) |
| 11/22/2023 | | MINUTE ORDER. Upon review of the 23 Joint Motion for Extension of Time, it is ORDERED that the Motion is GRANTED. It is further ORDERED that by November 27, 2023 Plaintiffs shall file any motions challenging the administrative record or the Parties shall file a joint status report proposing next steps in this matter.So ORDERED by Judge Carl J. Nichols on November 22, 2023. (lccjn2) (Entered: 11/22/2023) |
| 11/22/2023 | 25 | PROTECTIVE ORDER. Signed by Judge Carl J. Nichols on November 22, 2023. (lccjn2) (Entered: 11/22/2023) |
| 11/27/2023 | 26 | Joint STATUS REPORT by CENTER FOR BIOLOGICAL DIVERSITY. (Margolis, Jared) (Entered: 11/27/2023) |
| 12/15/2023 | 27 | MOTION for Leave to File *Supplemental Complaint* by AMERICAN BIRD CONSERVANCY, CARRIZO/COMECRUDO NATION OF TEXAS, INC., CENTER FOR BIOLOGICAL DIVERSITY, SAVE RGV, SURFRIDER FOUNDATION. (Attachments: # 1 Exhibit Proposed Supplemental Complaint, # 2 Text of Proposed Order) (Margolis, Jared) (Entered: 12/15/2023) |
| 12/20/2023 | 28 | NOTICE *of Lodging Amended Administrative Record* by FEDERAL AVIATION ADMINISTRATION, BILLY NOLEN (Attachments: # 1 Exhibit 1- Hanson Declaration, # 2 Exhibit 2- Amended AR Index)(Cumming, Gregory) (Entered: 12/20/2023) |
| 12/21/2023 | 29 | Joint STATUS REPORT by CENTER FOR BIOLOGICAL DIVERSITY. (Margolis, Jared) (Entered: 12/21/2023) |
| 12/27/2023 | | MINUTE ORDER. Upon review of the 29 Joint Status Report, it is ORDERED that Defendants and Defendant-Intervenor file their responses to Plaintiffs' 27 motion on or before January 10, 2024 and that Plaintiffs file their reply on or before January 17, 2024. It is further ORDERED that the parties shall file a status report setting forth their joint proposal for further proceedings within 7 days after the Court rules on the 27 motion. So ORDERED by Judge Carl J. Nichols on December 27, 2023. (lccjn2) Modified to correct date on 12/28/2023 (ztl). (Entered: 12/27/2023) |

| | |
|---|---|
| 12/27/2023 | Set/Reset Deadlines: Plaintiffs' Motion on or before January 10, 2023; Plaintiffs' reply on or before January 17, 2023. (ztl) (Entered: 12/28/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/08/2024 14:48:23 | | | |
| **PACER Login:** | lchbshaver | **Client Code:** | 4242 |
| **Description:** | Docket Report | **Search Criteria:** | 1:23-cv-01204-CJN |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |