UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> Plaintiff, <br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, *et al.*, <br><br> Defendants. | Case No. 24-cv-0001 |

**DEFENDANTS' MOTION TO SEAL AND TO FILE REDACTED PUBLIC COPY AND BRIEF IN SUPPORT**

<u>Motion</u>

Defendants move to seal Exhibit A [Doc. 31] to its Motion to Transfer Venue [Doc. 29], and if the Court should grant Proposed Intervenors' forthcoming motion for a protective order, Defendants would then file a redacted public copy of that Exhibit.

<u>Issues in Dispute</u>

Should Exhibit A [Doc. 31] to Defendants' Motion to Transfer Venue [Doc. 29] be sealed, given that the Proposed Intervenors soon plan to file a motion for a protective order to protect the identity of four employees terminated by SpaceX?

<u>Argument</u>

Exhibit A to Defendants' Motion to Transfer Venue consists of an unredacted version of the National Labor Relations Board's Order Consolidating Cases, Consolidating Complaint, and Notice of Hearing ("ULP Complaint") and a Certificate of Service. This administrative

1

complaint is relevant because SpaceX's Complaint before this Court seeks to enjoin administrative proceedings stemming from the ULP Complaint.

Proposed Intervenors filed the version of the ULP Complaint, Doc. 19-2, that is publicly available on the website of the National Labor Relations Board ("NLRB"). That version is substantially redacted pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a).[1] Counsel for Proposed Intervenors explained that they represent eight former SpaceX employees whose charges of unfair labor practices against SpaceX are the subject of the ULP complaint, Doc. 17 at 1 n.1,[2] four of whom have come forward as Proposed Intervenors. *Id.* The four other discharged employees would prefer to remain anonymous, due to fear of online "doxing," the mass publication of private, identifying information with the intent to intimidate. *Id.* These four employees filed their charges with the NLRB under pseudonyms. *Id.* Counsel for Proposed Intervenors has represented to Defendants' counsel, including the undersigned, that they intend to file a motion seeking a protective order with this Court, in order to preserve their clients' privacy and security concerns.

However, to sufficiently explain the factual basis for its Motion to Transfer, Defendants needed to cite to an unredacted version of the ULP Complaint, which alleges that particular agents of SpaceX engaged in unfair labor practices in and around Hawthorne, California. Those names and more specific location information are redacted from the publicly available version of the ULP Complaint, Doc. 19-2, filed by Proposed Intervenors.

Given the privacy concerns raised by the Proposed Intervenors, and that Proposed Intervenors plan to file a motion for a protective order soon regarding the four currently

---

[1] The NLRB published the redacted ULP Complaint on its website on or about January 3, 2024, at https://apps.nlrb.gov/link/document.aspx/09031d4583c00986.

[2] Page references are to page numbers at the bottom of the document.

anonymous Employees, Defendants filed Exhibit A provisionally under sealed [Doc. 31].[3] Defendants suggest that the instant motion to permanently seal Exhibit A should be decided once the Court has determined whether a protective order should be entered in this case. Should the Court eventually grant the instant Motion to Seal, Defendants would then file a redacted public copy.

## Conclusion

For good cause shown, the Court should grant Defendants' motion to seal Exhibit A [Doc. 31].

Respectfully submitted,

| | |
|---|---|
| ALAMDAR S. HAMDANI<br>*United States Attorney*<br>*Southern District of Texas* | NATIONAL LABOR RELATIONS BOARD<br>*Contempt, Compliance, and*<br>*Special Litigation Branch* |
| DANIEL DAVID HU<br>*Chief, Civil Division* | KEVIN P. FLANAGAN<br>*Deputy Assistant General Counsel* |
| By: */s/ Benjamin S. Lyles*<br>BENJAMIN S. LYLES<br>*Assistant United States Attorney*<br>S.D. Tex. ID No. 3062156<br>State Bar No. 24094808<br>1701 W. Bus. Highway 83, Suite 600<br>McAllen, TX 78501<br>Telephone: (956) 618-8010<br>Facsimile: (956) 618-8016<br>E-mail: Benjamin.Lyles@usdoj.gov<br>*Attorney-in-Charge for Defendants* | DANIEL BRASIL BECKER<br>*Trial Attorney*<br><br>*s/David P. Boehm*<br>DAVID P. BOEHM<br>*Trial Attorney*<br>D.C. Bar No. 1033755 – *pro hac vice*<br>1015 Half Street, S.E. - 4th Floor<br>Washington, DC 20003<br>Telephone: (202) 273-4202<br>Email: David.Boehm@nlrb.gov |

Dated this 12th day of January, 2024

---

[3] *See also* U.S.Dist.Ct.Rules S.D.Tex., Order 2004-11.