UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board, <br><br> Defendants. | Case No. 1:24-cv-00001 |

**PROPOSED INTERVENORS' MOTION TO REDACT EXHIBIT**

**I.     INTRODUCTION**

Proposed Intervenors respectfully move to redact the names of four non-party witnesses from the Defendant National Labor Relations Board ("NLRB")'s consolidated administrative complaint ("ULP Complaint"), which the NLRB filed under seal as Exhibit A to its Motion to Transfer Venue. ECF 31.

Proposed Intervenors make this request pursuant to Federal Rule of Civil Procedure 5.2(e), which provides that "[f]or good cause, the court may by order in a case: (1) require

2923442.1

redaction of additional information; or (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court." Fed. R. Civ. P. 5.2(e). Here, good cause exists to protect the identity of non-party witnesses who have legitimate fears of online "doxing"—the mass publication of private, identifying information with the intent to intimidate—particularly since their identity is not germane to the Court's resolution of any pending motion.

## II.     ISSUES IN DISPUTE

Is there good cause to permit redaction of the names of four non-party witnesses from an exhibit to the Defendant's Motion to Transfer Venue?

## III.    BACKGROUND

As set forth in detail in their Motion to Intervene, Proposed Intervenors are four of eight former employees of Plaintiff Space Exploration Technologies Corp. ("SpaceX") whose unfair labor practice charges led to the NLRB's ULP Complaint. *See* ECF 17 at 4-7 & n.1. The other four former employees—who are not Proposed Intervenors, nor parties here—filed their unfair labor practice charges with the NLRB anonymously due to fear of online doxing for speaking up against SpaceX CEO Elon Musk, who is a well-known internet celebrity. Declaration of Laurie Burgess In Support of Motion to Intervene, ¶ 7 (ECF 18). These four individuals (hereinafter, "Anonymous Charging Parties") have remained anonymous throughout the course of the NLRB investigation. Consequently, when the NLRB issued its ULP Complaint, it provided to the public a redacted version that protected the identities of Anonymous Charging Parties, among other things. *See* ECF 19-2.

Proposed Intervenors filed this public and redacted version of the ULP Complaint with this Court as an exhibit to their Motion to Intervene. ECF 19-2. Plaintiff SpaceX likewise filed the same document as an exhibit to its Motion for a Preliminary Injunction. ECF 37-3. The NLRB has filed the full, unredacted version of its ULP Complaint with this Court under seal as

Exhibit A to its Motion to Transfer Venue. ECF 31. As cause for filing under seal, the NLRB cited Proposed Intervenors' forthcoming motion to protect the identities of the Anonymous Charging Parties. ECF 29, n.21. No party has expressed a need for these names to be revealed. Accordingly, Proposed Intervenors herein respectfully set forth the reasons why good cause exists to permit the NLRB to publicly file a redacted version of the ULP Complaint redacting *only* the names of the Anonymous Charging Parties.

## IV.    ARGUMENT

Under Federal Rule of Civil Procedure 5.2(e), the Court has discretion to allow redactions from court filings "for good cause." *E.E.O.C. v. A'Gaci, LLC*, No. 14-MC-445, 2015 WL 510254, at *5 (W.D. Tex. Feb. 5, 2015); *Yeti Coolers, LLC v. Rtic Coolers*, *LLC*, No. 15-CV-00597, 2016 WL 5956081, at *2 (W.D. Tex. Aug. 1, 2016).

There is good cause to permit the redaction of the four Anonymous Charging Parties' names. On the one hand, there is no compelling reason to make their names public. They are not parties here, nor do they seek to intervene as a party. Their identities are not germane to any issue before this Court. That is, as the Court considers whether to permit intervention, to transfer venue, or to issue a preliminary injunction, the names of the Anonymous Charging Parties are totally irrelevant.

On the other side of the equation, the Anonymous Charging Parties have a substantial reason to keep their names from the public record. Plaintiff SpaceX's complaint and motion for a preliminary injunction have already garnered significant media attention,[1] meaning that their

---

[1] *See, e.g.*, https://www.reuters.com/technology/space/spacex-sues-us-agency-that-accused-it-firing-workers-critical-elon-musk-2024-01-04/ (last visited January 17, 2024); https://www.businessinsider.com/elon-musk-spacex-national-labor-relations-board-lawsuit-nlrb-2024-1 (same); https://www.cnn.com/2024/01/04/business/spacex-hit-with-nlrb-complaint-for-illegally-firing-employees-critical-of-elon-musk/index.html (same); https://www.theguardian.com/science/2024/jan/04/spacex-countersues-ceo-elon-musk-nlrb

names could be subject to widespread dissemination. The conduct underlying the ULP Complaint included challenging the public statements of SpaceX CEO Elon Musk, who is a prominent internet celebrity. In the past, individuals who have publicly disagreed with Mr. Musk have been subjected to online doxing.[2] Others have been subject to online harassment.[3] Indeed, on November 21, 2023, Mr. Musk issued a post on X (formerly Twitter) stating: "There is a large graveyard filled with my enemies. I do not wish to add to it, but will if given no choice. Those who pick fights with me do so at their own peril, but maybe this is their lucky day."[4] Thus, the Anonymous Charging Parties have a legitimate fear that publication of their names could lead to online harassment.

Courts have permitted redaction of non-party names in similar circumstances. In *EEOC v. A'Gaci*, the court ordered redaction of the EEOC's application to enforce a subpoena. 2015 WL 510254 at *2. Specifically as relevant here, the court ordered redaction of defendant's personnel information that identified individual employees and reasons for their terminations. 2015 WL 510254 at * 4. The court further granted defendant's motion for a protective order prohibiting the EEOC from quoting the confidential information in future filings, at least until a lawsuit on the

---

(same).

[2] *See, e.g.*, https://www.businessinsider.com/twitter-trust-safety-yoel-roth-fled-home-elon-musk-report-2022-12 (former Twitter employee forced to move from home after threats of violence following his criticism of Musk) (last visited Jan. 8, 2024); https://www.theverge.com/2022/12/2/23490863/elon-musk-twitter-expose-hunter-biden-flop-doxxed-multiple-people (Musk directed release of internal Twitter communications revealing names of employees and email address of Congressman) (last visited January 12, 2024); https://www.newsweek.com/elon-musk-under-fire-retaliatory-doxing-journalist-1702760 (Musk post alleged to show support for doxing of journalist) (last visited January 12, 2024).

[3] *See, e.g.*, https://www.theguardian.com/technology/2018/jul/15/elon-musk-british-diver-thai-cave-rescue-pedo-twitter (Musk calls cave rescuer who rejected Musk's offer to use his submarine in rescue a "pedo").

[4] https://www.nbcnews.com/tech/tech-news/x-fire-elon-musk-digs-finds-support-conservatives-rcna126137 (last visited January 17, 2024).

2923442.1

merits of the EEOC's claim was filed. *Id*. at *5. Analogous here, this is not a lawsuit on the merits of the NLRB's charges against SpaceX; this is a wholly separate constitutional challenge to the NLRB's operations, where the identities of the underlying charging parties are irrelevant. Given the privacy interests at stake, the Court should permit redaction here as well. *See also D.J.C.V. v. United States*, No. 20 CIV. 5747, 2023 WL 3775283, at *2–3 (S.D.N.Y. June 2, 2023) (granting redaction of non-party employee names given the individuals' interest in privacy and safety, and noting that the names "lack any probative value in this context" because they are "not necessary to adjudication of the jurisdictional dispute."); *Burton v. Zwicker & Assocs.*, No. CV 10-227, 2012 WL 12925759, at *4 (E.D. Ky. Sept. 24, 2012) (finding that redaction of non-party names would protect their interest in privacy while still permitting public access to the non-identifying information in the underlying documents).

Courts have also permitted redaction of the names of witnesses in NLRB proceedings in federal court. In *Sullivan v. IBN Construction, Inc.*, the court was presented with a motion by the NLRB for an injunction against IBN for conduct interfering with union activities. 637 F. Supp. 3d 151 (D.N.J. 2022). The court granted the NLRB's request for a protective order permitting redaction of the names and identifying information of current employees of IBN in order to protect them from retaliation by their employer. *Id*. at n.1. The court noted that "such identifying information will be of no particular value to the Court in deciding the petition." *Id*. The same logic applies here: the Anonymous Charging Parties have a legitimate interest in protecting themselves from online harassment, while their identities are of no value to this Court. Redaction is therefore warranted. *See also Sullivan v. HSA Cleaning*, No. 23-2994, 2023 WL 4362749, n.1 (D.N.J. July 6, 2023) (permitting redaction of witness names to protect against retaliation, and where names of no value to the court in deciding whether to grant injunction).

## V.    CONCLUSION

For the foregoing reasons, the Court should permit the NLRB to file a redacted version of its Exhibit A (ECF 31), redacting solely the names of the four Anonymous Charging Parties.

Dated: January 17, 2024                                 Respectfully submitted,


       /s/ *Nimish R. Desai*
Nimish R. Desai
Attorney-in-charge
Texas Bar No. 24105238
Southern District of Texas Bar No. 3370303
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
Fax: (415) 956-1008
ndesai@lchb.com

Anne B. Shaver (*admitted pro hac vice*)
Of Counsel
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
Fax: (415) 956-1008
ashaver@lchb.com

Laurie Burgess (*admitted pro hac vice*)
Of Counsel
Burgess Law Offices, P.C.
498 Utah Street
San Francisco, CA 94110
Phone: (312) 320-1718
lburgess@burgess-laborlaw.com

*Counsel for Intervenors*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(d), I hereby certify that on January 16, 2024, co-counsel conferred with counsel for the Plaintiff via email, who represented that Plaintiff is withholding judgment on its position on the motion and reserves its right to file an opposition. On January 16, 2024, co-counsel conferred with counsel for the Defendant via telephone, who represented that Defendant does not oppose this motion.

/s/   Nimish R. Desai
Nimish R. Desai

2923442.1

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

*/s/Nimish R. Desai*
Nimish R. Desai

2923442.1