UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP.,<br><br>**Plaintiff,**<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,<br><br>**Defendants.** | Civil Action No. 1:24-cv-00001 |

**PLAINTIFF SPACEX'S OPPOSITION TO MOTION TO EXPEDITE BRIEFING ON DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C § 1406(a) AND § 1404(a) OR, IN THE ALTERNATIVE, PLAINTIFF'S REQUEST TO RECIPROCALLY EXPEDITE PRELIMINARY INJUNCTION BRIEFING**

Defendants' Motion to Expedite (Dkt. No. 44) asks for highly expedited briefing on their transfer motion—accelerating SpaceX's opposition deadline to just five days from today—with the only asserted justification being a professed concern to leave sufficient time for rulings on both the transfer and preliminary injunction motions before the NLRB's scheduled hearing start date, March 5, 2024. Mot. to Expedite ¶ 9. It is impossible to take Defendants' concern seriously. If they wanted to give the judicial branch more time to resolve the parties' motions, they could simply postpone the hearing. It is their hearing. Yet they have flatly refused to delay the hearing start

1

date, by even a single day, to permit the Court to resolve this litigation first. *See* Order Denying Request for Postponement (attached as Exhibit A-1 to accompanying Declaration of Catherine L. Eschbach); Dkt. No. 37-2 (Eschbach Decl. in support of Preliminary Injunction Motion), ¶ 8; Dkt. No. 37-4 (SpaceX's NLRB Motion to Extend Time), ¶ 20. They also oppose a reciprocal expedited schedule for briefing the preliminary injunction motion. Mot. to Expedite ¶ 11. The reason is plain: Defendants' concern is not with resolving both motions before the hearing start date, but putting SpaceX's motion for a preliminary injunction on the back burner and restricting the Court's ability to resolve that motion before or at the same time as the transfer motion. The Court should not accede to Defendants' desire for everyone else's schedule to revolve around theirs. The Court should preserve its ability to decide the parties' motions in the order it deems appropriate after considering the parties' respective arguments. And, to that end, the Court should either deny Defendants' Motion to Expedite or should reciprocally expedite the preliminary injunction briefing as well.

Moreover, granting Defendants' Motion to Expedite creates significant burdens for SpaceX and its counsel. If granted, SpaceX would have just a few days to submit its response to the motion to transfer. This shortened timeframe is especially prejudicial because SpaceX is simultaneously preparing for the upcoming administrative hearing that the NLRB refuses to postpone, preparing responses to multiple procedural motions in this matter, and working to submit declaratory evidence in support of its opposition to the motion to transfer, which takes time to gather.

SpaceX will address Defendants' transfer motion more fully in its opposition, but it bears noting here that the request for transfer is itself a meritless effort to delay this action and the preliminary injunction SpaceX has requested to prevent the irreparable harm that the

unconstitutionally structured administrative proceeding is inflicting. Venue is clearly proper in this District: this action challenges an agency proceeding that is making demands of senior personnel across many SpaceX facilities (including Starbase within this Division), that seeks to impose burdensome remedies across all SpaceX facilities (including Starbase), and that stems from underlying employee misconduct that caused disruption at all SpaceX facilities (including Starbase). *See* Dkt. No. 1 (Compl.), ¶¶ 13, 31, 34-35, 44-47; Dkt. No. 37-1 (Gallman Declaration), ¶¶ 9-12, 14-17, 19-20, 22; *see generally* Dkt. No. 37-3 (NLRB Compl.). This action exclusively involves constitutional claims that do not require live witness testimony or a trial, and there is no reason why litigating these issues of constitutional law would be more convenient in California.[1] The preliminary injunction briefing, SpaceX submits, will reinforce this action's connections to this District and confirm that litigating this action elsewhere would not be more convenient, and thus will help inform the Court's ruling on Defendants' request for transfer. For this reason, too, it makes sense for this Court to preserve its ability to entertain both motions simultaneously.

For all these reasons and those detailed below, the Court should deny Defendants' Motion to Expedite or, alternatively, should order the same briefing schedule for SpaceX's preliminary injunction motion.

---

[1] Contrary to Defendants' accusations of gamesmanship, SpaceX had every reason to believe that the government would recognize this Court as an appropriate venue for this constitutional challenge. After all, this Court is currently presiding over a very similar constitutional challenge by SpaceX with similar venue facts, and the federal government has not contested venue there. *See generally Space Exploration Techs. Corp. v. Bell*, No. 1:23-cv-00137 (S.D. Tex. 2023) (Olvera, J.).

**ARGUMENT**

A. **This Court Need Not And Should Not Resolve Defendants' Transfer Motion Before SpaceX's Preliminary Injunction Motion.**

Defendants' Motion to Expedite rests on the premise that the Court must decide their transfer motion before deciding SpaceX's motion for a preliminary injunction. That premise is false. Courts often determine motions for preliminary injunctions before ruling on motions to transfer, or at the same time. *See, e.g.*, *Polymer80, Inc. v. Garland*, No. 4:23-CV-00029-O, 2023 WL 3605430, at *1, *5 (N.D. Tex. Mar. 19, 2023) (granting preliminary injunction and reserving ruling on government's venue motion "[b]ecause [venue] is not a jurisdictional issue relating to this Court's power to adjudicate the [preliminary injunction] motion"); *S. Visions, LLP v. Red Diamond, Inc.*, No. 1:18-CV-04566-ELR, 2018 WL 8221528, at *5-8 (N.D. Ga. Dec. 10, 2018) (granting motion to transfer venue while simultaneously addressing the fully briefed preliminary injunction motion); *C & A Plus, Inc. v. Pride Sols., LLC*, No. CIV. A3-02-118, 2003 WL 25278133, at *9 (D.N.D. Feb. 7, 2003) (granting motion for preliminary injunction before granting defendant's request for transfer); *Get In Shape Franchise, Inc. v. TFL Fishers, LLC*, 167 F. Supp. 3d 173, 207 (D. Mass. 2016) (same).

This case closely resembles *Polymer80*, in which the federal government similarly asserted that venue was improper under 28 U.S.C. § 1391(e)(1) and asked the court to fast-track the government's venue challenge ahead of the plaintiff's request for a temporary restraining order and preliminary injunction. The court denied the government's motion to expedite because "the motion to dismiss or transfer identified no emergency and did not challenge anything running to the merits of the case or ability to hear it, such as the Court's subject matter jurisdiction." *Polymer80*, 2023 WL 3605430, at *3. "[U]nlike Plaintiff's demonstrated need for emergency relief"—the alleged violations of its constitutional rights—"the Government 'offered no

4

equivalent existential reason why the Court should consider its venue motion on an expedited basis." *Id.* at *5. There, as here, the government denied that "the events giving rise to the instant lawsuit that occurred within this district [were] substantial enough." *Id.* (emphasis omitted). But the court still rejected the government's contention that the venue dispute needed to be resolved first, finding that the "question requires further analysis that need not be rushed to the top of the Court's docket" because it did not "not implicate the Court's jurisdictional authority." *Id.* (citing *Bywaters v. United States*, 196 F.R.D. 458, 464 (E.D. Tex. 2000) ("Venue does not relate to the power to adjudicate, but to the place where that power is to be exercised and 'is a concept oriented around the convenience of the litigants and the court system.'")).

Similarly here, neither the transfer motion nor the Motion to Expedite identifies any venue-related emergency. *See generally* Mot. to Expedite; Dkt. No. 29 (Motion to Transfer). Defendants' sole basis for the expedited schedule is a stated desire to preserve judicial and party resources while allowing the transfer motion to be decided before the preliminary injunction motion. Mot. to Expedite ¶ 7. That is the same argument that *Polymer80* rejected. And here, that argument is particularly misguided because the National Labor Relations Board ("NLRB") is fully capable of providing the Court ample time to resolve both motions on a schedule of this Court's choosing. Defendants could voluntarily halt their administrative proceedings pending this Court's rulings on the parties' motions to facilitate adjudication of what are—in Defendants' own words—the "novel, complex constitutional challenges" raised in SpaceX's preliminary injunction motion. *Id.* ¶ 8.[2] In short, the purported rationale for granting the Motion to Expedite is a problem that Defendants have created themselves.

---

[2] Defendants' reference to constitutional avoidance is perplexing, *see* Mot. to Expedite ¶ 8, because they have not identified any non-constitutional basis for resolving this case.

5

Even on its own terms, Defendants' stated concern makes little sense. If the Court grants Defendants' Motion to Expedite, briefing on the preliminary injunction will already be well along in this Court before the completion of the briefing on the transfer motion. Under Defendants' requested schedule, transfer briefing would not conclude until February 5, and Defendants' preliminary injunction response is due February 2. And, of course, regardless of when the briefing on either motion is completed, this Court ultimately controls the order in which it addresses the pending motions.

If anything, efficiency and judicial economy favor completing the preliminary injunction proceedings in this Court before any proposed transfer, rather than transferring this action to a wholly new court during the middle of briefing on the preliminary injunction motion. *See S. Visions*, 2018 WL 8221528, at *5 ("[I]n the interest of justice and judicial economy, the Court rules on the pending preliminary injunction[.]"). Defendants themselves note that the March 5 hearing date leaves very little time for a ruling on the preliminary injunction motion. Mot. to Expedite ¶ 9. But far from favoring an expedited ruling on transfer alone, the hearing's fast-approaching date favors a ruling by this Court on the preliminary injunction. Considering that the NLRB waited 18 months to file its administrative complaint, *see* Dkt. No. 1 (Compl.), ¶¶ 63, 81, 106, 137, Defendants' current rush to commence a multiweek administrative hearing just 60 days later, without any accommodation for this Court's schedule (or SpaceX's), is entirely unjustified. There is no "emergency" resulting from events that happened 18 months ago. The only relevant urgency is the one that Defendants are causing by subjecting SpaceX to unconstitutionally structured proceeding, such as the upcoming administrative hearing that Defendants refuse to delay. *See* Ex. A-1. SpaceX has no way to prevent this constitutional injury until the preliminary injunction briefing is completed.

In short, the time crunch arises solely from circumstances within Defendants' control. Defendants fail to explain how their voluntary decisions provide "good cause" to shorten SpaceX's deadline. FED. R. CIV. P. 6(c)(1)(C).

### B. Expedited Briefing On The Transfer Motion Would Be Highly Prejudicial To SpaceX.

To make matters worse, the timeline proposed in the Motion to Expedite would be highly prejudicial to SpaceX. Defendants waited five days after filing their transfer motion to file the Motion to Expedite, even though the relief they request would trim SpaceX's time to respond to the transfer motion by ten days (from February 1 to January 22). That would leave only five days from today to get SpaceX's opposition on file. Only three of those five days are business days. This delay is all the more inexcusable when Defendants informed SpaceX of their intention to move to transfer on Friday, January 5, then waited until Thursday, January 11 to file that transfer motion, and then waited until Tuesday, January 16, to notify SpaceX of their intention to subject SpaceX to the truncated Monday, January 22 deadline. *See* Declaration of Catherine L. Eschbach, ¶¶ 2, 5-7 (attached as Exhibit A); Mot. to Expedite, ¶10.

This sudden and significant acceleration of briefing comes at a time when SpaceX and its counsel are addressing multiple other demands as a result of the administrative proceedings that the NLRB refuses to postpone. Moreover, in this matter, in addition to the NLRB's motion to transfer, there is also a proposed motion to intervene to which SpaceX must also respond to by January 29, 2024 (and potential responses to motions to seal).

And contrary to Defendants' portrayal of the transfer motion as just a rudimentary procedural issue, Mot. to Expedite ¶ 8, SpaceX is planning to submit declaratory evidence with its forthcoming opposition to substantiate the complaint's venue allegations. Defendants' Motion to

7

Expedite significantly increases the difficulty of gathering such evidence, especially given the shortage of business days between now and the requested January 22 deadline.

In similar circumstances, courts have found it unfair to expedite briefing. *See, e.g.*, *Barkan Wireless IP Holdings, L.P. v. T-Mobile US, Inc.*, No. 2:21-CV-00034-JRG, 2021 WL 8441748, at *2 (E.D. Tex. Dec. 22, 2021) (denying motion to expedite briefing as "unfair and inappropriate" where "Defendants' proposed schedule is unrealistic and would unduly prejudice [Plaintiff] by giving it less than a week to respond to the Motion to Dismiss, all while preparing for a trial upon the doorstep"). It would be even more inequitable to impose these burdens on SpaceX here, when Defendants themselves are responsible for the conditions they say justify their Motion to Expedite.

**C.      In The Alternative, This Court Should Also Expedite The Preliminary Injunction Briefing If This Court Grants The Motion To Expedite The Transfer Briefing.**

Finally, if this Court is inclined to accelerate the transfer motion briefing, it should also expedite the preliminary injunction motion according to a comparable schedule. As Defendants' opposition to the transfer motion will show, the arguments and evidence involved in the preliminary injunction motion are intertwined with the transfer issue. For example, Defendants' transfer motion makes explicit assumptions about the witness testimony relevant to the preliminary injunction motion, *see* Dkt. No. 29 (Motion to Transfer), at 15-17, but there is no basis for such assumptions, particularly before that issue is briefed. SpaceX doubts that witness testimony will be needed in this action, and, in any event, the only potentially relevant person identified thus far is the declarant supporting SpaceX's preliminary injunction motion—who is based at Starbase, in Boca Chica, and who explains that the NLRB's administrative proceedings are causing harm not just at SpaceX's Hawthorne facility, but at Starbase and other SpaceX facilities as well. Dkt. No. 37-1 (Gallman Decl.), ¶¶ 3, 14-20.

Accordingly, Defendants' proposed two-track schedule for the motions would leave this Court to decide the transfer motion based on incomplete information. While Defendants should not be heard to complain about time pressure that is of their own making, the appropriate way to address such concerns would be to accelerate the briefing of both the transfer and preliminary injunction motions. That approach would ensure that this Court has a full understanding of the scope of this case and full information on the issues relevant to the alleged propriety of transfer.[3]

## CONCLUSION

For the foregoing reasons, this Court should deny Defendants' Motion to Expedite the briefing on Defendants' motion to transfer venue. In the alternative, should this Court grant the Motion to Expedite, this Court should issue reciprocal expedited briefing on the motion for preliminary injunction.

Dated: January 17, 2024

Respectfully submitted,

By: _s/ Catherine L. Eschbach_

**MORGAN LEWIS & BOCKIUS LLP**
Catherine L. Eschbach
Attorney-in-Charge
1000 Louisiana Street, Suite 4000
Houston, TX 77002-50006
catherine.eschbach@morganlewis.com
(713) 890-5719

---

[3] Defendants acknowledge that the parties conferred and that Defendants oppose a reciprocal acceleration of the briefing schedule for the preliminary injunction. Mot. to Expedite ¶ 11; Eschbach Decl. ¶¶ 6-7. SpaceX did not move to expedite the preliminary injunction briefing or move for a temporary restraining order, despite the ongoing harm it is incurring, because it recognizes these issues are complex and this Court expeditiously addressed SpaceX's request for a preliminary injunction in *Bell*. However, SpaceX now requests this alternative relief to preserve its rights given Defendants' effort to alter the briefing schedule and induce this Court to rule on the transfer motion without the benefit of the parties' preliminary injunction briefing.

9

Harry I. Johnson, III (*pro hac vice*)
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
(310) 907-1000

Michael E. Kenneally (*pro hac vice*)
Amanda L. Salz (*pro hac vice*)
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004-2541
michael.kenneally@morganlewis.com
amanda.salz@morganlewis.com
(202) 739-3000

*Attorneys for Space Exploration Technologies Corp.*

## CERTIFICATE OF SERVICE

    I hereby certify that on January 17, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to all parties of record.

s/ *Catherine L. Eschbach*
Catherine L. Eschbach
