UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> Plaintiff, <br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, *et al.*, <br><br> Defendants. | Case No. 24-cv-0001 |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO EXPEDITE BRIEFING ON DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C § 1406(a) AND § 1404(a)**

1. As briefed fully in Defendants' Motion to Transfer, venue is improper in this district. (ECF No. 29 at 5-7.) The clear majority rule finds it to be reversible error where a court addresses injunctive relief prior to a claim of improper venue. *See Maybelline Co. v. Noxell Corp.*, 813 F.2d 901, 902-03, 907 (8th Cir. 1987); *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.*, 760 F.2d 312, 317 (D.C. Cir. 1985); *accord Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1135 (9th Cir. 2005) (addressing, but rejecting, threshold argument that venue was improper prior to reaching merits of preliminary injunction); *cf. Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.*, 746 F.2d 208, 215 (3d Cir. 1984) (district court "should not have proceeded to the merits" of preliminary injunction where plaintiff had not established personal jurisdiction over defendant.). This should end the parties' order-of-operations dispute.

Plaintiff's only contrary authority, the unpublished decision in *Polymer80, Inc. v. Garland*, No. 4:23-CV-00029-O, 2023 WL 3605430, at *1, *5 (N.D. Tex. Mar. 19, 2023), *appeal docketed*, No. 23-10527 (5th Cir. May 22, 2023), is not controlling and, at most, stands for the

1

proposition that district courts possess the bare authority to resolve a preliminary injunction motion ahead of a motion to transfer for improper venue.[1] It does not say that a district court *ought* to do so, let alone *must* do so. Assuming that a court has discretion to choose the order in which it will address such motions, the question then becomes what is the more appropriate exercise of that discretion. And, as other courts have persuasively explained, the better course is to decide venue objections before reaching the merits of a request for preliminary relief. True enough, venue objections are not jurisdictional, otherwise they could not be waived. But like jurisdictional defenses, they do "attack[] the district court's authority to grant relief." *Hendricks*, 408 F.3d at 1135. For that reason, the Ninth Circuit has determined that a district court in a situation this Court now faces "ha[s] to consider [venue and like] defenses as 'a logical predicate to' its preliminary injunction order." *Id.* (quoting *Wong v. United States*, 373 F.3d 952, 961 (9th Cir. 2004)).

The bottom line here is that, at minimum, courts possess discretion to decide venue as a threshold issue. *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007); *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) (cleaned up).

---

[1] The remaining cases cited by Plaintiff are plainly distinguishable and, in any event, also not controlling. None granted preliminary injunctive relief in circumstances where the court was an improper venue for the relevant claims. The court in *Southern Visions, LLP v. Red Diamond, Inc.*, No. 1:18-CV-04566-ELR, 2018 WL 8221528, at *5-8 (N.D. Ga. Dec. 10, 2018), *denied* the fully briefed preliminary-injunction motion in addition to finding venue improper and transferring the case. *C & A Plus, Inc. v. Pride Solutions, LLC*, No. CIV. A3-02-118, 2003 WL 25278133, at *9 (D.N.D. Feb. 7, 2003) (granting discretionary transfer in patent case despite venue being proper in original district, but granting motion for preliminary injunction), and *Get In Shape Franchise, Inc. v. TFL Fishers, LLC*, 167 F. Supp. 3d 173, 207 (D. Mass. 2016) (finding several claims could not properly be venued in Massachusetts, granting preliminary injunction only as to subset of claims properly venued in Massachusetts, and then transferring entire case to Indiana, the proper forum for the remaining claims), are equally inapposite. If anything, the holding in *Get In Shape* accords with the NLRB's position here. And because none of these cases offer any rationale for *why* they opted to decide injunctive-relief issues prior to transfer, they are unpersuasive. *See Sloas v. CSX Transp., Inc.*, 616 F.3d 380, 389 n.7 (4th Cir. 2010).

And while Plaintiff argues that courts are not required to decide issues related to venue before ruling on motions for preliminary injunction (Opp. at 4), no authority mandates the opposite—that is, that a court must decide whether to grant a preliminary injunction before reaching a motion to transfer. Accordingly, it is appropriate to expedite briefing on the NLRB's transfer motion so that the Court may expeditiously address the venue question, which is a "logical predicate" to the injunctive relief Plaintiff seeks. *Hendricks*, 408 F.3d at 1135.

2.  Even focusing just on the NLRB's request for discretionary transfer under 28 U.S.C. § 1404(a), administrative efficiency points in favor of this Court resolving the Motion to Transfer first. If briefing on the Motion to Transfer and Motion for Preliminary Injunction proceed on parallel timelines, there exists a serious risk that the two distinct matters will become entangled in a jurisdictional Gordian Knot requiring substantial judicial and party resources to unwind, as explored further in Defendants' Motion to Transfer. (ECF No. 29 at 8-10.) Preventing this potential chaos serves as further reason to decide the venue question before reaching the other issues presented in this case.[2]

Plaintiff twice claims (Opp. at 3, 8) that briefing on the merits of the preliminary injunction will somehow show that venue in this District is proper. But this peculiar argument does not establish that the transfer motion and the preliminary-injunction motion are somehow intertwined (Opp. at 8).[3] Determining whether this case has a substantial connection to the

---

[2] The labyrinthine procedural history of *Polymer80*—which was subject to an interlocutory appeal, a motion to stay the district court injunction pending appeal, a motion for an indicative ruling by the district court, and a granted stay pending *certiorari* in yet another case, and which has since undergone full circuit-court briefing on the issue of venue prior to any decision by the district court on that issue—demonstrates that the failure to resolve venue first may indeed cause the unnecessary expenditure of judicial resources.

[3] Plaintiff has already filed its motion, and its preliminary-injunction reply will necessarily be limited to responding to arguments raised in Defendants' forthcoming opposition. There's no

Southern District of Texas under 28 U.S.C. § 1391(e), and whether transfer is in the interest of justice under 28 U.S.C. § 1404(a) or 1406(a), has nothing to do with whether the constitutional claims raised in Plaintiff's Complaint have merit.[4]

3.  Plaintiff repeatedly (Opp. at 1, 6, 7) suggests that Defendants could avoid the necessity for expedited handling of its Motion to Transfer by postponing the administrative hearing scheduled for March 5, thereby affording the Court more time to examine the parties' arguments on both transfer and the merits of the preliminary injunction. In effect, Plaintiff asks Defendants to voluntarily enjoin themselves while this case proceeds. But at this time, the Regional Director for NLRB Region 31 is the official with the authority to reschedule the administrative hearing, and she has determined that SpaceX's filing of this lawsuit does not constitute "proper cause" warranting a postponement. (ECF No. 49-2 (citing 29 C.F.R. § 102.16.))

The Regional Director's refusal to agree to enjoin the hearing voluntarily was well within her discretion. Several of the claims Plaintiff has raised in its Complaint (in particular, the allegations that NLRB Members and the Board's administrative law judges are improperly shielded from removal) are available to nearly every respondent to an NLRB unfair-labor-practice proceeding. Delaying the unfair-labor-practice hearing at SpaceX's behest would send an unmistakable message to current and future respondents that filing copycat lawsuits might lead to the same result, and that such delay can be achieved without any court examination of either the merits of such claims *or even whether the court has any authority to hear them in the*

---

reason to believe that any additional evidence Plaintiff may submit in connection with its preliminary-injunction reply (Opp. at 2) will make any difference to the legal determination that this Court must make regarding venue.

[4] To the extent Plaintiff claims that Defendants' proposed expedited briefing schedule is too hurried, Defendants note that Plaintiff has been on notice of Defendants' intention to challenge venue since January 5. (ECF 49-1 ¶ 2).

*first place*. The knock-on effects of a decision to grant SpaceX's request for the NLRB to enjoin itself cannot be casually brushed aside.

In any event, this suit has no business in this particular Court, and SpaceX's demand that the NLRB postpone its hearing is best understood as a desire to reap the benefits of delay from its own forum-shopping. Whether or not this Court has the power to grant that demand, it certainly should not exercise it.[5]

4. Based on the foregoing, Defendants additionally oppose Plaintiff's request (in substance, if not in form, a cross-motion) to expedite briefing on the Motion for Preliminary Injunction should this Court grant Defendants' request for expedited Motion to Transfer briefing. Due to the complex constitutional issues at stake, Plaintiff initially recognized that briefing on the Motion for Preliminary Injunction should proceed in the normal course, and did not request for that motion to be expedited. On this Court's default schedule, such briefing would be completed by February 22, 2024 – twelve days before the administrative hearing scheduled for March 5.[6]

Plaintiff should have maintained its original position, not reneged on it. Nothing about the Motion to Transfer alters the necessary timeline for this Court to render a decision on the Motion for Preliminary Injunction, and Plaintiff's bare assertions that imaginary future evidence might somehow connect the two unrelated issues provide no basis for this Court to treat the two filings as interrelated. Defendants' de facto cross-motion should be denied.

Respectfully submitted,

---

[5] Plaintiffs' opposition to transfer is not bolstered by its citation (Opp. at 1, n.3) to *Space Exploration Technologies Corp. v. Bell*, No. 1:23-cv-00137 (S.D. Tex. 2023), as venue has never been addressed or decided in that case. The United States may yet seek transfer of the *Bell* complaint. In any event, *Bell* raises a wholly distinct set of legal and factual issues from the ones presented here.

[6] In *Bell*, this Court decided the motion for preliminary injunction five days after briefing concluded.

| | |
|---|---|
| ALAMDAR S. HAMDANI<br>*United States Attorney*<br>*Southern District of Texas*<br><br>By: s/Bejamin S. Lyles<br>BENJAMIN S. LYLES<br>*Assistant United States Attorney*<br>S.D. Tex. ID No. 3062156<br>State Bar No. 24094808<br>1701 W. Bus. Highway 83, Suite 600<br>McAllen, TX 78501<br>Telephone: (956) 618-8010<br>Facsimile: (956) 618-8016<br>E-mail: Benjamin.Lyles@usdoj.gov<br>*Attorney-in-Charge for Defendants*<br><br>Dated this 19th day of January, 2024. | NATIONAL LABOR RELATIONS BOARD<br>*Contempt, Compliance, and*<br>*Special Litigation Branch*<br><br>KEVIN P. FLANAGAN<br>*Deputy Assistant General Counsel*<br><br>DANIEL BRASIL BECKER<br>*Trial Attorney*<br><br>DAVID P. BOEHM<br>*Trial Attorney*<br><br>s/ Grace L. Pezzella<br>GRACE L. PEZZELLA<br>*Trial Attorney*<br>MA Bar No. 709601 – *pro hac vice*<br>1015 Half Street, S.E. - 4th Floor<br>Washington, DC 20003<br>Telephone: (202) 273-0247<br>Email: grace.pezzella@nlrb.gov |