## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| **SPACE EXPLORATION TECHNOLOGIES CORP.,** | |
| **Plaintiff,** | Civil Action No. 1:24-cv-00001 |
| **v.** | |
| **NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,** | |
| **Defendants.** | |

## PLAINTIFF'S RESPONSE IN OPPOSITION
## TO PROPOSED INTERVENORS' MOTION TO INTERVENE

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

STATEMENT OF ISSUES .........................................................................................1

BACKGROUND ........................................................................................................1

ARGUMENT .............................................................................................................3

I.     The Proposed Intervenors are not entitled to intervene as of right. ....................3

     A.     The Proposed Intervenors do not have a legally cognizable interest in the constitutionality of the NLRB's structure and administrative proceedings. ............4

     B.     Even if the Proposed Intervenors had a cognizable interest in this constitutional dispute or the venue in which it will be adjudicated, such interests would be adequately represented by Defendants. ....................................9

II.     Permissive intervention is unwarranted for the same reasons and also because it would unduly delay the litigation and thus prejudice SpaceX. ..........................................12

III.     Proposed Intervenors failed to submit a pleading as required by Rule 24(c). ...................15

CONCLUSION.........................................................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Brumfield v. Dodd*,
   749 F.3d 339 (5th Cir. 2014) ...............................................................11

*Bush v. Viterna*,
   740 F.2d 350 (5th Cir. 1984) ...............................................................15

*Cajun Elec. Power Co–op., Inc. v. Gulf States Utils., Inc.*,
   940 F.2d 117 (5th Cir. 1991) .................................................................9

*Center for Biological Diversity v. FAA*,
   No. 23-cv-1204-CJN (D.D.C. 2023).................................................7, 10

*City Bank v. Compass Bank*,
   No. EP-09-CV-96-KC, 2010 WL 1424275 (W.D. Tex. Apr. 6, 2010)...................................16

*DeOtte v. State*,
   20 F.4th 1055 (5th Cir. 2021) ...............................................................16

*Gabauer v. Woodcock*,
   425 F. Supp. 1 (E.D. Mo. 1976), *rev'd in part on other grounds*, 594 F.2d 662
   (8th Cir. 1979)......................................................................................16

*GPS Terminal Servs.*,
   333 N.L.R.B. 968 (2001) ........................................................................4

*Hopwood v. Texas*,
   21 F.3d 603 (5th Cir. 1994) .....................................................................9

*Kimtruss Corp.*,
   305 N.L.R.B. 710 (1991) .........................................................................4

*Kneeland v. Nat'l Collegiate Ass'n*,
   806 F.2d 1285 (5th Cir. 1987) ......................................................3, 9, 12

*League of United Latin Am. Citizens, Council No. 4434 v. Clements*,
   884 F.2d 185 (5th Cir. 1989) .....................................................3, 12, 13

*Mississippi v. Becerra*,
   No. 1:22CV113-HSO-RPM, 2023 WL 5668024 (S.D. Miss. July 12, 2023) ....................3, 13

*New Orleans Pub. Serv, Inc. v. United Gas Pipe Line Co.*,
   732 F.2d 452 (5th Cir. 1984) (en banc) ..........................................3, 5, 9

*NLRB v. Sears, Roebuck & Co.*,
   421 U.S. 132 (1975) .................................................................................................4

*NLRB v. United Food & Com. Workers Union*,
   484 U.S. 112 (1987) .................................................................................................4

*Saldano v. Roach*,
   363 F.3d 545 (5th Cir. 2004) ...................................................................................5

*Sierra Club v. Espy*,
   18 F.3d 1202 (5th Cir. 1994) .................................................................................11

*Stallworth v. Monsanto Co.*,
   558 F.2d 257 (5th Cir. 1977) ...........................................................................13, 14

*Taylor Commc'ns Grp., Inc. v. Sw. Bell Telephone Co.*,
   172 F.3d 385 (5th Cir. 1999) .................................................................................14

*Texas v. United States*,
   805 F.3d 653 (5th Cir. 2015) ...........................................................................8, 9, 11

*Texas v. United States Department of Energy*,
   754 F.2d 550 (5th Cir. 1985) ........................................................................6, 7, 8, 11

*UAW v. Scofield*,
   382 U.S. 205 (1965) ..........................................................................................6, 10

*United States v. Tex. Educ. Agency (Lubbock Indep. Sch. Dist.)*,
   138 F.R.D. 503 (N.D. Tex. 1991) .........................................................................14

*Vaca v. Sipes*,
   386 U.S. 171 (1967) ...........................................................................................4, 5

*Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Commission*,
   834 F.3d 562 (5th Cir. 2016) ...............................................................................7, 8

**Statutes**

29 U.S.C. § 160(e)–(f) ....................................................................................................10

**Other Authorities**

Fed. R. Civ. P. 7(a) ........................................................................................................15

Fed. R. Civ. P. 24 ................................................................................................. *passim*

**INTRODUCTION**

In this case, Space Exploration Technologies Corp. ("SpaceX") raises four purely legal constitutional challenges to the structure of the National Labor Relations Board ("NLRB"). Four former SpaceX employees (the "Proposed Intervenors") move to intervene for the stated purpose of asking this Court to transfer this case elsewhere. *See* Dkt. No. 17 (Motion to Intervene), at 17 (discussing the "one critical interest" they seek to represent, "namely seeking change of venue to their home state"). The Proposed Intervenors do not satisfy Rule 24's standards for intervention as of right: under settled law, they have no legally cognizable interest in the NLRB's administrative proceedings, much less the agency's constitutional structure; and if they did, that interest would already be fully represented by the NLRB. For similar reasons, the Court should not exercise its discretion to allow permissive intervention, especially when their intervention would unnecessarily delay the proceedings and harm SpaceX. Lastly, and further reinforcing their failure to meet the requirements for intervention, the Proposed Intervenors fail to submit a "pleading that sets out the claim or defense for which intervention is sought" in support of their motion, as Rule 24(c) requires.

That the Proposed Intervenors wish to steer this case to California is not a valid basis for intervention. SpaceX respectfully requests that the Court deny the Proposed Intervenors' motion.

**STATEMENT OF ISSUES**

Have the Proposed Intervenors carried their burden to show that they are entitled to intervene as of right under Rule 24 or that this Court should otherwise exercise its discretion to permit intervention under Rule 24, despite failing to comply with all of Rule 24's requirements?

**BACKGROUND**

The Proposed Intervenors are four former SpaceX employees who were terminated in June 2022 for significantly disrupting SpaceX's nationwide operations, including at SpaceX's multiple

1

Texas facilities, by sending an "open letter" to thousands of SpaceX employees in Texas and across the country demanding that SpaceX take certain actions and soliciting employees' feedback and endorsement. Dkt. No. 1 (Complaint) ¶¶ 43–46. Those four employees then filed charges with the NLRB accusing SpaceX of committing unfair labor practices. *Id.* ¶ 47. In January 2024, more than 18 months after these employees were terminated, the Regional Director for NLRB's Region 31 issued an order consolidating the administrative cases, together with a consolidated administrative complaint authorizing charges and notice that an administrative hearing before an administrative law judge ("ALJ") would begin on March 5, 2024. *Id.* ¶ 49.

On January 4, one day after the Regional Director issued the consolidated order, SpaceX promptly filed this lawsuit against the NLRB and several of its officers (collectively, "Defendants"). SpaceX's complaint raises four purely legal constitutional challenges: (1) the NLRB's ALJs are unconstitutionally insulated from removal; (2) the NLRB's Members are unconstitutionally insulated from removal; (3) the NLRB's adjudication of private rights without a jury trial violates the Seventh Amendment; and (4) the NLRB's exercise of prosecutorial, legislative, and adjudicatory authority in the same proceedings violates the separation of powers and due process. *Id.* ¶¶ 51–138.

On January 8, the Proposed Intervenors filed their Motion to Intervene and a proposed motion to transfer venue to the Central District of California. Dkt. No. 18-1 (Proposed Motion to Transfer). Three days later, on January 11, Defendants moved to transfer this case to the Central District of California. Dkt. No. 29 (Motion to Transfer). SpaceX's response to Defendants' Motion to Transfer is due February 1, and Defendants' reply and SpaceX's surreply will, respectively, be due February 12 and 22. Briefing on the Motion to Transfer will thus be complete just a few days after the briefing on this Motion to Intervene.

**ARGUMENT**

To intervene as of right under Rule 24(a)(2), proposed intervenors must establish: (1) the motion to intervene is "timely"; (2) the movants have "an interest relating to the property or transaction which is the subject of the action"; (3) the movants are "so situated that the disposition of the action may, as a practical matter, impair or impede [their] ability to protect that interest"; and (4) the movants are "inadequately represented by the existing parties to the suit." *New Orleans Pub. Serv, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) ("*NOPSI*") (en banc) (quotation omitted). "If a party seeking to intervene fails to meet any one of those requirements then it cannot intervene as of right." *Kneeland v. Nat'l Collegiate Ass'n*, 806 F.2d 1285, 1287 (5th Cir. 1987).

Permissive intervention is similar: "In acting on a request for permissive intervention the district court may consider, among other factors, whether the intervenors' interests are adequately represented by other parties, and whether intervention will unduly delay the proceedings or prejudice existing parties." *Id.* at 1289. Permissive intervention is "wholly discretionary with the district court," and a reversal of such a denial is "so unusual as to be almost unique." *NOPSI*, 732 F.2d at 741 (quotation omitted). Courts typically deny such motions where the proposed intervenors will not contribute to fact development on the merits. *See League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989); *Mississippi v. Becerra*, No. 1:22CV113-HSO-RPM, 2023 WL 5668024, at *7 (S.D. Miss. July 12, 2023).

I.   **The Proposed Intervenors are not entitled to intervene as of right.**

While SpaceX does not contest that the Proposed Intervenors filed their motion in a timely fashion, their motion fails every other requirement for intervention as of right. They lack any legally cognizable interest in this action and thus have no interest to protect with respect to the disposition of this action. And even if they had such an interest, Defendants fully and adequately

represent it.

A.     **The Proposed Intervenors do not have a legally cognizable interest in the constitutionality of the NLRB's structure and administrative proceedings.**

As the Proposed Intervenors just told the Court in their motion to seal, "this is not a lawsuit on the merits of the NLRB's charges against SpaceX; this is a wholly separate constitutional challenge to the NLRB's operations." Dkt. No. 46 (Motion for Protective Order), at 5. Yet despite this admission, the Proposed Intervenors make no effort to establish an interest in this "wholly separate" challenge to the constitutionality of the NLRB's structure and proceedings.

For good reason: they have no interest in either. The law is settled that a charging party has no legally cognizable interest in the prosecution of his or her charges. When a charging party files a charge, "the Board's General Counsel has unreviewable discretion to refuse to institute an unfair labor practice complaint." *Vaca v. Sipes*, 386 U.S. 171, 182 (1967). "The practical effect of this administrative scheme is that a party believing himself the victim of an unfair labor practice can obtain neither adjudication nor remedy under the labor statute without first persuading the Office of General Counsel that his claim is sufficiently meritorious to warrant Board consideration." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 139 (1975). And even after the General Counsel files the administrative complaint, the charging party still does not control the proceeding. Until the administrative hearing begins, the General Counsel has unreviewable discretion to settle the dispute or withdraw the complaint—even if the charging party objects. *NLRB v. United Food & Com. Workers Union*, 484 U.S. 112, 126 (1987). Even after the administrative hearing begins, a charging party still does not control the proceedings. Under settled Board precedent, for example, "a charging party cannot enlarge upon or change the General Counsel's theory" of the case. *Kimtruss Corp.*, 305 N.L.R.B. 710, 711 (1991). Throughout every stage of the proceedings, ultimate prosecutorial authority lies with the General Counsel. *Cf. GPS Terminal Servs.*, 333

N.L.R.B. 968, 969 (2001) ("[T]he authority of the Administrative Law Judge to amend the complaint under Section 10(b) of the Act is clearly limited to those instances where the amendment is sought or consented to by the General Counsel, or where evidence has been received into the record without objection." (citation omitted)).

Ignoring these settled principles, the Proposed Intervenors assert their alleged "'property' rights" in backpay and reinstatement and ask this Court to transfer the case (as the NLRB has already requested, *see generally* Mot. to Transfer) and to let the Proposed Intervenors wait to see "other issues that may arise during the course of this litigation" (which the Proposed Intervenors contend are "impossible . . . to predict," Mot. to Intervene 14). These alleged interests are insufficient. Rule 24 expressly requires that a putative intervenor have "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). "Not any interest, however, is sufficient; the interest must be 'direct, substantial, [and] legally protectable.'" *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004) (quoting *NOPSI*, 732 F.2d at 464). The Fifth Circuit has acknowledged that "the interest must be one which the substantive law recognizes as belonging to or being owned by the applicant." *Id.* Here, the "subject of [this] action" is the pending NLRB proceeding. And it is clear from the cases discussed above that the Proposed Intervenors currently have no legally protectable interest—as a matter of property rights or otherwise—in the pending NLRB proceeding. The General Counsel has unreviewable prosecutorial control over the proceeding until an adjudicative decision issues.

The General Counsel's control over the administrative proceeding reflects an important principle: "the Board's principal concern in fashioning unfair labor practice remedies" is supposed to be "[t]he public interest in effectuating the policies of the federal labor laws, not the wrong done the individual employee." *Vaca*, 386 U.S. at 182 n.8. It is fair to question—as the third count in

SpaceX's complaint questions—whether the Board's current understanding of its remedial authority faithfully adheres to this limitation. But were the Proposed Intervenors (or Board) to argue that the Board's proceedings and remedies do create a legally cognizable private interest, that argument would only concede the Seventh Amendment and Article III violation that SpaceX alleges.

Of course, events far in the future—were the NLRB ultimately to rule against SpaceX—could theoretically give the Proposed Intervenors a vested right in the *outcome* of the NLRB proceeding and thus a legal right to intervene in defense of it. A final Board order does give rise to legally cognizable interests. Thus, when a party aggrieved by a final order of the NLRB petitions for judicial review, the parties benefitted by that order are entitled to intervene to defend that order against the appeal. *See generally UAW v. Scofield*, 382 U.S. 205 (1965). But that right to appellate intervention plainly does not extend here, before the ALJ has even opened the record, let alone ruled in favor of one side or the other.

In contrast, the *potential* financial impact of a governmental program or procedure does not create intervention-worthy interests sufficient to satisfy Rule 24. The Fifth Circuit explained why in *Texas v. United States Department of Energy*, 754 F.2d 550 (5th Cir. 1985) ("*Texas v. DOE*"), when several utility companies sought to intervene in Texas's challenge to the U.S. Department of Energy's designation of several spots in West Texas as potential locations for long-term waste depositories. According to the utility companies, the financial impacts they could suffer if Texas prevailed were the sort of property interests Rule 24 recognized. *Id.* at 551. The Fifth Circuit held to the contrary. Individualized financial interests standing alone did not create a right to intervene in a dispute over the government's actions, and a contrary ruling would open the floodgates: "If a sufficient interest to support intervention is found here, it would be difficult on a

principled basis to hereafter deny to the utilities, as funders of the NWPA, an intervention in any action taken by the DOE pursuant to the NWPA." *Id.* at 552–53.

The same is true here. If the Proposed Intervenors' asserted interest in reinstatement and backpay entitled them to defend the constitutionality of the NLRB's structure and administrative proceedings in this action, the same interest would entitle the Proposed Intervenors to intervene in any action challenging the constitutionality of the NLRB's structure and administrative proceedings and entitle others subject to similar NLRB proceedings to intervene in this action. The Proposed Intervenors assert that their interest here is "heightened and unique" because it is the "termination of *their* employment that has triggered SpaceX's action." Mot. to Intervene 10. But any plaintiff's challenges to the NLRB's constitutionality could imperil any charging party's ability to obtain reinstatement or backpay through the NLRB's procedures.

The cases the Proposed Intervenors rely upon are not remotely on point. For example, *Center for Biological Diversity v. FAA*, No. 23-cv-1204-CJN (D.D.C.), in which SpaceX recently intervened, is a classic case for intervention. There, the plaintiffs filed an Administrative Procedure Act challenge to "the Federal Aviation Administration's review and approval of SpaceX's existing launch site in Boca Chica, Texas"—that is, already-completed administrative proceedings that issued SpaceX a vehicle operator license, in which SpaceX had a vested legal interest. *See* Dkt. No. 18-2, at 1. SpaceX's request to intervene in a direct challenge to its own operator license bears no resemblance to the Proposed Intervenors' request to intervene in a constitutional challenge to the NLRB's structure.[1] In *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Commission*, 834

---

[1] Notably, the government did not oppose permissive intervention in *Center for Biological Diversity v. FAA*; it argued only that SpaceX was not entitled to intervene as of right because the government believed it could adequately represent SpaceX's interests. ECF No. 14 at 1, No. 23-cv-1204-CJN (D.D.C. June 2, 2023). The district court granted the motion to intervene because it "conclude[d] that intervention is appropriate under Rule 24(a)(2) *or*, alternatively, under Rule 24(b)(1)(B)" but did not provide additional explanation. Minute Order, No. 23-cv-1204-CJN (D.D.C. July 5, 2023) (emphasis added).

F.3d 562 (5th Cir. 2016), the plaintiffs themselves created the putative intervenor's "legally protectable interest in the regulatory scheme" at issue by premising their entire challenge on the argument that the putative intervenor was "the scheme's beneficiary." *Id.* at 566. And in *Texas v. United States*, 805 F.3d 653 (5th Cir. 2015), the DAPA beneficiaries' interest was based on the equitable interests to which they would be entitled if authorized to stay in the country, *id.* at 660— not the kind of contingent economic interests the Proposed Intervenors might receive only if the NLRB ALJ rules in their favor, *see* Mot. to Intervene 9 (claiming entitlement to reinstatement and backpay).

Aside from their inability to establish a legally cognizable interest, the Proposed Intervenors have no practical purpose for intervention. They have nothing to add to the legal issues in dispute here. *See, e.g.*, *Texas v. DOE*, 754 F.2d at 553 (denying intervention as of right because, among other reasons, the purported intervenors could "offer no special expertise on the administrative law issues that will be argued in the appeal" against the government). Nor do they even evince an intent to weigh in on SpaceX's constitutional claims. Instead, the Proposed Intervenors seek solely to file their own motion to transfer of this case to the Central District of California. Such a motion is unnecessary given the similarities between their Proposed Motion to Transfer and Defendants' already-filed Motion to Transfer. *See infra* Section I.B. It is also improper because many of the alleged facts in their Proposed Motion to Transfer are gratuitous and irrelevant to the Court's venue analysis as well as the merits of SpaceX's legal challenges.

Particularly when they admit this suit is "wholly separate" from the merits of their charges, Mot. for Protective Order 5, the Proposed Intervenors cannot show that they have any "property" interest in the resolution of this constitutional matter, Mot. to Intervene 9. Further, because the Proposed Intervenors have no "interest relating to the property or transaction which is the subject

of the action"—namely, this constitutional lawsuit—there can be no impairment of or impediment of their "ability to protect that interest." *NOPSI*, 732 F.2d at 741. The Proposed Intervenors fail to satisfy the second and third elements of Rule 24(a)(2).

> **B.    Even if the Proposed Intervenors had a cognizable interest in this constitutional dispute or the venue in which it will be adjudicated, such interests would be adequately represented by Defendants.**

The Proposed Intervenors also cannot satisfy the requirement that their interests (even if they were legally cognizable) will not be adequately represented by Defendants. Under Fifth Circuit precedent, Proposed Intervenors "must overcome" "two presumptions of adequate representation" to satisfy this requirement. *Texas*, 805 F.3d at 661. The first presumption arises when the would-be intervenors and defendants share the same ultimate objective in the litigation. *Id.* "When a proposed intervenor possesses the same ultimate objectives as an existing litigant, the intervenor's interests are presumed to be adequately represented absent a showing of adversity of interest, collusion, or nonfeasance." *Kneeland*, 806 F.2d at 1288. Second, there is a presumption of adequate representation when a government body by law acts to protect the interests of the would-be intervenors. *Texas*, 805 F.3d at 661. To overcome these presumptions, a proposed intervenor must "connect the allegedly divergent interests with any concrete effects on the litigation." *Id.* at 662; *see also Hopwood v. Texas*, 21 F.3d 603, 605–06 (5th Cir. 1994).

If a proposed intervenor merely had to claim that there "may be" a divergence of interest, as is claimed here, Mot. to Intervene 11, this requirement would be satisfied in every case. *See Texas*, 805 F.3d at 661 (this burden "cannot be treated as so minimal as to write the requirement completely out of the rule" (quoting *Cajun Elec. Power Co–op., Inc. v. Gulf States Utils., Inc.*, 940 F.2d 117, 120 (5th Cir. 1991))). Although it may not be an especially high burden, the Proposed Intervenors fail to overcome both presumptions of adequate representation. The Proposed Intervenors have not shown, through connection to concrete litigation events, that it is plausible

that (1) they do not share the same goal as Defendants and (2) Defendants will not adequately represent any interests they may have. Not only have they failed to make these showings in their brief, but subsequent litigation developments have disproved any such speculation. The Proposed Intervenors want to transfer this litigation to the Central District of California and ostensibly also want to ensure that the administrative proceedings move forward. Defendants do, too.

The Proposed Intervenors again rely on *Scofield*. Mot. to Intervene 11. But *Scofield* does not address the "adequacy of representation" burdens for district-court intervention under Rule 24—it addresses the NLRA's judicial review provisions governing appeals—and its rationale does not support intervention here. 382 U.S. at 210–17. In *Scofield*, the Court reasoned that because both charging parties and charged parties had a statutory right to petition a court of appeals if they lost the administrative proceeding, both parties should be entitled to intervene in those appellate enforcement proceedings if they *won* before the agency. That statutory framework for review of final Board orders, 29 U.S.C. § 160(e)–(f), is not implicated here. This is a pre-enforcement challenge to the constitutionality of an administrative proceeding governed by the Federal Rules of Civil Procedure. The Proposed Intervenors must show under the Rule 24 factors that intervention is proper, and they have not done so. For purposes of this district court action, the Proposed Intervenors and Defendants are completely aligned.

Nor does SpaceX's motion in the *Center for Biological Diversity* case suggest otherwise. There, SpaceX argued that the government did not adequately protect its interests in the action because SpaceX had a narrower view of the relevant agency's regulatory authority under the statutory scheme that would directly impact its business interests and interests as a regulated party. Dkt. No. 18-2, at 9–10. The Proposed Intervenors do not here suggest they take a different view of the NLRB's authority or of the correct interpretation of the NLRA. They fail to identify any

way in which Defendants' views diverge from their own. And again, there is no comparison between the Proposed Intervenors' (at best) attenuated interest in a constitutional challenge to the NLRB's structure and the direct interest that SpaceX has in a challenge to its own operator license.

Nor do the Proposed Intervenors' other cases support a finding that Defendants will fail to adequately represent their interests. The government's and proposed intervenors' interests diverged in *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994), because the proposed intervenors (industry trade associations) had shown that the government defendants had decided to broadly apply a narrow preliminary injunction that a plaintiff (an environmental group) had already obtained in the action. Because the government's broad application of that preliminary injunction directly harmed the proposed intervenors' industry, the proposed intervenors were able to show the government was acting contrary to their interests. *Id.* at 1207–08. In *Texas v. United States*, the proposed intervenors did not merely assert generally that the government was acting in a broader public interest; they demonstrated that, in acting to protect that broader interest, the government was acting adversely to the proposed intervenors' private interests. 805 F.3d at 663 (holding that to undermine the plaintiffs' standing, the defendants had taken a position "directly adverse to the" proposed intervenors' interests). In *Brumfield v. Dodd*, 749 F.3d 339 (5th Cir. 2014), the proposed intervenors showed that they had a "significantly different" litigation position, as they would not concede jurisdiction as the government entity had done. *Id.* at 346. In other words, the would-be intervenors in those cases all were able to connect the alleged divergent interest to some concrete litigation issue and show that there was a significant and adverse impact on their interests.

Here, even assuming that venue concerns were a proper consideration to support intervention, the Proposed Intervenors' concerns about any divergent interests as to that topic were

proven unfounded when Defendants moved to transfer the action to the same California district court as Proposed Intervenors. Mot. to Transfer. Nor can Proposed Intervenors show any other adverse impacts on their interests, much less ones comparable to those in the cases they cited. Defendants have also moved to seal information in this action regarding the information of certain employees' identities at the request of the Proposed Intervenors' counsel—even though the Proposed Intervenors independently had an opportunity to move to seal that information. *See* Dkt. No. 35 (Defendants' Motion to Seal); Mot. for Protective Order. Given their agreement and cooperation on both transfer and sealing, any concerns about divergent interests are groundless and indeed counterfactual. If anything, these developments show that the Proposed Intervenors and Defendants are working in coordination, which is alarming given that Defendants include the Board Members who are supposed to neutrally preside over the administrative adjudication of the Proposed Intervenors' charges and General Counsel's complaint against SpaceX. *Cf.* Compl. ¶¶ 108–38 (identifying the ways in which the NLRB's exercising of prosecutorial, legislative, and adjudicative functions in the same case violates SpaceX's due-process rights).

The Proposed Intervenors have not carried their burden to show "adversity of interest, collusion, or nonfeasance" by Defendants, *see Kneeland*, 806 F.2d at 1288, or any other reasonable basis to conclude the Proposed Intervenors' interests (if any) are or may be inadequately represented by the government Defendants.

## II. Permissive intervention is unwarranted for the same reasons and also because it would unduly delay the litigation and thus prejudice SpaceX.

This Court also should not exercise its discretion to allow the Proposed Intervenors to intervene permissively. *Clements*, 884 F.2d at 189. Much as with the considerations for intervention as of right, "[w]hen acting on a request for permissive intervention, a district court should consider, among other factors, whether the intervenors are adequately represented by other

parties and whether they are likely to contribute significantly to the development of the underlying factual issues." *Id.* In the context of permissive intervention, a district court also must consider whether intervention would "prejudice the rights of the original parties." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977).

As explained above, Defendants already do and will continue to adequately represent the Proposed Intervenors' interests. Defendants not only have filed a Motion to Transfer that seeks the same relief and materially resembles the Proposed Motion to Transfer that the Proposed Intervenors seek to file, but they also seek the same ultimate objectives in this litigation.

In addition, the Proposed Intervenors do not suggest—and could not show—that they can contribute facts relevant to the merits questions in this action. This action involves purely legal constitutional questions about the NLRB's structure and proceedings that warrant little to no factual development to resolve. Permissive intervention is routinely denied in cases involving administrative agencies where factual development will not be aided by intervention. *See Mississippi v. Becerra*, No. 1:22CV113-HSO-RPM, 2023 WL 5668024, at *7 (S.D. Miss. July 12, 2023) ("given the narrow scope of the question before the Court and further given that this case is a review of administrative agency rulemaking based upon an administrative record, Proposed Intervenors cannot significantly contribute to the development of any additional factual issues outside the administrative record").

The current timetable for Defendants' and SpaceX's already-filed motions also weighs strongly against intervention given the Proposed Intervenors' asserted interests. Because the intervention, transfer, and preliminary injunction motions are all moving forward along similar schedules, it is conceivable and even likely that the Court will not have a chance to rule on the Motion to Intervene until the other motions are fully briefed. So, at best, allowing the Proposed

Intervenors to intervene would make their contribution on venue (or a preliminary injunction) belated and redundant.

At worst, this timing threatens to cause harm by creating a need for duplicative additional briefing and threatening to delay resolution of SpaceX's motion for preliminary injunctive relief. "Whether allowing intervention will delay the progress of the case or prejudice the rights of the original parties is a factor which the district court must consider in exercising its discretion to permit intervention under section (b) of Rule 24." *Stallworth*, 558 F.2d at 265; *see, e.g.*, *Taylor Commc'ns Grp., Inc. v. Sw. Bell Telephone Co.*, 172 F.3d 385, 389 (5th Cir. 1999) (affirming district court denial of permissive intervention based on, *inter alia*, "undue delay"); *United States v. Tex. Educ. Agency (Lubbock Indep. Sch. Dist.)*, 138 F.R.D. 503, 508 (N.D. Tex. 1991) (denying permissive intervention based on, *inter alia*, "prejudice [that] would include delay, unnecessary costs, and reduced control over the lawsuit"). Allowing intervention at this stage would delay the progress of this case by creating a second, duplicative set of briefs on venue and transfer. Particularly when SpaceX, the Proposed Intervenors, and the NLRB's attorneys are all gearing up for the March 5 administrative hearing (which the NLRB has refused to postpone and this Court is asked to preliminarily enjoin), this additional briefing on the Proposed Intervenors' duplicative motions would be a distraction and poor use of resources for all concerned. With six motions pending, *see* Dkt. Nos. 17, 29, 35, 37, 44, 46—all filed within the first three weeks of this lawsuit— the Court should not allow the Proposed Intervenors to clutter the docket with an additional, duplicative, and unnecessary motion.

The threatened prejudice to SpaceX is particularly significant because the time-sensitive motion for a preliminary injunction staying the March 5 NLRB hearing is still pending. Not only that, but Defendants have contended that this Court should resolve the transfer issue before

addressing the preliminary injunction request. While SpaceX disagrees with Defendants' position, *see generally* Dkt. No. 49 (Opposition to Motion to Expedite); Dkt. No. 56 (Surreply in Opposition to Motion to Expedite), Defendants' position and the possibility of additional briefs by the Proposed Intervenors create a risk that intervention would further delay the resolution of SpaceX's request for preliminary relief, which otherwise would be fully briefed and ripe for decision just a few days after the Motion to Intervene. Proposed Intervenors have represented to SpaceX that they oppose any delay of the March 5 hearing to allow for consideration of the issues in this federal litigation. *See* Dkt. No. 37-4 ¶ 22 ("Counsel for the Charging Parties oppose all requests to postpone the hearing and all requests to extend the due date for the Answer"). Because the Board to date has also refused all requests for postponement, delaying this Court's decision on the preliminary injunction would impose the irreparable harm that SpaceX's preliminary injunction motion asks this Court to prevent.

Should this Court wish to allow the Proposed Intervenors to participate in some capacity, their appropriate role is that of amici. As the Fifth Circuit has recognized, when third parties "present[] no new questions, [they] can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention." *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984). That approach would allow the Proposed Intervenors to express their views with less risk of prejudice to SpaceX.

## III.   Proposed Intervenors failed to submit a pleading as required by Rule 24(c).

Finally, the Proposed Intervenors have failed to satisfy the basic procedural requirements to intervene. Rule 24(c) requires that a "motion [to intervene] must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c); *see also* Fed. R. Civ. P. 7(a) (listing types of pleadings, as distinct from motions). Perhaps because they know they have no claim or defense to

contribute to this litigation, Proposed Intervenors did not submit a proposed complaint or answer along with their motion. This failure alone justifies this Court exercising its discretion to deny their motion.

It is fully within this Court's discretion to deny the motion to intervene based solely on Proposed Intervenors' failure to comply with Rule 24(c). *See DeOtte v. State*, 20 F.4th 1055, 1067 n.2 (5th Cir. 2021). Here, the failure to include a proposed complaint or answer is especially problematic given the speculative nature of the Proposed Intervenors' interest in the action and rationale for intervention. "Such a pleading is critical in defining the scope and nature of the claims" or defenses that proposed intervenors intend to pursue—a crucial inquiry for determining whether the intervention standards are met. *See City Bank v. Compass Bank*, No. EP-09-CV-96-KC, 2010 WL 1424275, at *7 (W.D. Tex. Apr. 6, 2010). And the attached motion to transfer would not qualify as a pleading satisfying Rule 24(c). *See, e.g.*, *Gabauer v. Woodcock*, 425 F. Supp. 1, 3 (E.D. Mo. 1976) ("A motion to dismiss is not a pleading."), *rev'd in part on other grounds*, 594 F.2d 662 (8th Cir. 1979). The Proposed Motion to Transfer provides no insight on what factual and legal positions Proposed Intervenors intend to take on the merits of the claims in this litigation and therefore cannot substitute for the pleading required by Rule 24(c). The Court should exercise its discretion and deny the motion to intervene on this basis, too.

## **CONCLUSION**

For all these reasons, the Court should deny the Proposed Intervenors' motion to intervene.

Dated: January 29, 2024

Respectfully submitted,

By:    *s/ Catherine L. Eschbach*

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
David G. Oliveira
10225 N. Tenth Street
McAllen, TX 78504
doliveira@rofllp.com
(956) 393-6300

**MORGAN LEWIS & BOCKIUS LLP**
Catherine L. Eschbach
Attorney-In-Charge
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5006
catherine.eschbach@morganlewis.com
(713) 890-5719

Harry I. Johnson, III (*pro hac vice*)
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
harry.johnson@morganlewis.com
(310) 907-1000

Michael E. Kenneally (*pro hac vice*)
Amanda L. Salz (*pro hac vice*)
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004-2541
michael.kenneally@morganlewis.com
amanda.salz@morganlewis.com
(202) 739-3000

*Attorneys for Plaintiff*
*Space Exploration Technologies Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to all parties of record.

*s/ Catherine L. Eschbach*
Catherine L. Eschbach
