UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, et al., <br><br> Defendants. | Civil Action No. 1:24-cv-00001 |

**MOTION OF PACIFIC LEGAL FOUNDATION TO FILE BRIEF
AS *AMICUS CURIAE* IN SUPPORT OF
SPACE EXPLORATION TECHNOLOGIES CORP.'S
<u>MOTION FOR A PRELIMINARY INJUNCTION</u>**

## ISSUE IN DISPUTE

Pacific Legal Foundation (PLF) seeks leave to file the attached brief as *amicus curiae* in support of Plaintiff Space Exploration Technologies Corp.'s (SpaceX's) Motion for a Preliminary Injunction (ECF No. 37). There is no Federal Rule of Civil Procedure or local rule that addresses the filing of briefs of *amicus curiae* here. But district courts have "broad discretion" to grant leave to file such briefs. *Cina v. Cemex, Inc.*, No. 4:23-CV-00117, 2023 WL 5493814, at *1 (S.D. Tex. Aug. 17, 2023). District courts generally permit *amicus curiae* briefs where the "proffered information is timely and useful or otherwise necessary to the administration of justice." *Id.* (quotation marks omitted). PLF's proposed *amicus curiae* brief provides an important perspective from an experienced public-interest firm with extensive experience litigating separation of powers and administrative law issues in the constitutional context of agency adjudications. SpaceX consents to this motion; Defendants National Labor Relations Board ("NLRB"), Jennifer Abruzzo, Lauren M. McFerran, Marvin E. Kaplan, Gwynne A. Wilcox, David M. Prouty, and John Doe (collectively, "NLRB Defendants") take no position on this motion.[1]

## ARGUMENT

Founded in 1973, PLF is a nonprofit, tax-exempt California corporation established for the purpose of litigating matters affecting the public interest. PLF provides a voice in the courts for limited constitutional government, private property rights, and individual freedom. PLF is the most experienced public-interest legal

---

[1] Consistent with the local rules for supporting briefs and legal memoranda, PLF has limited its attached *amicus curiae* brief to 20 pages.

- 2 -

organization defending the constitutional principle of separation of powers in the arena of administrative law. PLF regularly litigates cases challenging the constitutional structure of executive branch agencies that adjudicate cases in-house. *See, e.g.*, *Leachco, Inc. v. CPSC*, 6:22-cv-232 (E.D. Okla.) (removal power, Article III, Due Process of Law, Seventh Amendment); *McConnell v. USDA*, No. 4:23-cv-00024 (E.D. Tenn.) (Appointments Clause and Seventh Amendment); *Ro Cher Enterprises, Inc. v. EPA*, No. 1:23-cv-16056 (N.D. Ill.) (same). PLF also participates as *amicus curiae* in separation of powers and administrative law cases. *See, e.g.*, Brief of Pacific Legal Foundation as Amicus Curiae Supporting Petitioner, *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, No. 22-1008, 2023 WL 8112664 (U.S. Nov. 17, 2023); Brief of Pacific Legal Foundation as Amicus Curiae Supporting Petitioners, *Loper Bright Enterprises v. Raimondo*, No. 22-451, 2023 WL 4657738 (U.S. July 17, 2023).

This case concerns the adjudication of enforcement actions and legal remedies in an administrative agency contrary to Article III, the Seventh Amendment, and the Due Process of Law Clause of the Fifth Amendment. PLF submits the attached *amicus curiae* brief because such claims should be litigated in Article III courts. The vesting of the judicial power in Article III courts, the Seventh Amendment right to a civil jury trial, and the Fifth Amendment's guarantee of due process of law all shape how claims brought by the government against Americans can be litigated. They offer critical structural protections that prevent the executive branch from acting as

investigator, prosecutor, judge, jury, and appellate court in cases involving the core private rights of individuals and businesses.

PLF's *amicus curiae* brief will aid the Court by expanding on the lack of historical and constitutional bases for adjudicating legal claims brought by the government in administrative agencies. The brief provides support for two of SpaceX's preliminary injunction arguments: (1) the NLRB's structure violates the separation of powers and due process and (2) the NLRB adjudication denies SpaceX its Seventh Amendment right to a jury trial. ECF No. 37. With respect to separation of powers and due process, the brief explains how the combination of executive, judicial, and legislative functions in the NLRB denies respondents the fundamental liberties protected by the structure of the Constitution. With respect to the Seventh Amendment, the brief highlights how the history of the amendment's ratification informs a proper understanding of the amendment as a restriction on Congress's ability to assign claims away from forums with jury trials.

PLF is also differently situated from the parties and can provide as *amicus curiae* arguments addressing the fundamental flaws in existing precedent on agency adjudication. Those precedents have recently been called into doubt. For example, this term the Supreme Court took up the question of the scope of the civil jury trial right in agency adjudications. *SEC v. Jarkesy*, 143 S. Ct 2688 (2023). During oral argument, several Justices expressed interest in revisiting whether the Seventh Amendment required civil jury trials where Congress assigned a claim to an administrative agency. *See, e.g.*, Transcript of Oral Argument at 26–27, *Jarkesy*,

No. 22-859 (Kavanaugh, J.) ("[I]t does seem odd from a constitutional perspective to say that a private suit triggers the Article III right to a federal court and a jury . . . but a government suit against you for money is somehow exempt from those Article III and Seventh Amendment and due process requirements simply because the government attaches a different label."); *id.* at 32 (Barrett, J.) ("So it seems to me, if you have an entitlement to a jury if you're in a federal court, I don't understand then how you [do] not have that right, how it can go to an agency."); *id.* at 43 (Roberts, C.J.) ("That's not just one place or another. It seems to me that undermines the whole point of the constitutional protection in the first place."). Anticipating the potential for a significant change in the understanding of the operation of the Seventh Amendment, PLF's *amicus curiae* brief provides a framework for applying the Seventh Amendment to agency adjudications.

Additionally, PLF's *amicus curiae* brief will be useful given the significant constitutional questions raised in a preliminary posture by SpaceX's motion. *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 195–96 (2023), recently recognized the ability of respondents in administrative adjudications to collaterally challenge the constitutionality of the adjudication process in federal court. These collateral challenges almost invariably require preliminary relief because the harm resulting from an unconstitutionally structured adjudication is ongoing; the harm is *being subjected to* the unlawful adjudication. *See id.* at 192. This posture places significant structural constitutional questions before the court for decision with limited briefing and time for consideration. PLF's *amicus curiae* brief expanding on the

constitutionality of the NLRB's adjudication structure will provide additional resources to the Court to inform its decision on this motion.

## CONCLUSION

For the foregoing reasons, this Court should GRANT PLF's motion for leave to file a brief as *amicus curiae* in support of SpaceX's motion for a preliminary injunction.

DATED: January 31, 2024.

        Respectfully submitted,

        */s/ Josuha M. Robbins*
        JOSHUA M. ROBBINS
        PACIFIC LEGAL FOUNDATION
        *Attorney-in-Charge*
        Virginia Bar #91020
        3100 Clarendon Blvd., Suite 1000
        Arlington, VA 22201
        Telephone: (202) 888-6881
        JRobbins@pacificlegal.org

        OLIVER J. DUNFORD
        PACIFIC LEGAL FOUNDATION
        Florida Bar #1017791
        4400 PGA Blvd., Suite 307
        Palm Beach Gardens, FL 33410
        Telephone: (561) 691-5000
        ODunford@pacificlegal.org

        *Counsel for Amicus Curiae*
        *Pacific Legal Foundation*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D), the undersigned hereby declares that he has conferred with counsel for Plaintiff and the NLRB Defendants. Plaintiff consents to this motion. Counsel for the NLRB Defendants take no position on the motion.

DATED: January 31, 2024.

Respectfully submitted,

*/s/ Joshua M. Robbins*
JOSHUA M. ROBBINS

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2024, I submitted the foregoing to the Clerk of the Court via the District Court's CM/ECF system, which will send notice of this submission to all counsel of record.

/ s / *Joshua M. Robbins*
JOSHUA M. ROBBINS