UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board, <br><br> Defendants. | Case No. 1:24-cv-00001 |

**UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF**

**ISSUE IN DISPUTE**

Proposed amicus curiae, Tom Moline, Paige Holland-Thielen, Scott Beck, and Deborah Lawrence (hereinafter "Charging Parties"), respectfully request leave to file the attached amicus curiae brief in opposition to Plaintiff's Motion for A Preliminary Injunction (ECF 37). Charging Parties are four of the eight individuals whose terminations from SpaceX are at issue in the Hearing set to proceed on March 5, 2024 in Los Angeles that SpaceX seeks to have this Court enjoin indefinitely. Charging Parties have contacted the parties in this matter; SpaceX has indicated that it does not oppose this Motion[1] and the Defendants take no position.

There is no Federal Rule of Civil Procedure or Local Rule that controls motions for leave to appear as amicus curiae in this Court. However, "the Court has discretion to consider amicus briefing where the proffered information is timely and useful or otherwise necessary to the administration of justice." *Does 1-7 v. Round Rock Indep. Sch. Dist.*, 540 F. Supp. 2d 735, 738 n.2 (W.D. Tex. 2007) (quotation marks and citation omitted); *see also Cina v. Cemex, Inc.*, No. 4:23-CV-00117, 2023 WL 5493814, at *1 (S.D. Tex. Aug. 17, 2023) (same). The role of amici is to assist the court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991). Charging Parties submit that their submission is timely and useful to the Court.

---

[1] SpaceX does not oppose the Charging Parties participating as amici in this matter. Under Judge Olvera's procedures, unopposed motions must have the signatures of all parties. SpaceX signs the motion only to represent it does not oppose amici participation, but does not join or endorse the statements and representations contained herein.

## ARGUMENT

As argued in and demonstrated by their Motion to Intervene, ECF 17, Charging Parties respectfully aver that they have information solely in their possession and unique interests in this litigation that they anticipate will not be addressed by either Plaintiff or Defendants. Specifically, as the real parties of interest in the underlying Unfair Labor Practice proceeding, the Charging Parties are dramatically impacted by any order enjoining the Hearing that provides their only mechanism for seeking reinstatement to the jobs from which they were terminated. Moreover, a preliminary injunction on SpaceX's claims would have broad ramifications for employees all over the country, who rely on the NLRB to protect their statutory right to concerted activity. According to the government's data, the NLRB has 21,504 open cases, 20,729 of which are Unfair Labor Practices.[2] Charging Parties believe that their Brief will apprise the court of broad-based legal, social, and economic implications of a decision or its unintended consequences that will otherwise not be presented to the Court.

As noted above, Plaintiff SpaceX does not oppose this motion. Plaintiff has already implicitly acknowledged in their response to Proposed Intervenors/Charging Parties' Motion to Intervene that Charging Parties have a unique perspective to offer to the Court. *See* ECF No. 60 at 15 (SpaceX opposing intervention, but offering that Charging Parties' "appropriate role is that of amici"). Thereafter, Charging Parties asked if Plaintiff would agree to permit their participation as amici and Plaintiff stated that it would not oppose the request.

---

[2]https://www.nlrb.gov/search/case?f%5B0%5D=%28case_type%3AC+OR+case_type%3AR%29&s%5B0%5D=Open (last visited February 1, 2024). The Court may take judicial notice of information provided on the government's website. Fed. R. Evid. 201(b); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of approval by the National Mediation Board published on the agency's website).

This *amicus* filing will not lead to delay nor necessitate any changes in the briefing schedule. Charging Parties seek to file their amicus brief on the same date that Defendants' opposition is due so that the Court may consider all interested parties' arguments[3] in a timely manner.

Charging Parties' Brief argues that much of the Plaintiff's allegations of harm are either unripe or are harms that can be parsed and addressed after the Hearing in the underlying Unfair Labor Practice proceeding has been adjudicated. Charging Parties' economic and reputational interests are directly impacted by the delay in adjudicating their case and they represent the interest of similarly situated parties that have matters pending before the NLRB. Charging Parties aver that their Brief will provide a more comprehensive legal framework for the Court to assess Plaintiff's motion.

## **CONCLUSION**

For the foregoing reasons Charging Parties respectfully request that this Court GRANT their Motion for leave to file a brief as *amici curiae* in opposition to Plaintiff's Motion For A Preliminary Injunction.

---

[3] We are aware that on January 31, 2024 Pacific Legal Foundation filed a motion for leave to file an amicus brief in support of Plaintiff's Motion for Preliminary Injunction and that no party objected to their request.

Dated: February 5, 2024 Respectfully submitted,

*/s/ Anne B. Shaver*
Anne B. Shaver
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
Fax: (415) 956-1008
ashaver@lchb.com

Laurie M. Burgess
BURGESS LAW OFFICES, P.C.
498 Utah Street
San Francisco, CA 94110
Phone: (312) 320-1718
lburgess@burgess-laborlaw.com

*Counsel for Charging Parties*

Respectfully submitted,

ALAMDAR S. HAMDANI
*United States Attorney*
*Southern District of Texas*

By:*/s/ Benjamin S. Lyles*[4]
BENJAMIN S. LYLES
*Assistant United States Attorney*
S.D. Tex. ID No. 3062156
State Bar No. 24094808
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Benjamin.Lyles@usdoj.gov
  *Attorney-in-Charge for Defendants*

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance, and*
*Special Litigation Branch*

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

DANIEL BRASIL BECKER
*Trial Attorney*

DAVID P. BOEHM
*Trial Attorney*

GRACE L. PEZZELLA
*Trial Attorney*
MA Bar No. 709601 – *pro hac vice*
1015 Half Street, S.E. - 4th Floor
Washington, DC 20003
Telephone: (202) 273-0247
Email: Grace.Pezzella@nlrb.gov

---

[4] The NLRB takes no position, neither consenting to nor opposing, this motion.

2937156.1

|  |  |
|---|---|
|  | Respectfully submitted, |
| ROERIG, OLIVEIRA & FISHER, L.L.P.<br>David G. Oliveira<br>10225 N. Tenth Street<br>McAllen, TX 78504<br>doliveira@rofllp.com<br> (956) 393-6300 | By: s/*Catherine L. Eschbach*<br><br>MORGAN LEWIS & BOCKIUS LLP<br>Catherine L. Eschbach<br>Attorney-In-Charge<br>1000 Louisiana Street, Suite 4000<br>Houston, TX 77002-5006<br>catherine.eschbach@morganlewis.com<br>(713) 890-5719<br><br>Harry I. Johnson, III (pro hac vice)<br>2049 Century Park East, Suite 700<br>Los Angeles, CA 90067-3109<br>harry.johnson@morganlewis.com<br>(310) 907-1000<br><br>Michael E. Kenneally (pro hac vice)<br>Amanda L. Salz (pro hac vice)<br>1111 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2541<br>michael.kenneally@morganlewis.com<br>amanda.salz@morganlewis.com<br>(202) 739-3000<br><br>*Attorneys for Plaintiff*<br>*Space Exploration Technologies Corp.* |

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(d), I hereby certify that on January 31, 2024, I conferred with counsel for the Plaintiff via email, who represented that Plaintiff does not oppose this motion. On February 5, 2024, I conferred with counsel for the Defendants via email, who represented that Defendants take no position, neither consenting to nor opposing, this motion.

*/s/ Anne B. Shaver*
Anne B. Shaver

2937156.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

*/s/ Anne B. Shaver*
Anne B. Shaver

2937156.1