# Exhibit A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 24-1352-CBM-(AGRx) | Date | February 27, 2024 |
|---|---|---|---|

| Title | *Space Exploration Technologies, Corp. v. National Labor Relations Board et al.* |
|---|---|

| Present: The Honorable | CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE |
|---|---|

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:** **IN CHAMBERS- ORDER RE: DEFENDANTS' NOTICE REGARDING FURTHER DEVELOPMENTS IN FIFTH CIRCUIT MANDAMUS PROCEEDINGS AND REQUEST TO BRIEF PRIOR TO ANY RETRANSFER [101]**

The matter before the Court is Defendants' "Notice Regarding Further Developments in Fifth Circuit Mandamus Proceedings and Request to Brief Prior to Any Retransfer." (Dkt. No. 101 (the "Request").) Plaintiff filed a response and requests that this Court retransfer the case to the Southern District of Texas "at its earliest opportunity." (Dkt. No. 102.)

On January 4, 2024, this action was filed in the Southern District of Texas. On February 15, 2024, the Southern District of Texas ordered that the case be transferred. (Dkt. No. 82 (the "Transfer Order").) On February 16, 2024, Plaintiff filed a petition for writ of mandamus with the Fifth Circuit. (*In re Space Exploitation Technologies, Corp.*, United States Court of Appeals for the Fifth Circuit, Case No. 24-40103.) On February 19, 2024, the Fifth Circuit stayed the Southern District of Texas's Transfer Order. (*Id.*, Dkt. No. 28.) On February 23, 2024, the Central District of California docketed this case as Case No. 2:24-cv-01352-CBM-AGR. On February 26, 2024, the Fifth Circuit ordered the Southern District of Texas to immediately request that the Central District of California return this case to the Southern District of Texas, Brownsville Division. (Case No. 24-40103, Dkt. No. 46.)

Defendants' Request seeks "an opportunity to brief the propriety of retransfer before any order is issued retransferring the case," and requests that this Court "stay any retransfer for ten days, to permit any party to seek appropriate relief." The effective date of transfer of this action was on February 23, 2024—on the date the Central District of California docketed this case. *See Lou v. Belzberg*, 834 F.2d

730, 733 (9th Cir. 1987) ("We adopt the docketing date as the time of effective transfer."); *Wilson v. City of San Jose*, 111 F.3d 688, 693 (9th Cir. 1997) (noting "transfer was not complete until . . . [the date] when the Central District received and docketed the case").  However, the Fifth Circuit's stay of the Transfer Order was issued prior to the date this case was docketed in the Central District of California.  Therefore, this Court lacks jurisdiction over this action, and shall return this action to the Southern District of Texas upon receipt of the request to return the case from the Southern District of Texas as ordered by the Fifth Circuit.

    Accordingly, Defendants' Request is **DENIED**.

    **IT IS SO ORDERED.**