**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

SPACE EXPLORATION
TECHNOLOGIES CORP.,

            Plaintiff,

    v.                                                            Case No. 24-cv-0001

NATIONAL LABOR RELATIONS
BOARD, et al.,

            Defendants.

**DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE AND OTHER
DEFENSES, AND PRAYER FOR RELIEF**

**DEFENDANTS' ANSWER TO COMPLAINT**

Defendants National Labor Relations Board, et al., (collectively "Defendants") answer the Complaint filed by Space Exploration Technologies Corp. ("SpaceX") as follows:

1.      The allegations in this paragraph consist of legal conclusions and characterizations of administrative proceedings; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

2.      The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the Supreme Court issued a decision in *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020), the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

3.      The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the Supreme Court issued a decision in *Free Enterprise Fund v. Public Co. Accounting Oversight Board*, 561 U.S. 477 (2010) (Free Enterprise Fund), the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

4.      The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the Fifth Circuit issued a decision addressing a statutory scheme other than the NLRA in *Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022), cert. granted, 143 S. Ct. 2688 (2023). The contents and holdings of that case speak for themselves. Defendants deny the remaining allegations in this paragraph.

5.      The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the Fifth Circuit issued a decision in *Jarkesy*, 34 F.4th 446 (5th Cir. 2022), the contents and holdings of which speak for themselves. SpaceX also cites to *Free Enterprise Fund*, 561 U.S. 477, which Defendants admit is a decision of the Supreme Court, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

6.      Defendants admit that NLRB ALJs are inferior officers and that they enjoy certain removal protections. Defendants deny that these protections create any constitutional defect. The remaining allegations in this paragraph consist of legal conclusions and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent these allegations require an answer, Defendants admit that 5 U.S.C. §§ 1202(d), 7521(a); and 29 U.S.C. § 153(a) are statutory authorities, that the NLRB issued a decision in *Westrock Services, Inc.*, 366 NLRB No. 157 (Aug. 6, 2018), and that the Fifth Circuit issued a decision in *Jarkesy*, 34 F.4th 446 (5th Cir. 2022). The contents of these statutes and the contents and holdings of these decisions speak for themselves. Defendants deny that *Westrock Services, Inc.*, a decision holding that NLRB ALJs were properly appointed under the Appointments Clause without ever speaking of "substantial authority," means that NLRB ALJs have "substantial authority" for Removal Clause purposes or that the powers exercised by NLRB ALJs are substantially the same as those exercised by SEC ALJs. Defendants deny the remaining allegations in this paragraph.

7.      The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph because *Humphrey's Executor v. United States*, 295 U.S.

602 (1935), stands for the proposition that the removal protections NLRB members enjoy are also constitutional. Defendants deny the remaining allegations in this paragraph.

8.      Defendants admit that NLRB members' removal protections are constitutional under the reasoning of *Humphrey's Executor*, 295 U.S. 602. The remaining allegations in this paragraph consist of legal conclusions and argument; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the remaining allegations in this paragraph.

9.      The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only to the existence of decisions in *Seila Law*, 140 S. Ct. 2183, *Humphrey's Executor*, 295 U.S. 602, and *Jarkesy*, 34 F.4th 446, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

10.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the Supreme Court issued a decision in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

11.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the Supreme Court issued a decision in *Free Enterprise Fund*, 561 U.S. 477 (2010), the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

12.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the Supreme Court issued a decision in *Free Enterprise Fund*, 561 U.S. 477 (2010), the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

13.     The allegations in this paragraph consist of legal conclusions and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

14.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the Seventh Amendment of the United States Constitution preserves the right to trial by jury "[i]n Suits at common law." U.S. CONST. amend. VII. Defendants deny the remaining allegations in this paragraph.

15.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the Supreme Court issued a decision in *Reid v. Covert*, 354 U.S. 1 (1957), the contents and holdings of which speak for themselves. Defendants also admit to the existence of a Fifth Circuit decision in *Jarkesy*, 34 F.4th 446. Defendants deny the remaining allegations in this paragraph.

16.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit the allegations in this paragraph.

17.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the NLRB issued a decision in *Thryv, Inc.*, 372 NLRB No. 22 (Dec. 13, 2022), the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

18.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit to the existence of an administrative complaint against SpaceX, the contents of which speak for themselves, but deny the remaining allegations in this paragraph, including the implication that the NLRB's administrative complaint necessarily seeks remedies under *Thryv, Inc.*, 372 NLRB No. 22.

19.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the NLRB issued a decision in *Thryv, Inc.*, 372 NLRB No. 22, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

20.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the Supreme Court issued a decision in *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993), the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

21.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants

5

admit that the Supreme Court issued a decision in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

22.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only to the existence of a Fifth Circuit decision in *Jarkesy*, 34 F.4th 446. Defendants deny the remaining allegations in this paragraph.

23.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

24.     Defendants admit that the NLRB's General Counsel has a regional office known as Region 31.  Defendants deny that Region 31 "conveyed to SpaceX that it plans to ask for the NLRB Members' approval to go to federal district court to request injunctive relief against SpaceX." The remaining allegations in this paragraph consist of legal conclusions and speculation as to possible future events; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the remaining allegations in this paragraph.

25.     The allegations in this paragraph consist of legal conclusions and speculation as to possible future events; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

26.     Defendants admit that NLRB members are empowered to develop federal labor policy on first impression through case adjudication, subject to review before a circuit court of appeals. Defendants also admit that, if NLRB members hear an administrative case against

6

SpaceX, NLRB members would be empowered to adjudicate whether evidence in that case supports a determination that SpaceX violated the NLRA. The remaining allegations in this paragraph consist of legal conclusions and speculation as to possible future events; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

27.     The allegations in this paragraph consist of speculation as to possible future events; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph but admit that if the Board were to issue a final order in an administrative case involving SpaceX and that final order is then reviewed by a circuit court of appeals, then such an order would be entitled to significant deference as to its interpretations of the NLRA and findings of fact.

28.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations but admit to the existence of a publication called THE FEDERALIST NO. 47, the contents of which speak for themselves.

29.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the Supreme Court issued decisions in *NLRB v. Jones & Laughlin Steel*, 301 U.S. 1, and *Williams v. Pennsylvania*, 579 U.S. 1 (2016), the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

30.     The allegations in this paragraph consist of legal conclusions and speculation as to possible future events; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

31.     The allegations in this paragraph consist of legal conclusions, and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

32.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit to the first sentence in this paragraph. As to the second sentence, Defendants admit that the Supreme Court issued a decision in *Axon Enterprise, Inc. v. FTC*, 143 S. Ct. 890 (2023), the contents and holdings of which speak for themselves. Defendants admit to the existence of 28 U.S.C. § 1331, the contents of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

33.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit to the existence of the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the Administrative Procedure Act, 5 U.S.C. §§ 701–706, the contents of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

34.     The allegations in this paragraph largely consist of legal conclusions and speculation as to possible future events, which are not allegations of fact to which an answer needed. To the extent an answer is necessary, Defendants deny that venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(e)(1)(B) and (C). Defendants admit that "Defendants are officers of an agency of the United States acting in their official capacity." Defendants deny that "a substantial part of the events or omissions giving rise to the claim occurred in Boca Chica, Texas." Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding SpaceX's Starbase facility. Defendants admit the existence

of an NLRB administrative proceeding, which includes the issuance of an unfair labor practice complaint in Case No. 31-CA-307446, et al. Defendants further state that the unfair labor practice complaint speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to whether "a significant portion of the employees who interacted with the Open Letter were based at Starbase

(in addition to employees who interacted with the Open Letter while based at SpaceX's Houston facility, which is also located in this judicial district)." Defendants deny the remaining allegations in this paragraph.

35.     Defendants admit that, at the time of the filing of its complaint, SpaceX was a Delaware corporation. Defendants lack knowledge or information sufficient to form a belief as to SpaceX's characterization of itself as "a pioneer in the aerospace industry" or the remaining allegations in this paragraph.

36.     Admitted.

37.     Admitted.

38.     Admitted.

39.     Admitted.

40.     Admitted.

41.     Admitted

42.     Defendants admit that the Administrative Law Judge ("ALJ") is sued in an official capacity. Defendants deny the remaining allegations in this paragraph. At the time SpaceX filed its complaint, no ALJ had been assigned to preside over the NLRB proceedings against SpaceX. Shortly after ALJ Sharon Steckler was assigned to the matter, her identity was disclosed to SpaceX.

43.     Defendants lack personal knowledge or information sufficient to form a belief as to the allegations in this paragraph. Defendants admit that Region 31's administrative complaint alleges that, on or about June 15, 2022, eight SpaceX employees engaged in concerted activities with other employees for the purposes of mutual aid or protection by drafting and distributing an open letter that detailed workplace concerns ("Open Letter").

44.     Defendants admit that Region 31's administrative complaint contains allegations regarding the Open Letter, the contents of which speaks for themselves. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

45.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

46.     Defendants lack personal knowledge or information sufficient to form a belief as to the allegations in this paragraph. Defendants admit Region 31's administrative complaint alleges that SpaceX discharged several individuals involved with the Open Letter. SpaceX's assertion that SpaceX discharged these employees for violating company policies is a legal conclusion to which no answer is required; to the extent that a further answer is required, Defendants deny this allegation.

47.     Defendants admit that Region 31's administrative complaint alleges that several individuals filed charges with the NLRB's Region 31 on November 16, 2022, alleging that SpaceX committed unfair labor practices when it discharged certain employees. Defendants also admit that these charges were filed by or on behalf of terminated employees. Defendants deny the remaining allegations in this paragraph.

48.     Defendants admit to the first sentence. Defendants deny the second sentence but admit that, on or about April 28, 2023, SpaceX submitted its position statement and evidence that SpaceX alleges refute the Charging Parties' allegations.

49.     Admitted.

50.     Admitted.

51.     Defendants repeat and restate their responses to the above allegations to the extent further response is required.

52.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the Supreme Court issued a decision in *Lucia v. SEC*, 138 S. Ct. 2044 (2018), that the Fifth Circuit issued a decision in *Jarkesy*, 34 F.4th 446, and that the NLRB issued a decision in *Westrock Services, Inc.*, 366 NLRB No. 157, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

53.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that 5 U.S.C. § 7521(a), 5 U.S.C. § 1202(d), and 29 U.S.C. § 153(a) are statutory authorities, the contents of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

54.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the Fifth Circuit issued a decision in *Jarkesy*, 34 F.4th 446. Defendants deny the remaining allegations in this paragraph.

55.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only to the existence of decisions in *Free Enterprise Fund*, 561 U.S. 477, and *Jarkesy*, 34 F.4th 446, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

56.     The allegations in this paragraph consist of legal conclusions and speculation as to possible future events; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph, including the contention that there is a "but for" relationship between ALJ or Board member removal protections, on the one hand, and the prospect of removal by the President, on the other.

57.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only to the existence of decisions in *Axon Enterprise*, 143 S. Ct. 890, and *Cochran v. SEC*, 20 F.4th 194 (5th Cir. 2021) (en banc), aff'd and remanded sub nom. *Axon Enter.*, 143 S. Ct. 890, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

58.     The allegations in this paragraph consist of legal conclusions, and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

59.     The allegations in this paragraph consist of legal conclusions and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

60.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

61.     The allegations in this paragraph consist of legal conclusions and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

62.     The allegations in this paragraph consist of legal conclusions and speculation as to possible future events; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only to the existence of the decision in *Collins*, 141 S. Ct. 1761, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

63.     The allegations in this paragraph consist of legal conclusions, speculation as to possible future events, and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the NLRB filed its administrative complaint on January 3, 2024. Defendants admit that SpaceX filed this action the day after Region 31 gave SpaceX notice of an ALJ hearing. Defendants deny the remaining allegations in this paragraph.

64.     The allegations in this paragraph consist of legal conclusions, speculation as to possible future events, and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

65.     Defendants repeat and restate their responses to the above allegations to the extent further response is required.

66.     Admitted.

67.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

68.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only that 29 U.S.C. § 160(j) is a federal statute, the content of which speaks for itself, and that the Fifth Circuit issued a decision in *Overstreet v. El Paso Disposal, L.P.*, 625 F.3d 844, 852 (5th Cir. 2010), the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

69.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny that the five-seat NLRB decides charges and admit the remaining allegations.

70.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. Defendants also lack knowledge or information sufficient to form a belief as to the allegations in this paragraph because it is ambiguous what SpaceX means by "these and other ways." Accordingly, Defendants deny the remaining allegations in this paragraph.

71.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the Supreme Court issued a decision in *Seila L.*, 140 S. Ct. 2183, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

72.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only that 29 U.S.C. § 153(a) is a federal statute , the content of which speaks for itself, and that the Supreme Court issued a decision in *Humphrey's Executor*, 295 U.S. 602, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

73.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

74.      The allegations in this paragraph consist of legal conclusions and speculation as to possible future events; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph, including the contention that there is a "but for" relationship between Board member removal protections, on the one hand, and the prospect of removal by the President, on the other.

75.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only to the existence of decisions in *Axon Enterprise*, 143 S. Ct. 890, and *Cochran v. SEC*, 20 F.4th 194 (5th Cir. 2021) (en banc), aff'd and remanded sub nom. *Axon Enter.*, 143 S. Ct. 890, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

76.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only to the existence of decisions in *Free Enterprise Fund*, 561 U.S. 477, the contents and

holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

77.     The allegations in this paragraph consist of legal conclusions and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

78.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

79.     The allegations in this paragraph consist of legal conclusions and speculation as to possible future events, and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

80.     The allegations in this paragraph consist of legal conclusions and speculation as to possible future events; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only to the existence of the decision in *Collins*, 141 S. Ct. 1761, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

81.     The allegations in this paragraph consist of legal conclusions, speculation as to possible future events, and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the NLRB filed its administrative complaint on January 3, 2024. Defendants admit that SpaceX filed this action the day after Region 31 gave SpaceX notice of an ALJ hearing. Defendants deny the remaining allegations in this paragraph.

82. The allegations in this paragraph consist of legal conclusions, speculation as to possible future events, and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

83. Defendants repeat and restate their responses to the above allegations to the extent further response is required.

84. Admitted.

85. The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent they require an answer, Defendants admit the Fifth Circuit issued a decision in *Jarkesy*, 34 F.4th 446, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

86. The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent the allegations in this paragraph require an answer, Defendants admit the Fifth Circuit issued a decision in *Jarkesy*, 34 F.4th 446, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

87. Admitted.

88. The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent they require an answer, Defendants admit the Supreme Court issued a decision in *Jones & Laughlin*, 301 U.S. 1, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

89.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent they require an answer, Defendants deny the remaining allegations in this paragraph.

90.     Defendants admit only to the existence of General Counsel Memorandum 21-07, the content of which speaks for itself. Defendants deny the remaining allegations in this paragraph.

91.     Defendants admit that the NLRB issued a decision in *Thryv, Inc.*, 372 NLRB No. 22, the contents and holdings of which speak for themselves.

92.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent they require an answer, Defendants admit that the NLRB issued a decision in *Thryv, Inc.*, 372 NLRB No. 22, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

93.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent they require an answer, Defendants admit that the NLRB issued a decision in *Thryv, Inc.*, 372 NLRB No. 22, the contents and holding of which speak for itself. Defendants deny the remaining allegations in this paragraph.

94.      The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent they require an answer, Defendants admit that the NLRB issued a decision in *Thryv, Inc.*, 372 NLRB No. 22, the contents and holding of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

95.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent they require an answer, Defendants admit that the Supreme Court issued a decision in *Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558 (1990), the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

96.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent they require an answer, Defendants admit that the Supreme Court issued a decision in *Mertens*, 508 U.S. 248, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

97.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent they require an answer, Defendants admit that the Supreme Court issued a decision in *Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558 (1990), the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

98.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent they require an answer, Defendants admit that the NLRB issued a decision in *Thryv, Inc.*, 372 NLRB No. 22, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

99.     The allegations in this paragraph consist of legal conclusions and speculation; they are not allegations of fact, so no answer is needed. To the extent they require an answer, Defendants admit only to the existence of an NLRB administrative complaint against SpaceX,

the contents of which speak for themselves, and that the NLRB issued a decision in *Thryv, Inc.*, 372 NLRB No. 22, the contents and holdings of which speak for themselves. Defendants also lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, given that SpaceX has not defined "Ms. Abruzzo's directives." Defendants deny the remaining allegations in this paragraph.

100.    The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent the allegations in this paragraph require an answer, Defendants admit the Fifth Circuit issued a decision in *Jarkesy*, 34 F.4th 446, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

101.    The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary as to the first sentence, Defendants lack knowledge or information sufficient to form a belief as to the allegations in that sentence because, as an incomplete sentence, it is ambiguous. To the extent an answer is necessary as to the second sentence, Defendants admit that the Supreme Court issued a decision in *Granfinanciera*, 492 U.S. 33, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

102.    The allegations in this paragraph consist of legal conclusions and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

103.    The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

104.    The allegations in this paragraph consist of legal conclusions and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

105.    The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only to the existence of the decision in *Axon*, 143 S. Ct. 890, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

106.    The allegations in this paragraph consist of legal conclusions, speculation as to possible future events, and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the NLRB filed its administrative complaint on January 3, 2024. Defendants admit that SpaceX filed this action the day after Region 31 gave SpaceX notice of an ALJ hearing. Defendants deny the remaining allegations in this paragraph.

107.    The allegations in this paragraph consist of legal conclusions, speculation as to possible future events, and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

108.    Defendants repeat and restate their responses to the above allegations to the extent further response is required.

109.    Admitted.

110.    Defendants admit that a majority of NLRB members may authorize the filing of a petition before a district court for injunctive relief under Section 10(j). However, Defendants deny that an individual NLRB member can unilaterally authorize the filing of such a petition. Defendants deny that the cited Section 10(j) Manual is current, as it has been superseded.

111.    Admitted, except that Defendants deny that the cited Section 10(j) Manual is current, as it has been superseded.

112.    Admitted, except that Defendants deny that the cited Section 10(j) Manual is current, as it has been superseded.

113.    The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only that the Fifth Circuit issued a decision in *McKinney ex rel. NLRB v. Creative Vision Res., L.L.C.*, 783 F.3d 293 (5th Cir. 2015), the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

114.    The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

115.    The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

116.    Admitted, except that Defendants deny that the cited Section 10(j) Manual is current, as it has been superseded.

117.    This paragraph contains legal conclusions, to which no answer is required. Defendants lack knowledge or information sufficient to form a belief as to whether "the same NLRB members often judge whether the same charged parties have engaged in the alleged unfair labor practices, and issue findings of fact, order, and remedies that are then subject to deferential judicial review." Defendants admit only that 29 U.S.C. § 160 is statutory authority, the contents

of which speak for themselves. Defendants deny the allegation that the NLRB's authorization is a "one-sided presentation of the facts and law."

118.    The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only that the Supreme Court issued a decision in *Williams*, 579 U.S. 1, the contents and holdings of which speak for themselves.

119.    The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only that the Supreme Court issued a decision in *Williams*, 579 U.S. 1, the contents and holdings of which speak for themselves.

120.    The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only that the Supreme Court issued a decision in *Williams*, 579 U.S. 1, the contents and holdings of which speak for themselves.

121.    The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

122.    The allegations in this paragraph consist of legal conclusions and speculation as to possible future events; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

123.    The allegations in this paragraph consist of legal conclusions and speculation as to possible future events; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only that the Supreme Court issued a decision in

*Williams*, 579 U.S. 1, the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

124.    The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed.

125.    The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the Supreme Court issued a decision in *Allentown Mack Sales & Serv., Inc*. v. NLRB, 522 U.S. 359 (1998), the contents and holdings of which speak for themselves.

126.    The allegations in this paragraph consist of legal conclusions and speculation as to possible future events; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only that the Board is entitled to significant deference in its interpretation of the NLRA and findings of fact.

127.    The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the Supreme Court issued a decision in *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602 (1993), the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

128.    Defendants admit that an NLRB attorney communicated by a December 19, 2023 email to counsel for SpaceX regarding Section 10(j) relief.

129.    Denied. The content of the December 19, 2023 email communication speaks for itself.

130.     The allegations in this paragraph consist of legal conclusions and speculation as to possible future events; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny all allegations in this paragraph.

131.     The allegations in this paragraph consist of legal conclusions and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

132.     The allegations in this paragraph consist of legal conclusions and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

133.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

134.     The allegations in this paragraph consist of legal conclusions and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

135.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only to the existence of the decision in *Axon*, 143 S. Ct. 890, the contents and holdings of which speak for themselves. Defendants deny the allegations in this paragraph.

136.     The allegations in this paragraph consist of legal conclusions; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit only to the existence of the decisions in *Williams*, 579 U.S. 1, and *Ward v. Vill. Of*

*Monroeville, Ohio*, 409 U.S. 57 (1972), the contents and holdings of which speak for themselves. Defendants deny the remaining allegations in this paragraph.

137.    The allegations in this paragraph consist of legal conclusions, speculation as to possible future events, and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants admit that the NLRB filed its administrative complaint on January 3, 2024. Defendants admit that SpaceX filed this action the day after Region 31 gave SpaceX notice of an ALJ hearing. Defendants deny the remaining allegations in this paragraph.

138.    The allegations in this paragraph consist of legal conclusions, speculation as to possible future events, and a prayer for relief; they are not allegations of fact, so no answer is needed. To the extent an answer is necessary, Defendants deny the allegations in this paragraph.

139.    The allegations contained in Plaintiffs' prayer for relief are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

140.    Except as expressly stated above, Defendants deny each and every allegation in the Complaint.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Without limiting or waiving any defenses available to them, Defendants assert the following defenses to the Complaint:

1.    Plaintiff fails to state a claim upon which relief may be granted.

2.    Plaintiff's claims fail in whole or in part to the extent it has suffered no damages.

3.    This court lacks subject-matter jurisdiction over some or all of SpaceX's claims because it has failed to exhaust its administrative remedies.

4.      Plaintiff's claims are jurisdictionally barred by the doctrine of sovereign immunity.

5.      This Court lacks jurisdiction to order injunctive relief because this case involves and/or grows out of a labor dispute.

6.      This Court lacks jurisdiction to enter a declaratory judgment to the extent that there is no other basis for subject-matter jurisdiction.

7.      Venue is improper in the Southern District of Texas.

8.      Plaintiff's claims are barred or abated by the doctrine of unclean hands.

9.      Defendants reserve their right to assert additional affirmative defenses during the course of this litigation.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1.      That the Complaint be dismissed with prejudice;

2.      That judgment be entered in favor of Defendants and against Plaintiffs on all claims; and

3.      For such other and further relief as this Court may deem proper.

Respectfully submitted,

ALAMDAR S. HAMDANI
*United States Attorney*
*Southern District of Texas*

*Daniel David Hu*
*Chief, Civil Division*

By: *s/ Benjamin S. Lyles*
BENJAMIN S. LYLES
*Assistant United States Attorney*
S.D. Tex. ID No. 3062156
State Bar No. 24094808
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Benjamin.Lyles@usdoj.gov
*Attorney-in-Charge for Defendants*

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance and*
 *Special Litigation Branch*

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

DANIEL BRASIL BECKER
*Trial Attorney*

GRACE L. PEZZELLA
*Trial Attorney*

*s/ David Boehm*
DAVID P. BOEHM
*Trial Attorney*
D.C. Bar No. 1033755 – *pro hac vice*
1015 Half Street, S.E. - 4th Floor
Washington, DC 20003
Telephone: (202) 273-4202
Email: David.boehm@nlrb.gov

Dated this 4th day of March, 2024.