UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> **Plaintiff,** <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board, <br><br> **Defendants.** | Civil Action No. 1:24-cv-00001 |

**PLAINTIFF SPACEX'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, A RULING ON ITS PRELIMINARY INJUNCTION MOTION**

This Court gave timely consideration to complex issues in a fast-moving case. And as part of those efforts, on February 15, 2024, this Court issued an order to transfer this case to the Central District to California pursuant to 28 U.S.C. § 1406(a), based on its finding that more conduct giving rise to this action occurred in Hawthorne, California than conduct and events occurring in the Southern District of Texas. Dkt. No. 82. The Court concluded that the Southern District of Texas, Brownsville Division is not a proper venue for SpaceX's constitutional claims. Because this Court immediately initiated an electronic transfer, SpaceX had no opportunity to move for reconsideration (or even a stay), and instead immediately petitioned the Fifth Circuit for a writ of

1

mandamus, *In re Space Expl. Techs., Corp.*, No. 24-40103, Dkt. No. 2 (5th Cir. Feb. 16, 2024). On March 5, 2024, a three-judge panel issued a one-sentence order denying SpaceX's mandamus petition over a lengthy dissent by Judge Elrod, which explained that the Section 1406(a) inquiry asks whether a substantial portion of the facts—not the most significant portion of the facts— giving rise to the case occurred in the plaintiff's choice of forum. Dkt. No. 59 (5th Cir. Mar. 5, 2024). SpaceX filed a petition for en banc rehearing, Dkt. No. 66 (5th Cir. Mar. 7, 2024). The Fifth Circuit denied en banc rehearing, with eight judges voting in favor of en banc rehearing and eight voting against, with Judge Jones authoring a dissent. Dkt. No. 111 (5th Cir. Apr. 17, 2024); see also Dkt. No. 111-1.

For the reasons stated in Judge Elrod's and Judge's Jones's dissents (attached as Exhibit A), SpaceX respectfully requests that this Court reconsider its decision to transfer the case under Section 1406(a). SpaceX continues to believe that it filed this action in a lawful forum under 28 U.S. § 1391(e) and that resolution of the pending motions in this Court is the most expeditious path to halting the ongoing constitutional injury it is incurring from the unconstitutional administrative proceedings. Because of the procedural posture of a mandamus petition, the denial of the petition does not mean the Fifth Circuit approved this Court's approach in the transfer order. On the contrary, the panel majority provided no reasoning for the denial and the en banc vote reveals that at least half the Fifth Circuit's participating judges were troubled by this Court's reasoning in the transfer order. With the return of the case record to this Court on March 5, 2024, this Court still has jurisdiction over this case and is free to revisit its prior decision.

Alternatively, if the Court is not inclined to reconsider its decision to transfer the case, SpaceX respectfully requests that the Court grant SpaceX's motion for a preliminary injunction before retransferring the case to the Central District of California. The administrative hearing

opened on March 5, 2024, and SpaceX is incurring ongoing constitutional injuries with each development in those proceedings. Moreover, if the Court retransfers the case to the Central District of California before ruling on the preliminary injunction, the transferee court would likely need time to get up to speed on the issues and may also seek additional briefing. Here, in contrast, the preliminary injunction motion is fully briefed and ripe for decision. And retransferring the case without addressing the preliminary injunction motion would deny SpaceX the benefit of its requested preliminary injunction, as the proceedings remain ongoing and each new development adds to the constitutional injury.[1] The propriety of venue is not a jurisdictional issue, and the Court has authority to enter a preliminary injunction regardless of whether venue in this Court is proper. *See, e.g.*, *Polymer80, Inc. v. Garland*, No. 23-cv-29, 2023 WL 3605430, at *5 (N.D. Tex. Mar. 19, 2023). The Court should therefore resolve these important issues without delay.

## CONCLUSION

For the foregoing reasons, SpaceX respectfully requests that this Court reconsider its order transferring the case to the Central District of California or, in the alternative, grant SpaceX's motion for a preliminary injunction before transferring the case out of this district.

---

[1] On April 16, 2024, Administrative Law Judge Steckler issued an indefinite stay of the in-person hearing in the administrative proceeding, which was scheduled to resume on May 13, 2024. Nonetheless, other aspects of the administrative proceeding continue, including the ongoing resolution of discovery issues between the parties. In fact, the reason for the postponement was to allow resolution of the parties' substantial discovery issues. Each ruling on a discovery issue by an unconstitutionally insulated ALJ is a new constitutional injury which could imminently occur at any time, necessitating expeditious review of the preliminary injunction motion.

3

Dated: April 17, 2024	Respectfully submitted,

By:   *s/ Catherine L. Eschbach*

**MORGAN LEWIS & BOCKIUS LLP**
Catherine L. Eschbach
Attorney-in-Charge
1000 Louisiana Street, Suite 4000
Houston, TX 77002-50006
catherine.eschbach@morganlewis.com
(713) 890-5719

Harry I. Johnson, III (*pro hac vice*)
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
(310) 907-1000

Michael E. Kenneally (*pro hac vice*)
Amanda L. Salz (*pro hac vice*)
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004-2541
michael.kenneally@morganlewis.com
amanda.salz@morganlewis.com
(202) 739-3000

*Attorneys for Space Exploration Technologies Corp.*

4

**CERTIFICATE OF CONFERENCE**

On April 17, 2024, the Fifth Circuit dissolved the administrative stay of the transfer. Because of the need to quickly move for reconsideration before this Court initiated the transfer, I hereby certify that the undersigned counsel for SpaceX placed a call to Defendants' counsel, Mr. Boehm, at about 6:20 p.m. central time to confer before filing this motion. Mr. Boehm informed me that he would need to make additional inquiries as to the Defendants' position given it was after hours, and I informed him that in order to get this motion on file before the initiation of any re-transfer by this Court we would need to file tonight. As of this filing, I have not yet received a response back on Defendants' position.

s/ *Catherine L. Eschbach*
Catherine L. Eschbach

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to all parties of record.

s/ *Catherine L. Eschbach*
Catherine L. Eschbach