**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP.,<br><br>Plaintiff,<br>v.<br><br>NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,<br><br>Defendants. | Case No. 24-cv-0001 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, A RULING ON ITS PRELIMINARY INJUNCTION MOTION**

## INTRODUCTION

Plaintiff Space Exploration Technologies Corp. ("SpaceX") asks this Court to revisit arguments already rejected once by this Court, again by a panel of the Fifth Circuit, and a third time by that Circuit in denying a petition for rehearing en banc. SpaceX alternatively requests that this Court impose a preliminary injunction with broad implications for parties and nonparties, even though this Court has already determined that venue is improper. This Court's transfer order is correct and, in any event, does not warrant reconsideration. And because Plaintiff's requests would further delay justice, the Court should reject SpaceX's last-ditch attempt to obtain the benefit of its improper venue-shopping.

## ISSUES IN DISPUTE

1. Has SpaceX met the demanding standard for the extraordinary relief of reconsideration of the Court's transfer determination, in the absence of either a manifest error of law or fact, or newly discovered evidence?

2. Should the Court preliminarily enjoin an administrative proceeding even though this Court has determined that venue is improper?

## PROCEDURAL BACKGROUND

This case was transferred to the Central District of California pursuant to 28 U.S.C. § 1406(a), because no "substantial part of the events" giving rise to SpaceX's claims occurred in this District [Dkt. 82 at 4], within the meaning of 28 U.S.C. § 1391. After transfer occurred, SpaceX sought an emergency petition for writ of mandamus from the Fifth Circuit. In accordance with interim directions from the Fifth Circuit, this Court requested retransfer in the interests of comity to decide the mandamus petition, and the Central District of California obliged. Thereafter, a panel of the Fifth Circuit denied SpaceX's petition, with one judge

dissenting. Undeterred, SpaceX sought rehearing from the en banc Fifth Circuit. But once again, SpaceX's request was denied over a six-judge dissent. [Cir. ECF 111.][1] Although the Fifth Circuit had administratively stayed this Court's prior transfer order [Cir. ECF 28], that stay was removed on April 17 ([Cir. ECF 113] "IT IS ORDERED that the administrative stay of the district court's order is removed"), leaving this Court free to proceed with transfer of the instant case.

Separately, the administrative NLRB hearing SpaceX seeks to enjoin formally commenced before an administrative law judge via Zoom videoconference on March 5, 2024 for attorneys to enter appearances, but was immediately adjourned to mid-May.[2] That proceeding has now been postponed indefinitely while the parties to that proceeding and a different administrative law judge—acting as a special master—attempt to resolve disputes relating to production of documents.[3]

SpaceX now asks this Court to reconsider its transfer decision, or failing that, to enjoin the NLRB's administrative proceedings in Los Angeles prior to transferring the case to the court where venue is proper. [Dkt. 112.] While counsel for SpaceX did telephone counsel for the NLRB on the evening of April 17, 2024 regarding SpaceX's intention to seek reconsideration of the transfer order, counsel failed to mention SpaceX's alternative—and far more consequential—request that this Court preliminarily enjoin the agency proceedings prior to transfer. And perhaps sensing that it may fail to persuade this Court to take up its challenges, SpaceX is now trying its luck in another Texas district court, initiating substantially duplicative litigation in relation to a

[1] Two circuit judges who voted in favor of rehearing en banc did not join the dissenting opinion.
[2] Administrative Law Judges Order ("Order Postponing Hearing Dates"), Apr. 16, 2024, https://www.nlrb.gov/case/31-CA-307446.
[3] *Id*.

separate NLRB proceeding in Seattle, Washington. *See Space Expl. Techs. Corp. v. NLRB*, 24-cv-00421 (W.D. Tex. filed Apr. 19, 2024).

## ARGUMENT

### I. This Court properly transferred this action and SpaceX presents no new facts or law supporting the extraordinary remedy of reconsideration.

SpaceX's reconsideration bid fails to meet the exacting requirements of such a request, and rests on fundamental mischaracterizations of the reasoning of this Court's transfer decision. Its straw-man attacks provide no basis for disturbing this Court's faithful interpretation and application of federal venue requirements.

"A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly." *Moran v. Ceiling Fans Direct, Inc.*, No. CIV.A. H-06-0813, 2008 WL 110429, at *1 (S.D. Tex. Jan. 8, 2008). This serves the "interest of finality and conservation of judicial resources." *Adams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus., Loc. 198*, 495 F. Supp. 3d 392, 396 (M.D. La. 2020). A motion for reconsideration "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Moran*, 2008 WL 110429, at *1. Such a motion may be appropriate to bring an intervening change in the controlling law to the Court's attention. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003). But it may not be used to rehash rejected arguments or introduce new arguments. *See LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005); *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004).

Here, SpaceX asks this Court to treat the *dissenting* opinion of an appellate court as if it were controlling. [Dkt. 112 at 2.] Unsurprisingly, it cites no case premising the extraordinary remedy of reconsideration upon a dissent. Worse, SpaceX asks for the extraordinary relief of reconsideration without making specific, substantive, argumentation that meets the above

reconsideration criteria. Rather, it seeks to incorporate, *in toto*, arguments made elsewhere, *i.e.* "for the reasons stated in Judge Elrod's and Judge's Jones's dissents." [Dkt. 122 at 2.] This will not do—"failure to brief an argument in the district court waives that argument in that court." *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003); *see, e.g., U.S. ex rel. Wuestenhoefer v. Jefferson*, 105 F. Supp. 3d 641, 672 (N.D. Miss. 2015) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones.").

Moreover, SpaceX's reconsideration argument proceeds from a false premise. SpaceX claims that the Court's decision was "based on its finding that more conduct giving rise to this action occurred in Hawthorne, California than conduct and events occurring in the Southern District of Texas." [Dkt. 112 at 1.] This Court, of course, did no such thing.[4] Instead, it analyzed the facts SpaceX relied on to support Texas venue and found them "incidental," "insubstantial in number," "far less significant than those occurring in California," and failing to "comprise a substantial part of the events giving rise" to SpaceX's claims. [Dkt. 82 at 2-4.] This Court's prior decision speaks—as it must—in qualitative, not quantitative, terms.

Ultimately, SpaceX presents no new information or argument that this Court (and the Fifth Circuit) has not already rejected. Its request for reconsideration should accordingly be denied.

---

[4] SpaceX's mischaracterization of this Court's transfer decision is no isolated occurrence. Before the Fifth Circuit, SpaceX submitted a supplemental-authority letter in which it misused quotation marks to ascribe a "most substantial" venue standard to this Court. [Cir. ECF 106 at 2.]

## II. Because SpaceX's alternative request that this Court peremptorily rule on its injunction motion seeks yet another bite at the appellate apple, this Court's prior transfer order should be given immediate effect.

SpaceX bootstraps to its motion for reconsideration a request that this Court grant its pending motion for a preliminary injunction, prior to transferring this case to the Central District of California. [Dkt. 122 at 3.] This is an apparent attempt to take advantage of the Fifth Circuit's recent decision in *In re Fort Worth Chamber of Commerce*, --- F.4th ---, No. 24-10266, 2024 WL 1483817 (5th Cir. Apr. 5, 2024), and derail this case into a procedural quagmire. There, the Fifth Circuit held that the district court had effectively denied a pending request for a preliminary injunction by failing to rule on it before transferring a case pursuant to a later-filed transfer motion, and therefore, the case could not be transferred at the Court's discretion under 28 U.S.C. § 1404(a). *Id*. at *1-2. SpaceX thus seeks to (again) delay justice in this case by ginning up an appeal so as to block timely requested transfer to the proper court. This Court should reject this gambit and leave any decision regarding preliminary injunctive relief to the court where venue is proper.

### *A. No authority supports entry of a preliminary injunction by a court which has conclusively determined that venue is improper.*

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." As previously argued by Defendants and as found by this Court, venue is improper in this district. [Dkt. 82 at 3-5.] Because venue is improper under § 1406, "the transferee court is the proper forum to decide whether to issue a preliminary injunction." *Bel Canto Design, Ltd. v. MSS HiFi*, 813 F. Supp. 2d 1119, 1123 (D. Minn. 2011); *accord Half Price Books v. Riepe*, No. CIV.A.3:98-CV-0585-P, 1998 WL 329383, at *7 (N.D. Tex. June 12, 1998); *see Holloway v. Montgomery Cnty.*, No. 3:21-

CV-179-K-BN, 2021 WL 3832833, at *8 (N.D. Tex. Jan. 28, 2021)*, report and recommendation adopted,* No. 3:21-CV-179-K, 2021 WL 3832935 (N.D. Tex. Feb. 11, 2021) (finding, where preliminary injunction motion was pending, "the case must be dismissed or transferred" if venue is improper).[5]

Venue is not some insubstantial procedural nicety; it is a threshold prerequisite for a court to do anything other than transfer (or dismiss) a case. Courts faced with an argument that venue is improper under § 1406(a) "must resolve that issue prior to addressing the merits of any claim, including a preliminary injunction." *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 WL 3537197, at *4 (S.D. Ohio Aug. 17, 2017); *cf. Fintech Fund, FLP v. Horne*, 327 F. Supp. 3d 1007, 1028 (S.D. Tex. 2018), *aff'd,* 836 F. App'x 215 (5th Cir. 2020) (dismissing for improper venue despite pending preliminary injunction motion); *see also Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1135 (9th Cir. 2005) (court "had to consider [venue and like] defenses as 'a logical predicate to' its preliminary injunction order") (quoting *Wong v. United States*, 373 F.3d 952, 961 (9th Cir. 2004)); *Larson v. Galliher*, No. 2:06-cv-1471, 2007 WL 81930 at *1 (D. Nev. Jan. 5, 2007) (court "must first decide threshold issue" of jurisdiction and venue before reaching merits and corresponding request for injunctive relief). Indeed, the court in *Ranir* found "it is

[5] For the reasons already presented in opposition to Plaintiff's motion for a preliminary injunction, Plaintiff's claims of an "ongoing constitutional injury" [Dkt. 112 at 2] are unavailing. *See* Dkt. 69 at 7-8. We also take issue with SpaceX's claims that the preliminary injunction motion is "fully briefed and ripe for decision." [Dkt. 112 at 3.] Under this Court's procedures, Defendants were due a sur-reply on the preliminary injunction motion at the time this Court first transferred this case. And as previously argued [Dkt. 78 at 16, n. 84], this Court should not enter any injunction without a factfinding hearing to consider the equities. This is a jurisdictional requirement, *see* 29 U.S.C. § 107, and would be warranted in any event, given the significant implications of the relief sought for the government and the terminated SpaceX employees. Under these circumstances, SpaceX cannot show that the short time that would be required for supplemental briefing to address Ninth Circuit law following transfer would meaningfully prejudice it.

*reversible error* to address injunctive relief prior to a claim of improper venue." 2017 WL 3537197, at *4-5 (emphasis in original); *see also U.S. Golf Ass'n v. U.S. Amateur Golf Ass'n*, 690 F. Supp. 317, 319 (D.N.J. 1988) (collecting cases in which preliminary injunctions were vacated because district courts failed to first address venue).

As previously found by this Court, venue is improper—not merely inconvenient—in this district. [Dkt. 82.] This proceeding is thus distinguishable from cases in which courts granted preliminary injunctive relief on claims that were subsequently transferred pursuant to 28 U.S.C. § 1404(a), where venue was proper in the first court but later transferred based on convenience and the interests of justice. *See, e.g., Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987); *C & A Plus, Inc. v. Pride Sols., LLC*, No. CIV-A3-02-118, 2003 WL 25278133, at *9 (D.N.D. Feb. 7, 2003) (granting discretionary transfer in patent case despite venue being proper in original district, but granting motion for preliminary injunction).

The unpublished decision in *Polymer80, Inc. v. Garland*, No. 4:23-CV-00029-O, 2023 WL 3605430, at *1, *5 (N.D. Tex. Mar. 19, 2023), *notice of dismissal filed*, No. 23-10527 (N.D. Tex. Feb. 14, 2024) (cited in Dkt. 112 at 3), is not to the contrary. At most, that case stands for the proposition—itself contrary to the weight of authority—that district courts possess the bare authority to resolve a preliminary injunction motion prior to *deciding* a motion to transfer for improper venue. But that ship has sailed here—this Court *has already determined* that this case was filed in an improper venue, rendering *Polymer80* inapposite.

***B. This Court should transfer the case before deciding anything else.***

Initially, SpaceX's instant motion laments that transferring this case to the proper venue now would "deny [it] the benefit of its requested preliminary injunction" because the agency proceedings it seeks to enjoin are ongoing. SpaceX's disputed premise is that it is entitled to extraordinary injunctive relief. As noted above, those agency proceedings are now indefinitely

postponed (save for resolving document-production issues). And it is unclear at best [*see* Dkt. 29 at 18-19] that this Court would decide the injunction question in a meaningfully more expeditious timeframe than the Central District of California would. Any additional briefing in the transferee court could be expedited and limited to addressing differences in controlling Ninth Circuit precedent. But more importantly, SpaceX ignores that the delays in the adjudication of its preliminary-injunction motion are largely the result of its own procedural maneuvering.

Moreover, declining to reopen the venue issue (and leaving jurisdictional and merits arguments for the proper court) avoids procedural complications SpaceX seems eager to invite. For example, if this Court were to address the merits of a motion by SpaceX for a preliminary injunction before transfer, any order granting or denying that request would be appealable to the Fifth Circuit. *See* 28 U.S.C. § 1292(a)(1); *cf. Lou*, 834 F.2d at 733 (appellate court possessed jurisdiction to review injunction where a notice of appeal was filed before the transfer was complete). But if this Court also effectuates transfer, any final orders or interlocutory appeals would be heard by the Ninth Circuit—creating the potential for conflicting orders and potentially allowing SpaceX to split its single cause of action into appeals in two separate courts. Preventing these potential outcomes serves as further reason to deny SpaceX's alternative request.

***C. General Order No. 2024-2 does not apply to the relief requested by SpaceX's motion; the February 15 transfer order should be effectuated without delay.***

After this Court's February 15 transfer order, this Court adopted a new General Order directing that "an order that transfers a civil case . . . to a district court outside the Fifth Circuit is stayed for 21 days from the date the order is entered on the docket." Gen. Or. 2024-2 (S.D. Tex. Feb. 28, 2024). Order 2024-2 does not apply to a decision on the instant motion because this Court's prior transfer order remains in effect and has never been vacated. By Order 2024-2's terms, the 21-day period expired on March 8, but transfer was stayed until April 17 by the Fifth

Circuit, when the administrative stay was removed. [Cir. ECF 28, 113.] Accordingly, this Court should direct the clerk to forthwith effectuate this Court's February 15 order by immediately transmitting the record of this proceeding to the Central District of California concurrent with its denial of reconsideration.

**CONCLUSION**

Because venue here is improper and this Court has correctly determined that the interest of justice requires this case to proceed in the Central District of California, the record of this proceeding should be transferred forthwith to that court.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance, and Special Litigation Branch*

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

GRACE L. PEZZELLA
*Trial Attorney*

s/ *David Boehm*
DAVID P. BOEHM
*Trial Attorney*
D.C. Bar No. 1033755 – *pro hac vice*
Telephone: (202) 273-4202
Email: David.Boehm@nlrb.gov

s/ *Dalford D. Owens Jr.*
DALFORD D. OWENS JR.
S.D. Tex. ID No. 1132540
State Bar No. 24060907
Telephone: (202) 273-2934
Email: Dean.Owens@nlrb.gov
*Attorney-in-Charge for Defendants*

1015 Half Street, S.E. - 4th Floor
Washington, DC 20003
Telephone: (202) 273-4202

Dated this 23d day of April, 2024.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

s/ *Dalford D. Owens*
DALFORD D. OWENS

Dated this 23d day of April, 2024.