UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> **Plaintiff,** <br><br> v. <br><br> **NATIONAL LABOR RELATIONS BOARD**, a federal administrative agency, **JENNIFER ABRUZZO**, in her official capacity as the General Counsel of the National Labor Relations Board, **LAUREN M. McFERRAN**, in her official capacity as the Chairman of the National Labor Relations Board, **MARVIN E. KAPLAN, GWYNNE A. WILCOX**, and **DAVID M. PROUTY**, in their official capacities as Board Members of the National Labor Relations Board, and **JOHN DOE** in his official capacity as an Administrative Law Judge of the National Labor Relations Board, <br><br> **Defendants.** | Civil Action No. 1:24-cv-00001 |

**PLAINTIFF SPACEX'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, A RULING ON ITS PRELIMINARY INJUNCTION MOTION**

SpaceX respectfully requests this Court reconsider its transfer decision altogether, but if not, it requests that this Court rule on the preliminary injunction before transfer and before **May 2, 2024**. Two days ago, on April 24, SpaceX received notice that a conference is scheduled before the Administrative Law Judge ("ALJ") who is acting as the discovery special master in the NLRB proceeding. *See* Exhibit A, April 24, 2024 Email Notice of May 2, 2024 Teleconference. On that date, SpaceX will incur a new constitutional injury from appearing before a second

1

unconstitutionally insulated ALJ in the administrative proceeding.[1] SpaceX's motion for a preliminary injunction has been pending since January 12 (nine days after the administrative complaint was filed), and Defendants moved forward with opening the hearing and ALJ proceedings on March 5. SpaceX has been incurring ongoing harm by being subject to an unconstitutional administrative proceeding since that date and is set to incur yet another injury on May 2.

Contrary to Defendants' suggestion (Dkt. 116 at 5), SpaceX has consistently requested that this Court "issue an injunction either before or in tandem with a ruling on the venue motion." Dkt. 64 at 20; *see also* Dkts. 49, 49-1, 56. This is not a new argument. But the passage of time and continuing progress of the administrative proceeding has required SpaceX to renew its request with increased urgency. Transferring the case now, without addressing SpaceX's motion for a preliminary injunction, will almost surely add many weeks, and perhaps months, of delay before SpaceX can obtain a ruling that addresses its ongoing irreparable constitutional injuries. The Court should either grant reconsideration and promptly grant the preliminary injunction or should grant the preliminary injunction before transferring to the Central District of California.

A.     **Defendants argue against reconsideration using the wrong legal standard.**

Defendants erroneously rely (Dkt. 116 at 3) on several cases that discuss a demanding legal standard with no application here. For example, *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004), discusses the Rule 59(e) standard for reconsideration after judgment, noting that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used

---

[1] Though ALJ Anzalone is acting as special master, an April 24, 2024 order from ALJ Steckler (the presiding ALJ for the hearing) confirms that ALJ Anzalone is exercising full and independent authority as an ALJ in adjudicating the parties' discovery issues. *See* Exhibit B, April 24, 2024 ALJ Order. Both ALJs are exercising executive power in the administrative proceeding and are unconstitutionally insulated from presidential control.

sparingly." The same post-judgment standard was addressed in *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005), *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003); and *Moran v. Ceiling Fans Direct, Inc.*, No. CIV.A. H-06-0813, 2008 WL 110429, at *1 (S.D. Tex. Jan. 8, 2008). Here, there is no final judgment and Rule 59(e) does not apply.

Instead, the applicable standard is made clear in a case cited by Defendants: This Court may reconsider its rulings for any reason it deems sufficient. *See* Dkt. 116 at 3 (citing *Adams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada, AFL-CIO, Local 198*, 495 F. Supp. 3d 392, 395 (M.D. La. 2020)). In *Adams*, the party sought reconsideration of an interlocutory summary judgment ruling, and the court relied on its "broad discretion" to reconsider its interlocutory judgment. The court further explained the "standard imposed [at the interlocutory stage] is less exacting" than Rule 59 or 60. *Id.* Before final judgment, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (cleaned up). And in *Adams*, the court did so, granting reconsideration because it had made an error in law by not dismissing certain claims. This Court should likewise grant reconsideration here.

Defendants are wrong to suggest that SpaceX forfeited any arguments by referring in its motion to the reasoning of Judge Elrod's and Judge Jones's opinions. Those opinions voice support for arguments that SpaceX presented to this Court, using case law that SpaceX presented to this Court. *See* Dkt. 64 at 2-8. The relevant new development is that multiple Fifth Circuit judges have now endorsed those arguments and concluded that SpaceX filed this action in a lawful venue. That the Fifth Circuit declined, by a sharply divided vote, to exercise mandamus discretion to correct an erroneous transfer does mean that this Court should not do so now.

### B. Present circumstances warrant ruling on SpaceX's preliminary injunction motion before transfer.

Because of the time-sensitive need for a ruling on the preliminary injunction, SpaceX has consistently requested that the Court either rule on the preliminary injunction and transfer motions in tandem, or rule on the preliminary injunction motion before transfer. Dkt. 64 at 20; *see also* Dkts. 49, 49-1, 56. The need for this sequence has only grown now that the administrative proceedings have opened as of March 5, 2024, and remain ongoing. *See* Exs. A & B. While one portion of it has been postponed—the portion of the hearing with live witness testimony—that has happened only to make time for the newly assigned ALJ to resolve the parties' significant discovery disputes. Defendants downplay the scope of those discovery disputes as simple "document-production issues." Dkt. 116 at 9. That characterization is inaccurate. Indeed, the Charging Parties have filed new unfair labor practice charges against SpaceX based on SpaceX's attempts to secure discovery in the administrative proceeding, and the disputes go far beyond document production. And the Charging Parties and NLRB have issued a combined 165 subpoena requests of SpaceX, most of which are the subject of disputes that must be addressed by the ALJ prior to any document production.

But even if Defendants' characterization were accurate, it would not matter. Any act by an unconstitutionally insulated ALJ inflicts new constitutional harm, even if only addressing minor issues (and the document-production issues are far from minor). This ongoing injury is sure to continue on May 2 when the newly assigned ALJ holds a preliminary conference proceeding on the discovery issues. ALJ proceedings are open to the public, the ALJ has requested and obtained a court reporter, and thus the ALJ may issue rulings in the administrative proceeding. *See* Ex. A. To prevent that injury, SpaceX needs a preliminary injunction before then. Delay from the transfer, further court proceedings in the transferee venue, and perhaps new briefing would ensure the

preliminary injunction would not be resolved in time to prevent this harm.

SpaceX's has been consistently arguing for an expeditious resolution of the preliminary injunction from the inception of this suit. SpaceX filed the motion on January 12 because the administrative hearing was set to begin on March 5, 2024. *See* Dkt. 37, at 1. Even SpaceX's mandamus petition requested a ruling in a timeframe that permitted this Court to rule on the preliminary injunction motion before March 5. *See* No. 24-40103 (5th Cir.), Dkt. 1 at 1. SpaceX's petition for expedited rehearing en banc again requested the need for prompt relief given the hearing had opened and each new development would incur a new injury. *See* No. 24-40103 (5th Cir.), Dkt. 71 at 3-4. Meanwhile, as SpaceX previously explained to this Court, Defendants had total control to stay the administrative proceedings before the March 5 hearing date to create sufficient time for the judiciary to decide the preliminary injunction request. Even as recently as April 18, 2024, the Defendants joined the Charging Parties in their effort to request the ALJ expedite resolving the discovery matters and reconsider its decision to indefinitely postpone the May 13 hearing date, even knowing this preliminary injunction request is pending. Having chosen to not allow the judiciary sufficient time to hear the pending injunction request, they cannot credibly suggest that there is no need for this Court to immediately enjoin a proceeding that is now **already open and ongoing**. Nor can they deny that transferring the case without first addressing the preliminary injunction would have the effect of denying SpaceX's preliminary injunction in these special circumstances.[2]

---

[2] The motion has been fully briefed since February 12, 2024, when the parties respectively filed replies to the transfer motion and preliminary injunction motion, as shown by this Court's ruling on the transfer motion without waiting for a surreply. Defendants never suggested the need for a hearing under 29 U.S.C. § 107 of the Norris-LaGuardia Act in opposing the preliminary injunction, *see* Dkt. 69, perhaps because that statutory provision is obviously inapplicable. It regulates injunctions against strikes, picketing, and boycotts, "express[ing] a basic policy against the injunction of activities of labor unions." *Chi. & N. W. Ry. Co. v. United Transp. Union*, 402 U.S.

The reasoning of *Polymer80, Inc. v. Garland*, No. 23-cv-29, 2023 WL 3605430, at *5 (N.D. Tex. Mar. 19, 2023) applies in full. Venue here is not a jurisdictional issue, and SpaceX's alternative request for relief is no different than deciding to transfer but also resolve a preliminary injunction in the same order. Until this Court initiates the transfer and the record is both received and docketed in the transferee forum, this Court is the only forum which SpaceX has in which to make its preliminary injunction request.

As for the cases Defendants cite (at 6) in arguing it would be somehow improper to address the preliminary injunction motion before transfer here, all involve questions addressing whether dismissal for improper venue was warranted—and say nothing about a case like here where defendants have affirmatively argued that the interests of justice necessitate transfer rather than dismissal. *See Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537197, at *5 (S.D. Ohio Aug. 17, 2017) (granting motion to dismiss for lack of venue and denying preliminary injunction motion as moot); *Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1136 (9th Cir. 2005) (reviewing on appeal of a preliminary injunction whether the claim should have been dismissed for improper venue because it went to the district court's authority to issue the injunction)[3]; *Larson v. Galliher*, No. 2:06 CV 1471 RCJ GWF, 2007 WL 81930, at *4 (D. Nev. Jan. 5, 2007) (defendant moved to dismiss based on improper venue); *U.S. Golf Ass'n v. U.S. Amateur Golf Ass'n*, 690 F. Supp. 317, 319 (D.N.J. 1988) (seeking dismissal for venue and discussing cases involving dismissal for improper venue). *Fintech Fund, FLP v. Horne*, 327 F. Supp. 3d 1007, 1027 (S.D. Tex. 2018), is even less help to Defendants. The court there determined that venue was proper, but

---

570, 581-82 (1971) (citation omitted). There is no labor union here, and the statute does not purport to regulate injunctions against unconstitutionally structured proceedings by the NLRB. *See* 29 U.S.C. § 113 (defining the Norris-LaGuardia Act's scope).

[3] *Wong v. United States*, 373 F.3d 952 (9th Cir. 2004), does not even involve venue but instead whether immunity in a *Bivens* case must first be addressed as a logical predicate. *Id.* at 961.

dismissed on forum non conveniens grounds. *Id.* at 1026-28. Of course, if a case is dismissed, the court should not grant a preliminary injunction motion.

But these cases do not hold that when a court determines that transfer is warranted, it is somehow precluded from promptly addressing other pressing matters before transferring the case—much less that it is reversible error to do so. Defendants even acknowledge that there are cases where courts have properly issued preliminary injunctions before transfer. Dkt. 116, at 7. And here, the equities require first addressing the preliminary injunction motion, particularly when Defendants concede that improper venue does not undermine this Court's jurisdiction. *See* Dkt. 54 at 2.

## CONCLUSION

For the foregoing reasons, SpaceX respectfully requests that this Court reconsider its order transferring the case to the Central District of California or, in the alternative, grant SpaceX's motion for a preliminary injunction before transferring the case out of this District and no later than **May 2, 2024.**

Dated: April 26, 2024　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　By:　*s/ Catherine L. Eschbach*

**MORGAN LEWIS & BOCKIUS LLP**
Catherine L. Eschbach
Attorney-in-Charge
1000 Louisiana Street, Suite 4000
Houston, TX 77002-50006
catherine.eschbach@morganlewis.com
(713) 890-5719

Harry I. Johnson, III (*pro hac vice*)
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
(310) 907-1000

        Michael E. Kenneally (*pro hac vice*)
        Amanda L. Salz (*pro hac vice*)
        1111 Pennsylvania Avenue, N.W.
        Washington, DC  20004-2541
        michael.kenneally@morganlewis.com
        amanda.salz@morganlewis.com
        (202) 739-3000

        *Attorneys for Space Exploration Technologies Corp.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 26, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to all parties of record.

s/ *Catherine L. Eschbach*
Catherine L. Eschbach
