**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br>                Plaintiff, <br><br>    v. <br><br> NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board, <br><br>               Defendants. | Case No. 24-cv-0001 |

**DEFENDANTS' SURREPLY TO PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, A RULING ON ITS PRELIMINARY INJUNCTION MOTION**

      Plaintiff Space Exploration Technologies Corp. ("SpaceX") persists in its demand to have an improper forum summarily adjudicate important rights of parties and nonparties—and now, SpaceX says in its reply [Dkt. 116] that it wants the Court to honor an arbitrary decisional deadline that SpaceX has selected. This latest maneuver comes after weeks of unsuccessful wrangling before this Court and the Fifth Circuit by SpaceX to maintain its action here even though no substantial part of the events giving rise to its claims occurred in this district. At long

last, SpaceX must accept the decision of this Court that this case—including the question of preliminary relief—be decided in the Central District of California. Because SpaceX presents no grounds for this Court to either reconsider its transfer decision or hurriedly decide consequential issues that should be left to the proper court, SpaceX's motion should be denied.

### A. Reconsideration is not warranted.

SpaceX attacks the standard for reconsideration cited by Defendants as inapplicable because some of the cases cited involved reconsideration of final judgments under Federal Rule of Civil Procedure 59 or 60. [Dkt. 117 at 2-3.] According to SpaceX, a lesser standard applies for reconsideration of interlocutory orders. *Id.* But, in exercising their discretion, district courts in this circuit are regularly informed by practice under those Federal Rules when deciding motions for reconsideration of an interlocutory order. *See Adams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus., Loc. 198*, 495 F. Supp. 3d 392, 395 (M.D. La. 2020) (explaining that while the Federal Rules of Civil Procedure do not formally recognize motions for reconsideration of nonfinal orders, "courts customarily consider such motions under Rule 60(b) or Rule 59(e)"); *Chauvin v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 06-7145 R(5), 2007 WL 4365387, at *1 (E.D. La. Dec. 11, 2007) (using Rule 59 and 60 caselaw to evaluate propriety of reconsideration).

The bottom line is that "rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration" because "litigants are expected to present their strongest case when the matter is first considered [and a] motion to reconsider based on recycled arguments only serves to waste the resources of the court." *Louisiana v. Sprint Commc'ns Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995) (citation omitted). This is in accord with other circuits' understanding of the appropriate standard. *See, e.g., Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (reconsideration of interlocutory order should be denied "unless the moving

2

party can point to controlling decisions or data that the court overlooked"). Here, the premise for reconsideration is the notion that this Court did not mean what it said when it found that SpaceX's bases for venue were insubstantial, as opposed to simply less significant than events occurring elsewhere. While this misconception swayed some dissenting appellate judges, it is without merit.

### B.  This court may manage its own docket notwithstanding SpaceX's arbitrary scheduling demands.

SpaceX again suggests that this Court's transfer of the case to the proper venue "would have the effect of denying SpaceX's preliminary injunction in these special circumstances." [Dkt. 117, at 5.][1] No evidence supports this position. At the time of this filing, SpaceX is scheduled to appear in "a preliminary teleconference" on May 2 before a special master in the NLRB proceeding. [Dkt 117-1.] SpaceX would have the Court believe that this development is worthy of immediate invocation of its equitable powers. But precedents both longstanding and recent undermine this assertion. Mere participation in a proceeding—even one that a challenger asserts is constitutionally infirm—is not irreparable harm. *See Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."); *FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980); *see also Meta Platforms, Inc. v. FTC*, No. 1:23-cv-03562-RDM, 2024 WL 1121424, at *9 (D.D.C. Mar. 15, 2024) (rejecting similar challenge to ongoing agency proceeding and explaining that "not every such 'here-and-now injury' rises to the level of gravity required to

---

[1] SpaceX erroneously claims that Defendants have not "suggested the need for a hearing under 29 U.S.C. § 107 of the Norris-LaGuardia Act." *Id*. In their Reply in Support of Transfer, Defendants contested SpaceX's claim that no testimony would be needed by specifically citing to 29 U.S.C. §§ 107 and 113, which require testimony "in open court" to support an injunction in matters involving or growing out of labor disputes. [Dkt. 78, at 16.].

satisfy the irreparable injury prong of the preliminary injunction standard"). This has been recognized since the earliest cases under the National Labor Relations Act (NLRA):

> No doubt an investigation may, as the bill asserts, stir up some feeling among employees and cause some inconvenience by taking witnesses from their work, but these things are incident to every sort of trial and are part of the social burden of living under government. They are not the irreparable damage which equity will interfere to prevent; and a suit in equity would not wholly obviate them.

*Bradley Lumber Co. of Ark. v. NLRB*, 84 F.2d 97, 100 (5th Cir. 1936); *accord Elliott v. El Paso Elec. Co.*, 88 F.2d 505, 506 (5th Cir. 1937).

Thus, SpaceX's depiction of May 2 as some point of no return by which this Court must rule on the preliminary injunction motion is arbitrary at best. Attending the May 2 teleconference requires no more from SpaceX than the conference calls it attended with Administrative Law Judge Steckler earlier this year on February 12 and 23. SpaceX is not expected to produce any evidence before or during the May 2 call and, of course, no attorneys will be required to travel to appear in the teleconference. Because the agency proceedings that are taking place at this time require very little from Plaintiff, SpaceX cannot point to any harm it faces in waiting for the Central District of California to rule on the preliminary injunction motion. Indeed, the unfair-labor-practice hearing which SpaceX filed this lawsuit to enjoin is now postponed indefinitely. As a result, any delay from deferring resolution of SpaceX's preliminary injunction motion to the Central District of California would be marginal.

SpaceX also fails to confront its own role in the increasingly prolonged resolution of its preliminary injunction motion, which began with SpaceX's opposition to Defendants' Motion to Expedite Briefing on the Motion to Transfer Venue. [Dkt. 49.] This Court's decision to transfer the case to California was decided correctly well over two months ago. [Dkt. 82.] SpaceX repeatedly pursued extraordinary relief, deploying unavailing procedural tactics before the Fifth Circuit, after this Court granted Defendants' transfer motion. "The self-inflicted nature of any

harm suffered" by SpaceX weighs heavily against it here. *Pappan Enters., Inc. v. Hardee's Food Sys., Inc.*, 143 F.3d 800, 806 (3d Cir. 1998).[2]

### C. Because this Court has determined that venue is improper under Section 1406, the transferee court should decide SpaceX's preliminary injunction motion.

In again asking this Court to resolve the pending preliminary injunction motion before transferring this case to the Central District of California [Dkt. 117 at 1], SpaceX seemingly ignores that this Court has already determined that venue is improper in this district. [Dkt. 82 at 3-5.] Where, as here, venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer" the case to a proper venue. 28 U.S.C. § 1406(a).

As Defendants have repeatedly argued [Dkt. 54 at 1; Dkt. 116 at 6-7], a finding of improper venue severely limits a court's ability to act: its options are to dismiss or transfer the case. *See Baldwin Hardware Corp. v. Harden Indus., Inc.*, 663 F. Supp. 82, 85-86 (S.D.N.Y. 1987) (finding venue improper, granting defendant's cross-motion to transfer, and declining to reach merits of injunction motion in deference to transferee court), *overruled in part on other grounds*, 918 F.2d 1039 (2d Cir. 1990). There is no third option to nonetheless grant extraordinary injunctive relief at a party's behest.

The clear majority rule is that in "measuring an application for a preliminary injunction, the Court must first determine if a plaintiff has adequately set forth . . . venue when it is challenged." *U.S. Golf Ass'n v. U.S. Amateur Golf Ass'n*, 690 F. Supp. 317, 319 (D.N.J. 1988);[3]

---

[2] In particular, SpaceX's lament that it currently lacks access to a California docket in which it can file papers [Dkt. 117 at 6] ignores the inconvenient fact that it had access to that very forum after the case was initially transferred, and insisted instead on pursuing mandamus relief which, although unsuccessful, caused this case to be retransferred in the interim.

[3] SpaceX argues [Dkt. 117 at 6-7] that when a defendant challenges venue, the propriety of considering the plaintiff's request for injunctive relief turns on whether the defendant seeks dismissal rather than transfer. Notably, SpaceX cites no case as standing for this proposition.

*cf. Glazier Group, Inc. v. Mandalay Corp.*, No. H-06-2752, 2007 WL 2021762, at *1, n.1 (S.D. Tex. Jul. 11, 2007) (transferring case under § 1406 and "not resolv[ing]" the preliminary injunction motion "[b]ecause the case is transferred"). This Court has already found that SpaceX failed to meet its burden to demonstrate that venue is proper in this district. [Dkt. 82.] And the Fifth Circuit has removed the administrative stay of this Court's transfer order.[4] All that is left for this Court to do is deny the instant motion for reconsideration, defer any ruling on SpaceX's preliminary injunction motion to the transferee court, and effectuate transfer of this case to the Central District of California, where venue is proper.

### D. This Court should not derail this case into procedural chaos.

SpaceX now explicitly signals [Dkt. 177 at 5] its intent to bring this case within the ambit of *In re Fort Worth Chamber of Commerce*, 98 F.4th 265 (5th Cir. 2024), a case where a transfer was undone because it occurred after a notice of appeal had been filed from the district court's effective denial of a preliminary injunction motion by the date the plaintiffs to that case had requested. As the NLRB stated in its opposition to the instant motion [Dkt. 116 at 7-8], this Court should put an end to SpaceX's latest gambit and immediately give effect to its prior decision transferring this case, leaving the preliminary injunction motion for the transferee court to

---

SpaceX then tries to distinguish the authorities cited in Defendants' opposition on this ground. But *United States Golf Ass'n*, which Defendants previously raised [Dkt. 116 at 7], undercuts SpaceX's novel theory. There, the defendant moved to dismiss the case or transfer it for improper venue. The court determined that venue was improper and granted the defendant's motion to transfer without considering the merits of the pending preliminary injunction motion. 690 F. Supp. at 319, 322. In any event, a court does not somehow gain the ability to review the merits of a case when venue is improper simply because the defendant moved for transfer rather than dismissal; a finding that venue is improper bars a court from reaching the merits of other pending motions regardless of the case's posture. *See, e.g., Baldwin Hardware*, 663 F. Supp. at 86 (granting motion to transfer and referring injunction motion to transferee court).

[4] Furthermore, although it was not necessary for this Court to wait for mandate to issue in SpaceX's mandamus proceeding before effectuating its transfer decision, Defendants note that mandate formally issued on April 25. [5th Cir. Dkt. 116.]

resolve. Accordingly, the Court should explicitly instruct appropriate staff to immediately transmit the record of this case concurrent with the Court's denial of reconsideration. This would best ensure that a decision on the preliminary injunction motion (and any appeals of that decision) are timely considered by the proper courts.

## CONCLUSION

This Court should not reward SpaceX's repeated attempts to obtain still more appellate review of interlocutory matters in a case that notionally requires expedited treatment. Because there is one proper court to adjudicate the rights of the parties in the public interest here, this Court should deny reconsideration and forthwith effectuate transfer of this action to the Central District of California.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance, and*
 *Special Litigation Branch*

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

MATHEUS TEIXEIRA
*Trial Attorney*

GRACE L. PEZZELLA
*Trial Attorney*

s/ *David Boehm*
DAVID P. BOEHM
*Trial Attorney*
D.C. Bar No. 1033755 – *pro hac vice*
Telephone: (202) 273-4202
Email: David.Boehm@nlrb.gov

s/ *Dalford D. Owens Jr.*
DALFORD D. OWENS JR.
S.D. Tex. ID No. 1132540
State Bar No. 24060907
Telephone: (202) 273-2934
Email: Dean.Owens@nlrb.gov
*Attorney-in-Charge for Defendants*

1015 Half Street, S.E. - 4th Floor
Washington, DC 20003
Telephone: (202) 273-4202

Dated this 29th day of April, 2024.