# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| **SPACE EXPLORATION TECHNOLOGIES CORP.,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,**<br><br>    **Defendants.** | Civil Action No. 1:24-cv-00001 |

## PLAINTIFF SPACEX'S NOTICE OF APPEAL

Please take notice that Plaintiff Space Exploration Technologies Corp. ("SpaceX") hereby appeals to the United States Court of Appeals for the Fifth Circuit from this Court's effective denial of the Motion for Preliminary Injunction (Dkt. No. 37) that Plaintiff filed on January 12, 2024.

The Fifth Circuit has appellate jurisdiction over interlocutory orders of this Court that deny injunctions. 28 U.S.C. § 1292(a)(1). It is well settled that an action or inaction that has the practical effect of denying preliminary injunctive relief is immediately appealable under this provision. *See, e.g.*, *In re Fort Worth Chamber of Commerce*, 98 F.4th 265, 270 (5th Cir. 2024). This rule applies even when the district court does not "explicitly deny a preliminary injunction" if the inaction on the motion "has the practical effect of doing so and might cause irreparable harm absent immediate

1

appeal." *Clarke v. CFTC*, 74 F.4th 627, 635 (5th Cir. 2023) (cleaned up). "It's generally understood that a motion for preliminary injunctive relief generally 'must be granted *promptly* to be effective,' so if a district court does not timely rule on a preliminary-injunction motion, it can effectively deny the motion." *Fort Worth Chamber*, 98 F.4th at 271 (citation omitted).

The context of the case determines whether there has been an effective denial of the preliminary injunction. *See id.* Here, the context demonstrates there was an effective denial of SpaceX's request for preliminary injunctive relief. The National Labor Relations Board ("NLRB") authorized a consolidated administrative complaint on January 3, 2024, which set a hearing date just two short months later, on March 5. SpaceX promptly filed this action in the Southern District of Texas, Brownsville Division, on January 4, *see* Dkt. No. 1; and then, after the NLRB defendants refused to stay the administrative hearing to allow adjudication of the constitutionality of those proceedings in court, SpaceX moved for a preliminary injunction on January 12. Dkt. No. 37 & Dkt. No. 37-2. SpaceX requested relief on the preliminary injunction motion expeditiously because of the March 5 hearing date. Defendants, however, moved to transfer this case to the Central District of California, and briefing on the two issues proceeded simultaneously. SpaceX urged that this Court decide the preliminary injunction motion before the transfer motion because of the need for expeditious resolution of the preliminary injunction motion and because transferring the case would likely result in significant delay of the resolution of that motion—emphasizing that Defendants entirely controlled the timing of the hearing and the need for relief. Dkt. Nos. 49, 49-1, 56, & 64 at 20.

On February 15, the Court granted Defendants' motion to transfer under 28 U.S.C. § 1406, finding that venue was improper in this District under 28 U.S.C. § 1391(e). SpaceX sought an emergency writ of mandamus from the Fifth Circuit, requesting relief in time for the preliminary

injunction to be resolved before the March 5 hearing. *In re SpaceX*, No. 24-40103, Dkt. No. 2 (5th Cir. Feb. 16, 2024). The Fifth Circuit administratively stayed the transfer, but at Defendants' urging, the Central District of California docketed the case despite the Fifth Circuit's stay. No. 24-40103, Dkt. No. 110-1. On February 26, the Fifth Circuit directed this Court to "immediately" request the Central District of California return the case since a docket had been opened for procedural clarity and comity. No. 24-40103, Dkt. No. 46. On March 1, this Court requested the case back. Upon the return of the record to this Court, the Fifth Circuit issued a one-line order on March 5, denying the writ petition over Judge Elrod's dissent. No. 24-40103, Dkt. No. 59. Procedural confusion apparently delayed a ruling on the mandamus petition. *See* No. 24-40103, Dkt. No. 46.

That same day, March 5, the administrative hearing opened. A judge of the Fifth Circuit withheld the mandate, No. 24-40103, Dkt. No. 66, keeping the administrative stay of the transfer in effect. SpaceX then quickly filed an expedited petition for en banc rehearing on March 7, again noting the need for prompt relief given SpaceX's irreparable constitutional injury from the already opened hearing and each new development in that proceeding. No. 24-40103, Dkt. No. 71. An evenly divided court denied the en banc petition by an 8-to-8 vote, with Judge Jones authoring a dissent, on April 17. No. 24-40103, Dkt. No. 111. The administrative stay was lifted the same day.

Because this Court still had jurisdiction over this action, SpaceX immediately asked this Court to reconsider its transfer order based on the additional input from judges of the Fifth Circuit. Dkt. No. 112. In the alternative, SpaceX requested that this Court resolve the preliminary injunction motion before transfer given the already delayed adjudication of the preliminary injunction motion and the continued need for expeditious resolution of the motion to stop ongoing constitutional harm given the administrative proceeding has been ongoing since on March 5. *Id.*

3

On April 26, SpaceX filed its reply in support of the motion for reconsideration informing the Court that a ruling on the preliminary injunction motion was needed to halt the administrative proceedings given a conference was scheduled before an ALJ for May 2, during which rulings might issue as the ALJ had requested a court reporter for the conference. Dkt. No. 117. That conference was scheduled on April 24—a week after SpaceX had filed the initial motion for reconsideration—and was a new development accelerating the need for the preliminary injunction. *Id.* at 1-2. SpaceX's reply explained that, as of May 2, SpaceX would be certain to incur a new constitutional injury and thus there was an accelerated need for a preliminary injunction ruling before that date given the mere act of an unconstitutional ALJ presiding over a hearing (as well as the possibility that an unconstitutionally insulated ALJ would be issuing significant discovery rulings) would be a new irreparable constitutional injury. *Id.* at 1-2, 4-5.

As of 10 p.m. Central Time on April 30, this Court had not yet ruled on the motion for reconsideration or the alternative request for a ruling on the preliminary injunction motion in time to halt the ALJ hearing on May 2 at 12 p.m. Pacific Time. This amounts to an effective denial of the preliminary injunction motion. The ongoing harm that SpaceX is incurring from the administrative proceeding (including, at present, fights over discovery before a second ALJ) necessitates an immediate resolution of the preliminary injunction motion.

For all these reasons, the Court's inaction on SpaceX's motion for a preliminary injunction and motion for reconsideration or, in the alternative, a ruling on their preliminary injunction motion before transfer has effectively denied SpaceX's request for meaningful preliminary injunctive relief. SpaceX gives this notice of appeal.[1]

---

[1] To obtain timely appellate review before the May 2 ALJ hearing when it will incur new irreparable harm, SpaceX did not believe it could wait any longer before seeking relief from the Fifth Circuit. The Fifth Circuit has a 2 p.m. deadline for filings seeking emergency relief. So, to

4

Dated: April 30, 2024

Respectfully submitted,

By: *s/ Catherine L. Eschbach*

**MORGAN LEWIS & BOCKIUS LLP**
Catherine L. Eschbach
Attorney-in-Charge
1000 Louisiana Street, Suite 4000
Houston, TX 77002-50006
catherine.eschbach@morganlewis.com
(713) 890-5719

Harry I. Johnson, III (*pro hac vice*)
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
(310) 907-1000

Michael E. Kenneally (*pro hac vice*)
Amanda L. Salz (*pro hac vice*)
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004-2541
michael.kenneally@morganlewis.com
amanda.salz@morganlewis.com
(202) 739-3000

*Attorneys for Space Exploration Technologies Corp.*

---

ensure the Fifth Circuit's clerk's office can open a docket on May 1 in time for SpaceX to file a motion for emergency relief, SpaceX is filing this Notice after the close of business on April 30. The filing of this notice vests jurisdiction over this action with the Court of Appeals for the Fifth Circuit. *See Fort Worth Chamber*, 98 F.4th at 273.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to all parties of record.

s/ *Catherine L. Eschbach*
Catherine L. Eschbach
