UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP.,<br><br>        Plaintiff,<br>  v.<br><br>NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,<br><br>        Defendants. | Case No. 24-cv-0001 |

**MOTION FOR INDICATIVE RULING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62.1
AND
REQUEST FOR EXPEDITED BRIEFING AND DECISION**

## INTRODUCTION AND MOTION

In an effort to expedite this case towards final disposition on the merits by the proper court, Defendants National Labor Relations Board, *et al*. ("NLRB") hereby give notice they are willing to consent to the entry of an order ("Alternative Relief Order") awarding, in substance, the alternative relief requested by Plaintiff Space Exploration Technologies Corp. ("SpaceX") in its motion to reconsider transferring this case [Dkt. 112]. Specifically, conditioned upon the granting of this motion, remand of the pending appeal in Fifth Circuit Case No. 24-40315 for the purpose of entering the Alternative Relief Order, and dismissal of that appeal, Defendants consent to entry of the Alternative Relief Order, which would require them to cease further processing NLRB Case Nos. 31-CA-307446, 31-CA-307532, 31-CA-307539, 31-CA-307546, 31-CA-307551, 31-CA-307555, 31-CA-307514, and 31-CA-307525 in all respects, prior to final judgment in this action. [*Cf.* Dkt. 37-5 (setting forth SpaceX's proposed preliminary-injunction order)]. Defendants accordingly move this Court pursuant to Rule 62.1 of the Federal Rules of Civil Procedure for an indicative ruling stating it would enter the Alternative Relief Order if the case were remanded for that purpose. Finally, a truncated briefing schedule is appropriate given the posture of this case, to prevent further expenditure of party and judicial resources on the prosecution of what is likely an unnecessary Fifth Circuit appeal. A proposed indicative ruling and briefing order is attached.

## ISSUES IN DISPUTE

NLRB no longer opposes an order that would grant, in substance, the alternative relief SpaceX requested of this Court. The issue is whether this Court should issue an indicative ruling stating it would grant such relief.

## PROCEDURAL BACKGROUND

Following the Fifth Circuit's denial of mandamus to reverse this Court's decision to transfer this case for lack of proper venue, SpaceX sought reconsideration of this Court's transfer decision, or alternatively, entry of a preliminary injunction prior to transfer. [Dkt. 112.] In its reply of April 26, 2024 in support of that motion, SpaceX added a new request: that this Court act by May 2, 2024, pointing towards an upcoming teleconference before an NLRB administrative law judge in relation to document-production issues. [Dkt. 117.] But on April 30, two days before its May 2 deadline, SpaceX filed a notice of appeal of the "effective denial" of its requested preliminary injunction because this Court had not yet ruled on it. On May 1, 2024, SpaceX then filed an emergency motion for an injunction pending appeal with the Fifth Circuit and the NLRB filed a motion to dismiss the appeal for lack of jurisdiction. On May 2, the Fifth Circuit entered an injunction pending appeal, and the following day, May 3, it denied the NLRB's motion to dismiss the appeal. The appeal remains before the Fifth Circuit with SpaceX's opening brief on the merits of the "effective denial" due June 17.

## ARGUMENT

**This Court should issue an indicative ruling stating it would issue the requested order.**

The NLRB believes that an injunction against its proceedings in Cases 31-CA-307446, *et al.*, is not permissible, necessary, or appropriate under Rule 65 of the Federal Rules of Civil Procedure on the facts of this case. But in the interest of conserving scarce judicial resources, avoiding unnecessary expense and delay, and expediting this case towards final judgment on the merits in the proper court, the NLRB is willing to agree to suspend processing the challenged agency case pending final judgment in this action.

To alleviate any concern that this position is merely voluntary cessation and that Defendants will not keep their agreement, *e.g., Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 189 (2000), Defendants agree to be bound by a court order. As such, the proposed Alternative Relief Order would require Defendants to cease further processing the challenged agency proceeding until final judgment in this action. Defendants also agree the Alternative Relief Order would be law of the case should the case be transferred, and waive the right to seek reconsideration of the Alternative Relief Order in this action. This compromise is conditional upon the Alternative Relief Order being expressly limited to this case, and including in its terms that the Defendants do not admit, and the Court does not find, that the standards for contested injunctive relief under the Federal Rules of Civil Procedure have been met in this case.

Because the question of whether a court can or should issue an injunction preventing the NLRB from proceeding with the complained-of administrative hearing is now pending before the Fifth Circuit, this Court is without jurisdiction to grant or deny such relief. The NLRB accordingly invokes the indicative ruling procedure of Rule 62.1 of the Federal Rules of Civil Procedure. Under that provision, a party may ask a district court for relief "that it lacks authority to grant because of an appeal that has been docketed and is pending," so that the district court may state "that it would grant the motion if it could." *United States v. Lucero*, 755 F. App'x 384, 387 (5th Cir. 2018) (cleaned up). Issuing the requested ruling here would allow the Fifth Circuit to expeditiously remand this case so that this case may finally be considered on the merits. *See* Fed. R. Civ. P. 1 (federal rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

4

**This Court should expedite briefing and decision of this motion.**

Because this motion presents a simple question—Defendants no longer contest alternative relief requested by SpaceX—and there is a pending appeal involving SpaceX's request for preliminary injunctive relief, the NLRB requests expedited briefing and decision on this request. Specifically, the NLRB requests that any opposition be due two business days following entry of an order setting briefing, any reply be due one business day after filing of any opposition, any surreply be due one business day following any reply, and that the Court reserve the prerogative to rule before the filing of any reply or surreply.

## CONCLUSION

In the interest of resolving this dispute as quickly as possible in the proper forum, the Court should issue the requested indicative ruling following any expedited responses to this request.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance, and*
 *Special Litigation Branch*

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

GRACE L. PEZZELLA
*Trial Attorney*

s/ *David Boehm*
DAVID P. BOEHM
*Trial Attorney*
D.C. Bar No. 1033755 – *pro hac vice*
Telephone: (202) 273-4202
Email: David.Boehm@nlrb.gov

s/ *Dalford D. Owens Jr.*
DALFORD D. OWENS JR.
S.D. Tex. ID No. 1132540
State Bar No. 24060907
Telephone: (202) 273-2934
Email: Dean.Owens@nlrb.gov
*Attorney-in-Charge for Defendants*

1015 Half Street, S.E. - 4th Floor
Washington, DC 20003
Telephone: (202) 273-4202


Dated this 16th day of May, 2024.