United States District Court
Southern District of Texas
**ENTERED**
May 17, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br> "Plaintiff," <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, ET AL., <br> "Defendants." | § § § § § § § § § § § | Civil Action No. 1:24-cv-00001 |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's "Motion for Reconsideration or, in the Alternative, a Ruling on its Preliminary Injunction Motion" (Dkt. No. 112) ("Motion"), Defendants' "Opposition to Plaintiff's Motion for Reconsideration, or in the Alternative, a Ruling on its Preliminary Injunction Motion" (Dkt. No. 114) ("Response"), Plaintiff's "Reply in Support of Motion for Reconsideration or, in the Alternative, a Ruling on its Preliminary Injunction Motion" (Dkt. No. 117) ("Reply"), and Defendants' "Surreply to Plaintiff's Motion for Reconsideration, or in the Alternative, a Ruling on its Preliminary Injunction Motion" (Dkt. No. 118) ("Surreply"). For these reasons, Plaintiff's Motion (Dkt. No. 112) is **DENIED**:

### I. BACKGROUND

On February 15, 2024, the Court issued an order transferring this case to the Central District of California under 28 U.S.C. § 1406(a) ("Order") based on the finding that a substantial part of the events or omissions giving rise to Plaintiff's claim did not occur in the Southern District of Texas. *See* Dkt. No. 82 at 4 ("The events touching this district are incidental to the principal events occurring elsewhere and constitute a relatively small portion of the total body of events."). On appeal, the Fifth Circuit denied Plaintiff's petition for writ of mandamus. *In re Space Exploration Technologies, Corporation*, No. 24-40103, Dkt. No. 59 (5th Cir. Mar. 5, 2024). In April 2024, the Fifth Circuit also denied Plaintiff's petition for rehearing en banc. *In re Space Exploration Technologies, Corporation*, No. 24-40103, Dkt. No. 111 (5th Cir. Mar. 5, 2024). Plaintiff now moves the Court to reconsider its Order based on the dissenting opinions in the Fifth Circuit's denials of its petitions. *See* Dkt. No. 112 at 2.

## II. LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Fed. R. Civ. P. ("Rule") 54(b) governs motions for reconsideration of interlocutory orders, or those not disposing of every claim or adjudicating the rights of all parties to a case. *Bellard v. Univ. of Tex. MD Anderson Cancer Ctr.*, No. 3:22-cv-88, 2023 U.S. Dist. LEXIS 180179, *5 (S.D. Tex. Aug. 2, 2023). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990). Though trial courts are granted considerable discretion, they are guided by the considerations involved under the more restrictive Rule 59(e), which applies to reconsideration of final judgments. *Flores v. Harris*, No. H-17-3817, 2019 U.S. Dist. LEXIS 119163, *5 (S.D. Tex. Jul. 17, 2019). Under Rule 59(e), "a motion to reconsider may not be used to relitigate matters, raise arguments, or submit evidence that could have been presented before the judgment or order was entered." *Id.* at *5–6.

## III. DISCUSSION

Plaintiff has not alleged a compelling reason to reconsider the Court's Order. One of the main complaints in the Fifth Circuit dissents is that the Court utilized comparative language in judging whether a substantial portion of the events giving rise to the claim occurred in the Southern District of Texas. *See* Dkt. No. 113 at 5, 11–12. The dissents thus concluded that the Court applied an impermissible "most substantial part of the events" test. *Id.* at 12. This is NOT the case.

The Order cited authority stating that courts should not seek to determine the "best" venue but also that courts "should not accept venue if the activities that transpired in the forum district were insubstantial in relation to the totality of events giving rise to Plaintiff's claims." Dkt. No. 82 at 2; *see Andrade v. Chojnacki*, 934 F. Supp. 817, n. 18 (S.D. Tex. 1996) (citing *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3rd Cir. 1994)). The Court did not compare the relative quality of each possible venue, but it did compare events in the Southern District of Texas with the totality of events giving rise to Plaintiff's claim.

The statute's use of the term "substantial part" invites a comparison of the part to the whole. The Court found that those events in the Southern District of Texas comprised an

2

insubstantial part of the whole, and it held that venue was proper in the Central District of California because a great majority or substantial part of the events giving rise to the action occurred in California. Any language directly comparing the two venues was intended to serve as an illustration of the disparity of said events.

As this determination must be made with an eye towards all relevant events, the Court also had to consider the mass of events that occurred in California and elsewhere in comparison with those in Texas to determine whether the events in Texas constituted a significant portion of the total. Venue may have been proper in the Southern District of Texas based on the alleged events occurring here in a case in which the distribution of events across districts was more even, allowing the Texas events to comprise a more substantial part of the whole. But venue was proper in the Central District of California and not the Southern District of Texas because the events in the former comprised a great majority of the whole that dwarfed those in the latter such that they could not comprise a substantial portion of the total events.

The Court's decision was based on the finding that a relatively insignificant portion of the events giving rise to the claim occurred in Texas. There was NO "better" or "best" venue analysis by the Court; said analysis would be irrelevant. The Court stands by its application of the law and its decision to transfer this case. Plaintiff has not alleged a sufficient reason to reconsider the Order.

### IV.   CONCLUSION

For these reasons, Plaintiff's Motion (Dkt. No. 112) is **DENIED**. It is **ORDERED** that this case be transferred to the Central District of California 21 days from the filing of this order under 28 U.S.C. 1406(a).

Signed on this 17th day of May 2024.

Rolando Olvera
United States District Judge

3