**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board, <br><br> Defendants. | Case No. 24-cv-0001 |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF**
**MOTION FOR INDICATIVE RULING**

On May 16, 2024, Defendants National Labor Relations Board, et al., ("NLRB") filed a

motion for an indicative ruling in this action in relation to relief blocked by a pending appeal.

[Doc. 122.] Specifically, the NLRB asked this Court to issue an indicative ruling under Rule 62.1

of the Federal Rules of Civil Procedure, stating that it would, if jurisdiction were restored to it,

enter an order precluding further processing of the agency cases against SpaceX until issuance of

final judgment in this case. On May 17, 2024, this Court entered an order (the "Reconsideration

Order") denying reconsideration of its earlier determination that this case should be transferred

to the Central District of California, and directing that the transfer be effectuated 21 days following entry of that order. [Doc. 123.] As described below, the issuance of the Reconsideration Order makes even more compelling the NLRB's request for expedited treatment of its motion for an indicative ruling.

Under recent Fifth Circuit decisions, a pending appeal restricts a district court's ability to transfer a case. Specifically, the Fifth Circuit has held that by transferring a case while an appeal is pending, a district court "alter[s] the status of the case as it rests before the Court of Appeals." *In re Fort Worth Chamber of Com.*, ---- F.4th ----, No. 24-10266, 2024 WL 1976963, at *6 (5th Cir. May 3, 2024).[1] As such, a district court lacks jurisdiction to transfer a case while such an appeal is pending. This case is arguably distinguishable from *Fort Worth Chamber* insofar as this Court's actual transfer order (as opposed to the Reconsideration Order, which merely *declined* to alter the status of the case) was issued on February 15, and thus long predates the filing of any notice of appeal, *compare* 2024 WL 1976963, at *2 (notice of appeal filed four days prior to transfer of the case). But tying up this case in further futile litigation over the applicability of *Fort Worth Chamber* promises nothing but still more wasted time and resources. For present purposes, the NLRB assumes arguendo that *Fort Worth Chamber* would operate to block effectuation of transfer so long as the Fifth Circuit appeal remains pending.

The NLRB moved for an indicative ruling to avoid a jurisdictional quagmire and swiftly resolve all issues in the pending Fifth Circuit appeal, so that it may be dismissed and this case properly transferred. The Reconsideration Order's direction to effectuate transfer in 21 days can be fully effectuated so long as the pending appeal is timely dismissed. But unless the Court

---

[1] The NLRB notes its disagreement with *Fort Worth Chamber*, but it represents binding precedent on that issue.

expedites consideration of the NLRB's motion for indicative ruling, yet more delay (not to mention the possibility of procedural confusion) is likely to occur. Absent expedition, SpaceX would not even be due to file an opposition to the motion for indicative ruling until June 6, just one day before the transfer is scheduled to go into effect. It is thus highly unlikely that the Fifth Circuit appeal could be terminated prior to the currently scheduled June 7 transfer date.

The effect of the Reconsideration Order on the NLRB's motion for an indicative ruling thus provides a further basis for expedited briefing and treatment of that motion.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance, and*
  *Special Litigation Branch*

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

GRACE L. PEZZELLA
*Trial Attorney*

s/ *David Boehm*
DAVID P. BOEHM
*Trial Attorney*
D.C. Bar No. 1033755 – *pro hac vice*
Telephone: (202) 273-4202
Email: David.Boehm@nlrb.gov

s/ *Dalford D. Owens Jr.*
DALFORD D. OWENS JR.
S.D. Tex. ID No. 1132540
State Bar No. 24060907
Telephone: (202) 273-2934
Email: Dean.Owens@nlrb.gov
*Attorney-in-Charge for Defendants*

1015 Half Street, S.E. - 4th Floor
Washington, DC 20003
Telephone: (202) 273-4202

Dated this 17th day of May, 2024