**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| **SPACE EXPLORATION TECHNOLOGIES CORP.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,**<br><br>**Defendants.** | Civil Action No. 1:24-cv-00001 |

**PLAINTIFF SPACEX'S OPPOSITION TO DEFENDANTS' MOTION FOR INDICATIVE RULING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62.1**

# TABLE OF CONTENTS

**Page**

PROCEDURAL HISTORY .......... 2

ARGUMENT .......... 3

I. Defendants' Motion is improper because they have not filed a predicate motion .......... 4

II. The Court cannot construe the Motion as a motion for an injunction because Defendants deny that an injunction is appropriate. .......... 5

III. Defendants' request is untimely .......... 7

IV. Defendants' Alternative Relief Order is not substantially equivalent to the order SpaceX seeks on appeal. .......... 8

CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Dearmore v. City of Garland*,
519 F.3d 517 (5th Cir. 2008) ....................11

*Dinosaur Merch. Bank Ltd. v. Bancservices Int'l LLC*,
No. 19-cv-84, 2021 WL 5446953 (E.D. Mo. Aug. 3, 2021)....................4

*Exxon Mobil Corp. v. Arjuna Capital, LLC*,
No. 4:24-CV-00069-P, 2024 WL 2331803 (N.D. Tex. May 22, 2024)....................7

*Griggs v. Provident Consumer Disc. Co.*,
459 U.S. 56 (1982)....................3

*Maricultura del Norte, S. de R.L. de C.V. v. WorldBusiness Cap., Inc.*,
No. 14-cv-10143, 2019 WL 2117645 (S.D.N.Y. Apr. 26, 2019) ....................12

*Medgraph, Inc. v. Medtronic, Inc.*,
310 F.R.D. 208 (W.D.N.Y. 2015)....................4, 5

*Munaf v. Geren*,
553 U.S. 674 (2008)....................6

*Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*,
68 F.4th 206 (5th Cir. 2023) ....................10

*Perez v. City of San Antonio*,
98 F.4th 586 (5th Cir. 2024) ....................1

*Singleton v. Cannizzaro*,
397 F. Supp. 3d 840 (E.D. La. 2019)....................4

*Smith v. HSBC Bank USA, N.A.*,
No. 15-cv-70, 2018 WL 11413590 (S.D. Ga. Dec. 4, 2018) ....................5

*Winter v. Nat. Res. Def. Council, Inc.*,
555 U.S. 7 (2008)....................6

*Wooten v. Roach*,
964 F.3d 395 (5th Cir. 2020) ....................3

**Statutes**

Norris-LaGuardia Act Section 107 ....................10

**Other Authorities**

Fed. R. Civ. P. 62.1 .......... 3, 4, 5, 7

Fed. R. Civ. P. 65 .......... 5, 6, 7

Defendants' Motion for an Indicative Ruling (Dkt. #122) ("Motion") makes an extraordinary request. It asks the Court to advise the Fifth Circuit that if it remands this case, this Court will enter an order enjoining the NLRB from processing its administrative case against SpaceX until a different court (the Central District of California) enters final judgment in this action. That's odd enough, but not even the half of it. Defendants request this injunction even as they continue to argue that the circumstances do not meet the well-settled legal requirements for injunctive relief. And they never address their repeated claims that this Court lacks the power to enter such an injunction because of this Court's prior venue ruling and the Norris-LaGuardia Act.

Defendants' Motion is merely a ploy to escape an unfavorable forthcoming ruling from the Fifth Circuit. A motions panel of that Court has already found that SpaceX satisfies the elements for an injunction pending appeal. Those are the same elements that SpaceX must satisfy to obtain a preliminary injunction. *See, e.g.*, *Perez v. City of San Antonio*, 98 F.4th 586, 612 (5th Cir. 2024). Defendants can read the writing on the wall, and hope that instead of facing a Fifth Circuit decision explaining why a preliminary injunction is warranted, they can procure a pale substitute more to their liking. This request has little to do with the preservation of party and court resources. Defendants have had many opportunities to voluntarily postpone their administrative proceedings since SpaceX filed this lawsuit in January—to let the judicial process unfold in an efficient manner. But they deliberately rejected that approach, preferring to rush forward with their proceedings without allowance for the litigation. If they really cared about preserving party and court resources, they would have taken steps to do just that in January.

The Court should not play along with Defendants' gambit. Their Motion is procedurally improper for several independent reasons. And even on its own terms, it rests on the fiction that the "Alternative Relief Order" Defendants are conditionally willing to accept would grant SpaceX

the same relief it has sought through its preliminary injunction motion and Fifth Circuit appeal. On the contrary, their Motion would interfere with the appellate process already playing out in the Fifth Circuit and would create multiple significant risks for SpaceX. This Court should reject Defendants' transparent attempt to duck an unfavorable appellate ruling and deny the Motion.

**PROCEDURAL HISTORY**

On January 4, 2024, SpaceX filed its Complaint for Declaratory and Injunctive Relief, alleging that the NLRB proceedings underlying this action are unconstitutional in four different ways. Dkt. #1. SpaceX repeatedly asked Defendants to stay or postpone their administrative proceedings (which were scheduled to open on March 5, 2024) to allow the federal courts to adjudicate these matters, but Defendants consistently refused. SpaceX first made such a request on January 5, 2024. *See* Dkt. #37-2 (¶ 4). Given Defendants' opposition to staying the administrative proceedings, SpaceX was forced to file a motion for a preliminary injunction on January 12. Dkt. #37. Even after that filing, however, SpaceX continued to request that Defendants postpone the March 5 hearing and stay the administrative proceedings to allow resolution of these issues by the federal courts. *See* Dkt. #49-1. But the NLRB's regional director declined to do so. Dkt. #49-2. Defendants explicitly refused "to voluntarily enjoin themselves while this case proceeds." Dkt. #54 at 4.

As a result, the NLRB administrative hearing opened on March 5. During this time, the parties were litigating venue in the Fifth Circuit, which had stayed this Court's transfer order, on SpaceX's petition for mandamus. On April 17, the mandamus proceedings concluded, and the Fifth Circuit dissolved the stay of the transfer. Dkt. #111. That same day, SpaceX moved for reconsideration of the transfer order and, in the alternative, for a preliminary injunction before transfer. Dkt. #112. When one of the NLRB's administrative law judges scheduled a hearing on discovery issues for May 2, 2024, SpaceX made a request on April 26 that this Court rule on the

motion for a preliminary injunction before the May 2 ALJ hearing. *See* Dkt. #117. After the close of business on April 30, SpaceX filed a notice of appeal to allow it sufficient time to seek appellate relief before the May 2 hearing. Dkt. #119.

SpaceX filed a motion for an injunction pending appeal in the Fifth Circuit on May 1. Defendants moved to dismiss the appeal that same day on jurisdictional grounds. The Fifth Circuit granted SpaceX an injunction pending appeal on May 2. *See* Order (Exhibit A). The Fifth Circuit denied Defendants' motion to dismiss the appeal on May 3. Dkt. #121.

Defendants then waited nearly two weeks. On May 16, they filed their Motion seeking an indicative ruling. Dkt. #122. Despite their own delay in filing the Motion, they sought to expedite the Motion on an unnecessarily quick schedule.[1]

**ARGUMENT**

It is well settled that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case." *Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020).

Defendants agree that this Court currently lacks jurisdiction to grant a preliminary injunction of the NLRB proceedings, which is the issue the Fifth Circuit will now decide. Mot. 4. They therefore request an indicative ruling under Rule 62.1 of the Rules of Federal Procedure. *See*

---

[1] SpaceX opposes any effort to expedite briefing on this Motion. It is unnecessary, especially after the Fifth Circuit granted SpaceX a 30-day extension to file its opening brief in the Fifth Circuit. Although Defendants have moved the Fifth Circuit to reconsider that grant of an extension, it gives Defendants until mid-July before they would need to begin working on their appellate brief. To the extent the request to expedite briefing on this Motion is not already moot, SpaceX requests that it be denied.

Mot. 1. Under that provision, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1.

Because Defendants have not complied with Rule 62.1's prerequisites and because their arguments do not survive scrutiny even on their own terms, the Court should deny their Motion.

**I. Defendants' Motion is improper because they have not filed a predicate motion.**

Defendants' Motion fails for a simple threshold reason. "Under the Rule's plain text, 'a timely motion' that the Court lacks the jurisdiction to entertain must be made before the Court can indicate how it would rule on such a motion." *Singleton v. Cannizzaro*, 397 F. Supp. 3d 840, 845 (E.D. La. 2019). In this way, "the text of the Rule clearly requires a predicate motion to have been filed." *Id.* "This makes sense: courts cannot indicate how they would rule on motions that have not been made." *Id.*

Defendants have not complied with this requirement. They have not filed any predicate motion on which they are now asking this Court to indicate how it would rule. Rather, they have filed "an independent, free-standing Rule 62.1 motion, asking the district court, in the abstract as it were, to advise the court of appeals what it would do if the court of appeals were to remand the case." *Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208, 210 (W.D.N.Y. 2015). This problem on its own justifies denying the Motion. "Because [Defendants] have not filed a predicate motion seeking any type of relief, this Court cannot indicate—at least not pursuant to Rule 62.1—how it would rule on such a motion." *Singleton*, 397 F. Supp. 3d at 846; *see also, e.g.*, *Dinosaur Merch. Bank Ltd. v. Bancservices Int'l LLC*, No. 19-cv-84, 2021 WL 5446953, at *1 (E.D. Mo. Aug. 3, 2021) ("Rule 62.1 … does not provide a basis for such a free-standing motion asking the Court to

provide an advisory or indicative ruling informing the Eighth Circuit Court of Appeals what it would do if the case were to be remanded."); *Smith v. HSBC Bank USA, N.A.*, No. 15-cv-70, 2018 WL 11413590, at *2 (S.D. Ga. Dec. 4, 2018) ("By its terms, Rule 62.1 requires an underlying motion for relief. Without an underlying motion for relief, a Rule 62.1 Motion for Indicative Ruling fails. Here, the Smiths have not filed a motion for relief in addition to their Motion for Indicative Relief."); *Medgraph*, 310 F.R.D. at 210 ("Medgraph has not filed any motion for relief, apart from its motion under Rule 62.1, and the motion is subject to denial on that ground alone.").

## II. The Court cannot construe the Motion as a motion for an injunction because Defendants deny that an injunction is appropriate.

The requirement to file a predicate motion before invoking Rule 62.1 is not an empty formality. It ensures that the Court has a fully articulated basis for the relief that it is being asked to consider granting, and helps avoid gamesmanship designed to interfere with the appellate process. Defendants' Motion illustrates that very problem. Although they superficially ask the Court to enter an injunction—indeed, they purport to ask the Court to grant, "in substance," the alternative request in SpaceX's motion for reconsideration (Dkt. #112) to grant SpaceX's preliminary injunction motion (Dkt. #37) before transferring the case if the Court declined to reconsider transfer—their Motion does not actually articulate grounds for such relief or concede that SpaceX's prior motions are meritorious. *See* Mot. 2. Just the opposite, Defendants' Motion asserts "that an injunction against its proceedings in Cases 31-CA-307446, *et al.*, is not permissible, necessary, or appropriate under Rule 65 of the Federal Rules of Civil Procedure on the facts of this case." Mot. 3. And their proposed "Alternative Relief Order" builds that viewpoint into the ruling they ask the Court to issue. *See* Dkt. #122-4 at 2 (asking the Court to order that "Defendants do not admit, and the Court does not find, that the standards for contested injunctive relief under the Federal Rules of Civil Procedure have been met in this case."). They have not

withdrawn or waived their opposition to SpaceX's prior motions.[2]

Defendants cannot have it both ways. Either SpaceX has met the requirements for a preliminary injunction, or not. Courts have no discretion to enter injunctions on a whim. "[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Indeed, it is reversible error to enter a preliminary injunction without verifying a likelihood of success on the merits. *See, e.g.*, *Munaf v. Geren*, 553 U.S. 674, 690–91 (2008). Similarly, it is reversible error to enter an injunction without verifying that irreparable injury is likely without such relief. *See, e.g.*, *Winter*, 555 U.S. at 22. And, under Rule 65, "[e]very order granting an injunction … must … state the reasons why it issued." Fed. R. Civ. P. 65(d)(1)(A). Defendants' proposed order violates all these requirements. It merely articulates a boilerplate statement that "[t]he necessary conditions for entry of this order hav[e] been met," but in the same breath states, self-contradictorily, that "the Court does not find[] that the standards for contested injunctive relief … have been met." Dkt. #122-4 at 2.[3]

Of course, SpaceX believes it has met the requirements for a preliminary injunction. And the Fifth Circuit motions panel, by granting an injunction pending appeal, agreed. *See* Ex. A. But that is not the question posed by Defendants' Motion. The more pertinent question is whether Defendants have articulated lawful grounds for entering their requested "Alternative Relief

[2] Defendants notably do not request vacatur of this Court's effective denial of the motion for a preliminary injunction. Rather, they seek to leave this case in a posture where, as the Fifth Circuit has already ruled, there was an effective denial of the motion for a preliminary injunction, but the appeal is mooted without ever resolving the correctness of that decision.

[3] Given the unusual disclaimer in Defendants' proposed order, it remains unclear exactly what "relief" Defendants are moving this Court to indicate it would grant and under what authority this Court might do so, and thus unclear that Defendants are even proposing relief concrete enough for this Court to indicate it would grant the relief.

Order." They have not. They cite no precedent for the injunction they request. And they disavow the propriety of the preliminary injunction under the applicable rule of procedure, Rule 65.

Nor has there been any agreement or settlement of sorts between the parties to make an injunction an agreed-upon order. SpaceX does not consent to the entry of an order with the content that Defendants describe. SpaceX requested an injunction that complies with Rule 65. *See* Dkt. #37-5 at 2. The Alternative Relief Order that Defendants have devised does not "in substance" grant the same relief. *Contra* Mot. 2.

Despite Defendants' contrary assurances, Mot. 4, their proposal creates a serious voluntary cessation problem. Defendants make a one-sided promise that they "agree to be bound by a court order," and agree that the order "would be law of the case should the case be transferred, and waive the right to seek reconsideration." Mot. 4. But Defendants cite no authority suggesting that the transferee court would be obligated to respect that law-of-the-case determination and keep the order in place. *Cf. Exxon Mobil Corp. v. Arjuna Capital, LLC*, No. 4:24-CV-00069-P, 2024 WL 2331803, at *6 (N.D. Tex. May 22, 2024) ("As a matter of law, Defendants' letter promising not to refile is toothless. Sparing a primer on 1L contract formation, Defendants' letter was a unilateral promise, not an enforceable contract."). That is a particularly serious concern given Defendants' adamant refusal to admit that the injunction is justified under the applicable law and facts.

So Defendants' failure to file any proper motion supporting their underlying request for relief seems not to be an oversight. The truth is Defendants can't articulate a reasoned basis for their Alternative Relief Order given their position on the impropriety of an injunction. For this reason, too, the Court should deny their Motion.

**III. Defendants' request is untimely.**

The Court should also deny the Motion because it is untimely. As quoted above, Rule 62.1 requires a "timely motion … for relief that the court lacks authority to grant." Fed. R. Civ. P. 62.1.

Defendants' request is not timely by any measure. Defendants persistently refused to agree to this relief—voluntary cessation of the administrative proceedings pending final judgment in this case—from the very outset of this case in January. Had they agreed to such relief, this case would have developed very differently. The parties could have avoided preliminary injunction briefing in this Court and then avoided asking the Fifth Circuit motions panel to decide related motions for injunctive relief and dismissal on a highly accelerated timetable. But Defendants deliberately rejected SpaceX's repeated requests to grant this relief. And not only that, they protested to this Court that agreeing to voluntarily enjoin the administrative proceedings could have grave consequences. *See* Dkt. #54 at 4. They pressed ahead with those proceedings, which forced SpaceX to incur significant expenses defending itself before the NLRB and arguing for a preliminary injunction in this Court and in the Fifth Circuit.

So what explains Defendants' change of heart? The only relevant development seems to be the Fifth Circuit's determinations that there was an effective denial of the preliminary injunction and that SpaceX has justified an injunction pending appeal. Although Defendants do not come out and admit their desire to avoid an unfavorable Fifth Circuit decision explaining why a preliminary injunction is proper, their Motion's alternative explanation for their conduct—concern about preserving party and court resources—rings completely hollow given their actions to date. Having forced their adversary and the Fifth Circuit to expend considerable time and resources because they preferred not to halt their administrative proceedings, Defendants cannot justify their belated shift in strategy on such grounds. The time for Defendants to make this proposal was months ago.

## IV. Defendants' Alternative Relief Order is not substantially equivalent to the order SpaceX seeks on appeal.

Even if the Court were to ignore all the procedural problems with Defendants' Motion, the Court should still deny the Motion because it does not adequately substitute for the pending Fifth

Circuit appeal. The way for Defendants to skip ahead to the outcome SpaceX seeks in its Fifth Circuit appeal would be for them to concede the appeal and the propriety of the preliminary injunction that the appeal seeks to obtain. Their Alternative Relief Order does not accomplish the same result. On the contrary, there are at least four major differences between the appellate ruling SpaceX seeks and the deficient alternative Defendants propose.

The first difference was discussed above: SpaceX seeks a reasoned decision holding that it has met the well-settled criteria for a preliminary injunction, while Defendants want a ruling that disclaims that conclusion and is limited to this case only. Defendants' requested ruling would rob the order of any preclusive, precedential, or persuasive effect in any other proceeding. One can understand why Defendants would prefer that. But one can't credit Defendants' assertion that the two orders are substantially equivalent. An appellate ruling addressing the important constitutional issues in this case would also make subsequent proceedings more efficient by providing, at a minimum, the Fifth Circuit's assessment of SpaceX's likelihood of success. Defendants are incorrect to claim that avoiding appellate proceedings would merely "avoid unnecessary expense and delay." Mot. 3. Just the opposite, an appellate decision would create efficiencies by providing valuable legal guidance.

Second, although the precise scope of an eventual appellate decision is unclear, there remains a real possibility that in the pending appeal the Fifth Circuit will revisit the question of whether venue properly lies in this Court. Defendants have placed venue at issue on appeal by contesting this Court's authority to issue a preliminary injunction after having found venue was improper. *E.g.*, Dkt. #118 at 5 ("[A] finding of improper venue severely limits a court's ability to act: its options are to dismiss or transfer the case. … There is no third option to nonetheless grant extraordinary injunctive relief at a party's behest."); Opposition to Motion for Injunction Pending

Appeal at 17–18, No. 24-40315 (5th Cir.) (filed May 2, 2024).[4] SpaceX does not agree with Defendants' position on this Court's authority, but that is one of the issues that now will be adjudicated on appeal. Defendants' Motion improperly seeks to short-circuit that adjudication and deprive SpaceX of any possibility of obtaining an appellate ruling that venue is proper in this Court, even after Defendants opted to raise that question before the Fifth Circuit.

A third way that the Alternative Relief Order pales in comparison to an appeal is that the former does not resolve Defendants' jurisdictional objection to an injunction in these circumstances. Defendants belatedly took the position in the motion-for-reconsideration briefing that a live hearing with witnesses was a jurisdictional requirement under Section 107 of Norris-LaGuardia Act before any injunction could issue. Dkt. #116 at 6 n.5. They then re-raised that jurisdictional concern in the Fifth Circuit when opposing SpaceX's motion for an injunction pending appeal. Opposition to Motion for Injunction Pending Appeal at 23–24, No. 24-40315 (5th Cir.) (filed May 2, 2024). SpaceX believes Defendants' position is meritless. But because Defendants have taken it, SpaceX has serious concerns about whether Defendants' consent to be bound by the Alternative Relief Order could actually be enforceable under Defendants' view of the law. It is well settled that a party cannot consent to waive a jurisdictional defect. *E.g.*, *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 213 (5th Cir. 2023) ("Parties may not waive the issue of subject matter jurisdiction, and a court may likewise raise this issue at any time *sua sponte*."). If Defendants truly believe that the injunction is jurisdictionally barred, by their own

[4] One might wonder how, given Defendants' stark position on the Court's authority, Defendants can now argue that this Court can issue an injunction without revisiting its venue determination. In conferencing on Defendants' Motion, SpaceX asked about this flipflop. Defendants' counsel stated: "The District Court may enter a consented-to order without proper venue, but may not decide contested issues adversely to an objecting party in absence of proper venue." Declaration of Catherine L. Eschbach ("Eschbach Decl." attached as Exhibit B), Exhibit 1 at 2. Of course, that is precisely the scenario here: SpaceX objects to the entry of Defendants' Alternative Relief Order.

logic, their consent to be bound is not enforceable and may be reevaluated by the transferee court.

Finally, Defendants' proposal could threaten SpaceX's ability to recover attorney's fees for successful efforts obtaining a preliminary injunction. SpaceX has pleaded that it is entitled to recover reasonable attorney's fees in this action. Dkt. #1 at 24. And in some circumstances, prevailing on a preliminary injunction alone is enough to confer prevailing party status for attorneys' fees purposes. *See, e.g.*, *Dearmore v. City of Garland*, 519 F.3d 517, 526 (5th Cir. 2008). But Defendants' counsel informed SpaceX that they will not agree that SpaceX is entitled to attorneys' fees for its briefing on the preliminary injunction motion and appeal if this Court grants the motion for an indicative ruling. Eschbach Decl., Ex. 1 at 2. The current procedural posture involves an effective denial of SpaceX's preliminary injunction motion. Unless SpaceX obtains a reversal of this Court's denial of the preliminary injunction motion by the Fifth Circuit, SpaceX may not be able to show it prevailed on the motion and is entitled to related fees, even though Defendants belatedly agreed to a substitute form of relief to try to avoid the appeal. Thus, granting the Motion could have prejudicial collateral consequences for the relief that SpaceX is ultimately entitled to receive in this action.

* * *

Given Defendants' frequently evolving positions in this litigation, as well the potential ability of a transferee court to make its own decisions in this case, there is ample reason to reject Defendants' assurances that the Alternative Relief Order is just as good as an appeal and would spare everyone from further expenditures of resources. The appeal is likely to resolve, one way or the other, whether SpaceX is actually entitled to a preliminary injunction and, if so, why. Given all the problems with their proposal, Defendants have offered no convincing reason not to let that appellate process play out. Their Motion presents "the quintessential example of pointlessly

duplicative proceedings that would serve only to get the district and appellate courts in 'each other's hair.'" *Maricultura del Norte, S. de R.L. de C.V. v. WorldBusiness Cap., Inc.*, No. 14-cv-10143, 2019 WL 2117645, at *5 (S.D.N.Y. Apr. 26, 2019) (citation omitted). The Court should not go along with Defendants' new strategy.

## CONCLUSION

For all these reasons, Defendants' Motion (Dkt. #122) for an indicative ruling should be denied.

Dated: June 6, 2024

Respectfully submitted,

By: *s/ Catherine L. Eschbach*

**MORGAN LEWIS & BOCKIUS LLP**
Catherine L. Eschbach
Attorney-in-Charge
Texas Bar No. 24097665
Southern District of Texas Bar No. 3846447
1000 Louisiana Street, Suite 4000
Houston, TX 77002-50006
catherine.eschbach@morganlewis.com
(713) 890-5719

Harry I. Johnson, III (*pro hac vice*)
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
(310) 907-1000

Michael E. Kenneally (*pro hac vice*)
Amanda L. Salz (*pro hac vice*)
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004-2541
michael.kenneally@morganlewis.com
amanda.salz@morganlewis.com
(202) 739-3000

*Attorneys for Space Exploration Technologies Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to all parties of record.

s/ *Catherine L. Eschbach*
Catherine L. Eschbach