# Exhibit 1

## Eschbach, Catherine

| | |
|---|---|
| **From:** | Eschbach, Catherine |
| **Sent:** | Thursday, May 16, 2024 5:55 PM |
| **To:** | 'Boehm, David'; Johnson, III, Harry I.; Kenneally, Michael E.; Salz, Amanda L.; David Oliveira |
| **Cc:** | Flanagan, Kevin P.; Thomas, Paul; Becker, Daniel Brasil; Pezzella, Grace L.; Owens, Dean; Platt, Nancy; Goldstein, Dawn; Teixeira, Matheus |
| **Subject:** | RE: [EXTERNAL] RE: SpaceX v. NLRB (S.D. Tex. 1:24-cv-1) |

Mr. Boehm,

Thank you for taking the time to answer our questions, but we have concerns about going down this path and in any event do not see a compelling justification for expedited proceedings.  SpaceX opposes the motion and opposes a request to expedite the briefing.  SpaceX would not oppose a request for an extension on your Fifth Circuit brief, however, should you decide to seek one to allow more time for a ruling on your proposed motion.

**Catherine Eschbach**
**Morgan, Lewis & Bockius LLP**
1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005
Direct: +1.713.890.5719 | Main: +1.713.890.5000 | Fax: +1.713.890.5001
catherine.eschbach@morganlewis.com | www.morganlewis.com

---

**From:** Boehm, David <David.Boehm@nlrb.gov>
**Sent:** Thursday, May 16, 2024 2:59 PM
**To:** Eschbach, Catherine <catherine.eschbach@morganlewis.com>; Johnson, III, Harry I.
<harry.johnson@morganlewis.com>; Kenneally, Michael E. <michael.kenneally@morganlewis.com>; Salz, Amanda L.
<amanda.salz@morganlewis.com>; David Oliveira <doliveira@rofllp.com>
**Cc:** Flanagan, Kevin P. <Kevin.Flanagan@nlrb.gov>; Thomas, Paul <Paul.Thomas@nlrb.gov>; Becker, Daniel Brasil
<Daniel.Becker@nlrb.gov>; Pezzella, Grace L. <Grace.Pezzella@nlrb.gov>; Owens, Dean <Dean.Owens@nlrb.gov>; Platt,
Nancy <Nancy.Platt@nlrb.gov>; Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Teixeira, Matheus
<Matheus.Teixeira@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: SpaceX v. NLRB (S.D. Tex. 1:24-cv-1)

[EXTERNAL EMAIL]

> **CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

Thank you for your response, I have tried to address each of your questions below. Please let us know your client's position by 5:30 p.m. Central Time today.

1. What is your basis for asking the district court to expedite consideration of this motion now, on such an accelerated timetable, when there is currently an injunction pending appeal in place and has been for two weeks?  In the Western District of Texas case that has many overlapping counsel, you represented that because of the press of other business you needed an extension for your response there, and yet here you propose a

1

highly expedited briefing schedule, that is not only unnecessary given the case posture but also extremely burdensome for SpaceX and its counsel.

The purpose of expedited briefing is to obviate further expenditure of resources on an appeal which may be unnecessary and move this case towards judgment on the merits. At present, Appellant's brief is due about a month from now. This is a simple request, and we further note that this would simplify—rather than complicate— the issues between the parties. This relief was—in substance—already requested by SpaceX, so we do not think there are complicated issues to be resolved. If you are not amenable to the proposed briefing schedule, is there an expedited timeline that would better accommodate your needs?

2. Are you proposing to use FRCP 62.1 and FRAP 12.1?  If so, if the district court is willing to grant your motion, will you be asking the Fifth Circuit to dismiss the appeal?  If so, what will your position be as to SpaceX's entitlement to attorney's fees on its preliminary injunction briefing in the district court and appeal?

Yes, the motion would request an indicative ruling under Rule 62.1.  If the motion is granted, we will move the Fifth Circuit to remand the case for entry of the order and to dismiss the appeal as moot upon entry of that order. Our position is that SpaceX is not entitled to attorney's fees on its preliminary injunction briefing in the district court and appeal.

3. Is the NLRB waiving its objection to venue and asking the district court to reverse its transfer ruling as part of asking the district court to enter the consented-to injunction? If not, has the NLRB reversed its position that the venue ruling precludes the district court from issuing an injunction?

No. Our position is that if the case is remanded to enter the requested order and the appeal is rendered moot, the district court may resolve the pending motion to reconsider its transfer motion. As all parties agree, venue is not a jurisdictional issue. The District Court may enter a consented-to order without proper venue, but may not decide contested issues adversely to an objecting party in absence of proper venue.

4. What schedule will you propose for the adjudication of the summary judgment briefing in the Southern District of Texas?

We do not propose adjudication on summary judgment in the Southern District of Texas. The NLRB will most likely move for judgment on the pleadings under the normal briefing schedule in the applicable court as soon as the venue issue has been decided.

5. Does the contemplated order through final judgment include exhaustion of all appeals?

No. In the event that the court of final decision entered judgment favorable to SpaceX, this order would be moot. In the event that the court entered judgment for the NLRB, any requests for issuance of an injunction pending appeal would properly be addressed to the district court hearing the case.

We look forward to your response.

Very Truly Yours,

dpb

---

**From:** Eschbach, Catherine <catherine.eschbach@morganlewis.com>
**Sent:** Thursday, May 16, 2024 2:42 PM
**To:** Boehm, David <David.Boehm@nlrb.gov>; Johnson, III, Harry I. <harry.johnson@morganlewis.com>; Kennelly, Michael E. <michael.kennelly@morganlewis.com>; Salz, Amanda L. <amanda.salz@morganlewis.com>; David Oliveira

<doliveira@rofllp.com>
**Cc:** Flanagan, Kevin P. <Kevin.Flanagan@nlrb.gov>; Thomas, Paul <Paul.Thomas@nlrb.gov>; Becker, Daniel Brasil <Daniel.Becker@nlrb.gov>; Pezzella, Grace L. <Grace.Pezzella@nlrb.gov>; Owens, Dean <Dean.Owens@nlrb.gov>; Platt, Nancy <Nancy.Platt@nlrb.gov>; Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Teixeira, Matheus <Matheus.Teixeira@nlrb.gov>
**Subject:** [EXTERNAL] RE: SpaceX v. NLRB (S.D. Tex. 1:24-cv-1)

Mr. Boehm,

To get our client's position on this, we need some additional information.  Once the NLRB responds to the questions below, we will be able to confer with our client as to its position:

1. What is your basis for asking the district court to expedite consideration of this motion now, on such an accelerated timetable, when there is currently an injunction pending appeal in place and has been for two weeks?  In the Western District of Texas case that has many overlapping counsel, you represented that because of the press of other business you needed an extension for your response there, and yet here you propose a highly expedited briefing schedule, that is not only unnecessary given the case posture but also extremely burdensome for SpaceX and its counsel.

2. Are you proposing to use FRCP 62.1 and FRAP 12.1?  If so, if the district court is willing to grant your motion, will you be asking the Fifth Circuit to dismiss the appeal?  If so, what will your position be as to SpaceX's entitlement to attorney's fees on its preliminary injunction briefing in the district court and appeal?

3. Is the NLRB waiving its objection to venue and asking the district court to reverse its transfer ruling as part of asking the district court to enter the consented-to injunction? If not, has the NLRB reversed its position that the venue ruling precludes the district court from issuing an injunction?

4. What schedule will you propose for the adjudication of the summary judgment briefing in the Southern District of Texas?

5. Does the contemplated order through final judgment include exhaustion of all appeals?


**Catherine Eschbach**
**Morgan, Lewis & Bockius LLP**
1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005
Direct: +1.713.890.5719 | Main: +1.713.890.5000 | Fax: +1.713.890.5001
catherine.eschbach@morganlewis.com | www.morganlewis.com

**From:** Boehm, David <David.Boehm@nlrb.gov>
**Sent:** Thursday, May 16, 2024 12:18 PM
**To:** Johnson, III, Harry I. <harry.johnson@morganlewis.com>; Kenneally, Michael E. <michael.kenneally@morganlewis.com>; Salz, Amanda L. <amanda.salz@morganlewis.com>; David Oliveira <doliveira@rofllp.com>; Eschbach, Catherine <catherine.eschbach@morganlewis.com>
**Cc:** Flanagan, Kevin P. <Kevin.Flanagan@nlrb.gov>; Thomas, Paul <Paul.Thomas@nlrb.gov>; Becker, Daniel Brasil <Daniel.Becker@nlrb.gov>; Pezzella, Grace L. <Grace.Pezzella@nlrb.gov>; Owens, Dean <Dean.Owens@nlrb.gov>; Platt, Nancy <Nancy.Platt@nlrb.gov>; Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Teixeira, Matheus <Matheus.Teixeira@nlrb.gov>
**Subject:** SpaceX v. NLRB (S.D. Tex. 1:24-cv-1)

[EXTERNAL EMAIL]

**CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

Counsel:

Defendants in the above-referenced case intend to file a motion with the district court requesting a ruling stating that the court would—upon remand by the Fifth Circuit—enter a consented-to order precluding further processing or adjudication of the NLRB cases at issue in this action until final judgment. We believe such an order would obviate the need for briefing and argument in the present appeal of the "effective denial" of a preliminary injunction requested by SpaceX. We also intend to request an expedited briefing schedule where any opposition would be due in two business days, and any reply and surreply due in one business day respectively, unless the court acts. Please let us know as soon as possible if you intend to oppose.

Very Truly Yours,

DAVID P. BOEHM
*Attorney*



National Labor Relations Board
Office of the General Counsel
Contempt, Compliance and Special Litigation Branch
1015 Half Street S.E., 4th Floor
Washington, D.C. 20570-0001

(202) 273-4202

david.boehm@nlrb.gov

Please be aware that this email may be subject to public disclosure under the Freedom of Information Act or other authorities, though exceptions may apply for certain case-related information, personal privacy, and other matters.