UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> Plaintiff, <br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board, <br><br> Defendants. | Case No. 24-cv-0001 |

**REPLY IN SUPPORT OF MOTION FOR INDICATIVE RULING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62.1**

The Alternative Relief Order proposed by Defendants National Labor Relations Board, *et al.* (collectively, "NLRB"), in their indicative-ruling motion would move this case toward final judgment and give Plaintiff Space Exploration Technologies Corp. ("SpaceX") all the relief it could obtain through a successful interlocutory appeal and subsequent proceedings on remand. Nevertheless, SpaceX raises various objections to swift entry of an order that would grant the very relief SpaceX has claimed that this Court has effectively denied. None has merit, and the

1

fact that SpaceX refuses to take yes for an answer should raise serious red flags that this action is being used as an instrument for delay.

**I.     SpaceX's argument that the Court should deny the requested indicative ruling because it lacked a separately filed motion is unavailing.**

SpaceX argues [Dkt. 126 at 4-5] that the Court cannot act on the NLRB's indicative-ruling request because the NLRB failed to file a motion in a separate docket entry for formal entry of the Alternative Relief Order. SpaceX cites no controlling authority mandating such a requirement. To be sure, some courts find that Rule 62.1(a) "only applies when a 'timely motion' (typically a Rule 60(b) motion) has been made for relief that the court lacks jurisdiction to grant, because of the pendency of an appeal." *Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208, 210 (W.D.N.Y. 2015). But courts commonly accept a "freestanding" Rule 62.1(a) motion if the moving party sufficiently states the basis for the underlying relief.[1]

The NLRB's request to enter the Alternative Relief Order here easily meets the Federal Rules' and this Court's capacious definition of "motion." To wit, the request was: (a) in writing; (b) stated the grounds and authority for seeking the order; (c) stated with specificity the relief sought (including a separately titled proposed order appended to a proposed indicative ruling); and (d) included a statement that the parties conferred and could not reach agreement. *See* Fed.

---

[1] *See, e.g., Lawson v. Grubhub, Inc.*, 2018 WL 6190316, at *2 (N.D. Cal. Nov. 28, 2018) ("[R]ather than deny Plaintiff's motion for this procedural defect, the Court will construe it as a Rule 60(b)(6) motion which this Court does not have jurisdiction to decide because of the pending appeal."); *Metalcraft of Mayville, Inc. v. Toro Co.*, 2016 WL 8737777, at *2 (E.D. Wis. Nov. 18, 2016) ("I find that defendants' motion is procedurally sufficient. It requests relief that I cannot currently grant because of defendants' pending appeal and asks, instead, that I grant an indicative ruling under Rule 62.1. It is clear to me (and seems to be clear to the parties) what underlying relief defendants are requesting; the basis for their request; and why, under the circumstances, I lack the authority to grant that relief."); *accord Gorrell v. Haynes*, 2013 WL 174561, at *1 n. 1 (S.D. Ga. Jan. 16, 2013) ; *Index Newspapers LLC v. City of Portland*, No. 3:20-CV-1035-SI, 2022 WL 72124, at *1–2 (D. Or. Jan. 7, 2022).

R. Civ. P. 7(b); LR 7.1. The instant motion thus adequately described "what underlying relief defendants are requesting; the basis for their request; and why, under the circumstances, [the Court] lack[s] the authority to grant that relief." *Metalcraft of Mayville*, 2016 WL 8737777, at *2.

Defendants are aware of no rule in this Court requiring that related requests for relief be submitted in separate docket events. But even if such a requirement existed, it should not be a basis to deny relief that would be in the interests of justice. "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61. And should this Court determine that a separate docket entry is indispensable, Defendants will comply with any such direction.

II.     **The requests here are timely.**

There is no merit to SpaceX's contention that Defendants' requests for the Alternative Relief Order and indicative ruling are untimely [Dkt. 126 at 7-8]. While Rule 62.1 is premised on a "timely motion," Fed. R. Civ. P. 62.1, this refers to timeliness requirements for the underlying relief. For example, motions for relief from judgment filed under Rule 60(b) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed R. Civ. P. 60(c)(1). Notably, SpaceX does not identify at what date the Alternative Relief Order request would have been timely, for the simple reason that the requests here are not governed by any such time limit.

Defendants' requests were, moreover, made within a reasonable period of time—barely over two weeks after the Fifth Circuit's grant of the injunction pending appeal—given the complexity of this proceeding and the need for appropriate internal review. And SpaceX has also shown no prejudice based on the timing of those requests. Accordingly, the Court should reject

3

SpaceX's contention that relief that would prevent months of needless *additional* delay should be withheld because the NLRB should have acted sooner.

**III.     Rule 65 of the Federal Rules of Civil Procedure does not obligate the NLRB to make damaging factual concessions for this Court to enter a consented-to order.**

1. There is no requirement that the NLRB concede to the legal requirements for contested injunctive relief under Rule 65 of the Federal Rules of Civil Procedure for the Court to enter the Alternative Relief Order. The procedural requirements of that rule only apply where there is an "adverse party." Fed. R. Civ. P. 65(a). Because Defendants are attempting to agree to an order granting the relief sought by SpaceX, they are no longer adverse on this issue, because under Rule 65, "adverse party" means a party adversely affected by the injunction, not the opponent in the underlying action.[2] And to the extent that Rule 65(d) requires that the Court articulate the reasons it is issuing the Alternative Relief Order, the fact that Defendants have consented to entry of the order to minimize the issues in dispute and expedite the case towards final judgment is itself sufficient. SpaceX is not entitled to an advisory pronouncement of the law or confession of error to obtain relief that Defendants do not oppose.

2. SpaceX also complains that the Alternative Relief Order is inadequate because it will not result in a reasoned decision or have preclusive, precedential, or persuasive effect. [Dkt. 126

---

[2] *Parker v. Ryan*, 960 F.2d 543, 545 (5th Cir. 1992).

For similar reasons, SpaceX's concern that the NLRB may later argue the order it seeks now is precluded by the Norris-LaGuardia Act [Dkt. 126 at 10-11] is without merit, as Norris-LaGuardia's requirements only apply where there is a "real dispute." *N.Y. Typographical Union No. 6 v. Bowne of N.Y.C., Inc.*, No. 90 CIV. 6422 (CSH), 1990 WL 170352, at *9 n.20 (S.D.N.Y. Oct. 31, 1990). Because the dispute here is over, Norris-LaGuardia is no impediment. *See Boys Markets v. Retail Clerks Union, Loc. 770*, 398 U.S. 235, 254 (1970) (Norris LaGuardia did not preclude injunction where parties agreed to be bound—in that case, by a lawful provision of collective-bargaining agreement). In any event, the NLRB would be estopped from making such an argument. *Cf. Chicot Cty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371 (1940) (court's determinations as to its own subject-matter jurisdiction are binding).

at 9]. But, at least in this posture, SpaceX is not entitled to these things.[3] In the absence of opposition to relief SpaceX itself requested, this Court does not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [it]." *Martinez v. Perez*, No. 9:23CV27, 2023 WL 4539687, at *2 (E.D. Tex. Mar. 31, 2023), *report and recommendation adopted*, 2023 WL 4534363 (E.D. Tex. July 13, 2023) (quoting *Princeton University v. Schmid*, 455 U.S. 100, 102 (1982)).

It is axiomatic that "the law favors compromise and not litigation for its own sake." *In re Jackson*, 448 F. Supp. 3d 775, 784 (E.D. Mich. 2020). But "litigation for its own sake" is exactly what SpaceX is seeking here. Having in hand an injunction pending appeal, SpaceX is now pursuing a course that would unnecessarily prolong these proceedings even though it will delay a final judgment on the merits (that might well have preclusive effect). These perverse incentives are amplified by the fact that SpaceX is now aware that this Court is not inclined to reconsider its decision transferring this case to a venue SpaceX perceives as less favorable. [*See* Dkt. 125.] But these are not valid excuses for a litigant to slow-walk a case. *See* Fed. R. Civ. P. 1 (declaring a purpose to "secure the just, speedy, and inexpensive determination of every action and proceeding").

3. There is no voluntary cessation problem here. Defendants have agreed to be bound by a court order. Because the Alternative Relief Order is enforceable on pain of contempt, this is not a "one-sided promise." *Contra* ECF 126 at 7. Nor is there any merit to SpaceX's concern that a transferee court would not be obliged to honor the Alternative Relief Order as law of the case. A

---

[3] Indeed, no federal-court party is *ever* entitled to issuance of an opinion with precedential effect—an inevitable consequence of the fact that district court decisions lack precedential weight in the federal-court system, *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 470 (5th Cir. 2020), and no party is compelled to appeal such a decision.

transfer "leaves in place whatever already has been done in the transferor court." § 3846 Effect of Transfer, 15 Fed. Prac. & Proc. Juris. § 3846 (4th ed.). And if the Fifth Circuit were to remand the case for entry of the Alternative Relief Order at Defendants' request, and this Court entered that relief, Defendants could not "thereafter, simply because [their] interests have changed, assume a contrary position" in the transferee court. *Microsoft Corp. v. Baker*, 582 U.S. 23, 39 (2017). Even jurisdictional determinations would be immune from challenge.[4]

4. SpaceX pivots to a contention that the parties' venue dispute affects this Court's ability to decide an indicative-ruling motion stating it would enter the Alternative Relief Order. [Dkt. 126 at 9-10.][5] This argument founders for three reasons. First, venue is not a jurisdictional barrier to unopposed court action, as Defendants have noted. [Dkt. 117, 5-7.] Venue objections therefore do not preclude entry of unopposed relief. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017) (discussing the difference between jurisdictional requirements and claim-processing rules); *OptumCare Mgmt., LLC v. Gutierrez-Barela*, No. CV 20-474 RB/SCY, 2023 WL 1787888, at *3 (D.N.M. Jan. 25, 2023) ("unopposed relief a court might grant could differ from what relief a court might grant if a request were opposed").[6] Second, the matter now before

---

[4] *Chicot Cnty.*, 308 U.S. at 376. Nor is there any merit to SpaceX's contention [Dkt. 126 at 7] that Defendants' waiver of reconsideration is not effective—it is well established that parties may relinquish procedural rights. *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848-49 (1986). Such waivers are enforceable so long as they are made "voluntarily, intelligently, and knowingly." *D. H. Overmyer Co. of Ohio v. Frick Co.*, 405 U.S. 174, 187 (1972).

[5] SpaceX sang a different tune in prior filings where it claimed that courts had the authority to enter even *contested* injunctions despite a lack of proper venue. [*See, e.g.,* Dkt. 112 at 3, Dkt. 117 at 6-7.] By contrast, the NLRB's position on this issue is simple, logical, and non-results-oriented— courts may enter uncontested relief but not contested relief in the absence of proper venue, because determination of venue is a nonjurisdictional, mandatory claim-processing rule.

[6] Defendants do not waive defenses or objections based on improper venue in the case generally, but consent only to the relief described in the ARO for the limited purpose of expediting this case towards final judgment in the proper court as quickly as possible.

the Fifth Circuit is limited to whether this Court "effectively denied" SpaceX's motion for a preliminary injunction, a question to which venue is irrelevant. *See Chamber of Commerce of U.S of Am. v. CFPB*, No. 24-10248 (5th Cir. Apr. 30, 2024) (unpublished order) (vacating effective denial of preliminary injunction and remanding to district court to decide motion). Third, even if the venue issue were under consideration by the Fifth Circuit, the entire purpose of the indicative-ruling procedure is to grant relief blocked by a pending appeal, *see* Fed. R. Civ. P. 62.1, and it is therefore of no import here.

   5. Finally, SpaceX laments that the Alternative Relief Order may affect its ability to obtain attorneys' fees. [Dkt. 126 at 11.] Such speculations are unfounded—until there is a final judgment in whichever court decides the merits of this case, any discussion of fees is premature. A party that obtains a preliminary injunction, but loses on the merits, is not entitled to fees. *Sole v. Wyner*, 551 U.S. 74, 86 (2007).[7]

   In any event, attorneys' fees should not be the "proverbial tail to wag the dog" of litigation. *In re Hot-Hed Inc.*, 477 F.3d 320, 324 (5th Cir. 2007); *see Gorgonzola v. Dir. U.S. Off. of Pers. Mgmt.*, 782 F. App'x 207, 212 (3d Cir. 2019) ("A fight over attorneys' fees cannot save

---

[7] SpaceX's sole authority for its claim that attorney fees could be awarded after obtaining a preliminary injunction, *Dearmore v. City of Garland*, 519 F.3d 517 (5th Cir. 2008), is inapposite for two reasons. First, to be a prevailing party, SpaceX must obtain a "resolution of the dispute which change[d] the legal relationship between the [plaintiff] and the defendant." *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989). It was not just the grant of a preliminary injunction, but the passage of a city ordinance mooting the case, that created the conditions for the *Dearmore* plaintiffs to be deemed "prevailing." 519 F.3d at 524. Second, *Dearmore* involved a fee-shifting statute that allowed a party that simply prevails to be eligible for attorney fees. Here, however, SpaceX must do much more than simply prevail because the "American rule"—whereby parties generally bear their own fees—applies to fee applications against the federal government by large parties like SpaceX. 28 U.S.C. § 2412(b), (d)(2)(B); *Perales v. Casillas*, 950 F.2d 1066, 1071 (5th Cir. 1992).

an interlocutory appeal from mootness.") (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990)). Cases do not hold in place indefinitely pending a court's resolution of a fees motion.

## CONCLUSION

For the foregoing reasons, and those urged in Defendants' motion, the Court should issue the requested indicative ruling, and if the matter is remanded for the purpose, enter the proposed Alternative Relief Order.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance, and*
*  Special Litigation Branch*

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

GRACE L. PEZZELLA
*Trial Attorney*

s/ *David Boehm*
DAVID P. BOEHM
*Trial Attorney*
D.C. Bar No. 1033755 – *pro hac vice*
Telephone: (202) 273-4202
Email: David.Boehm@nlrb.gov

s/ *Dalford D. Owens Jr.*
DALFORD D. OWENS JR.
S.D. Tex. ID No. 1132540
State Bar No. 24060907
Telephone: (202) 273-2934
Email: Dean.Owens@nlrb.gov
*Attorney-in-Charge for Defendants*
1015 Half Street, S.E. - 4th Floor
Washington, DC 20003
Telephone: (202) 273-4202

Dated this 17th day of June, 2024.