UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP.,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,<br><br>　　Defendants. | Civil Action No. 1:24-cv-00001 |

**PLAINTIFF SPACEX'S SURREPLY IN OPPOSITION TO DEFENDANTS'
MOTION FOR INDICATIVE RULING PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 62.1**

　　Defendants still fail to identify any authority under which this Court can issue the relief they request over SpaceX's objection. This failure is especially troubling given the procedural and substantive defects that SpaceX has identified, to which Defendants offer no good answer. There is no predicate motion, and Defendants fail to explain why that is not needed while they reject the only apparent authority for injunctive relief (Rule 65) as a basis for their requested "Alternative Relief Order." Nor can they explain how their request is timely given their inability to identify the basis for the request. Finally, Defendants acknowledge that SpaceX will be prejudiced if it does not obtain an appellate ruling reversing this Court's denial of the preliminary injunction. Taken

1

individually or collectively, these problems decisively weigh against facilitating Defendants' attempt to escape an appeal that the Fifth Circuit has already invested time and energy into. And, for its part, the Fifth Circuit has not given any indication that it welcomes Defendants' efforts. Although Defendants neglect to mention it, the Fifth Circuit (per Judge Stewart) denied Defendants' motion to stay the appellate proceedings pending this Court's ruling on Defendants' Motion for an Indicative Ruling ("Motion"). *See* Ex. A. The Fifth Circuit appeal should proceed, and Defendants' Motion should be denied.

**I.      Defendants identify no source of authority for the injunctive relief they seek.**

Nowhere in Defendants' Reply (Dkt. # 127) is any source of authority under which this Court can enter the proposed "Alternative Relief Order." This lack of authority alone is reason to deny the Motion, particularly given the Motion's glaring procedural defects: the lack of a predicate motion and the untimeliness of the request for relief.

**A.      When Defendants expressly disclaim that an injunction under Rule 65 is warranted, Defendants cannot explain away the lack of a predicate motion.**

Defendants concede that SpaceX's cases hold that a predicate motion is necessary to grant a Rule 62.1 indicative ruling under the Rule's plain language. *Compare* Opp. (Dkt. #126) 4-5, *with* Reply 2; *see also, e.g.*, *Singleton v. Cannizzaro*, 397 F. Supp. 3d 840, 845 (E.D. La. 2019); *Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208, 210 (W.D.N.Y. 2015). They provide no reason why the Court should overlook this procedural defect.

Instead, they argue that there is a split of authority as to whether "freestanding" Rule 62.1 motions are permissible. Reply 2-3. Even if this Court were open to disregarding Rule 62.1's explicit requirement for making a "timely motion … for relief," not requiring a predicate motion for relief here is not supported by the out-of-circuit cases Defendants cite. Unlike this case, those cases (at 2 n.1) dispensed with the requirement for a predicate motion because the basis for the

predicate motion was already clear. In two cases, it was clear that the underlying motion for relief was a Rule 60(b) motion. *See Lawson v. Grubhub, Inc.*, 2018 WL 6190316, at *2 (N.D. Cal. Nov. 28, 2018) (excusing the "procedural defect" because it was clear the relief was based on Rule 60(b)); *Gorrell v. Haynes*, No. CV211-213, 2013 WL 174561, at *1 n.1 (S.D. Ga. Jan. 16, 2013) ("The Court will consider Gorrell's Motion for Indicative Ruling filed pursuant to Rule 62.1 as if Gorrell had filed a motion to vacate the judgment pursuant to Rule 60(b) because Gorrell makes arguments in support of a Rule 60(b) motion in the instant Motion."). Likewise, in the third instance, *Metalcraft* may not have expressly mention Rule 60(b), the basis for the relief sought was the "discover[y] of new prior art" and new actions by the U.S. Patent and Trademark Office, which is quintessential Rule 60(b) relief. *See Metalcraft of Mayville, Inc. v. Toro Co.*, No. 16-CV-544, 2016 WL 8737777, at *1 (E.D. Wis. Nov. 18, 2016). The fourth case involved a modification of an interlocutory order by the district court, which was expressly authorized in certain circumstances under Rule 54(b) and applicable circuit precedent. *Index Newspapers LLC v. City of Portland*, No. 3:20-CV-1035-SI, 2022 WL 72124, at *2-3 (D. Or. Jan. 7, 2022).

The same cannot be said of Defendants' Motion. Defendants claim that they "stated the grounds and authority for seeking the order," Reply 2, but this is incorrect. Defendants' Motion cited no source for this Court's authority to enter the proposed "Alternative Relief Order," especially over SpaceX's objection, and the Reply fails to cure that defect. Contrary to Defendants' suggestion, the proposed order that Defendants submitted does little to clarify the relief Defendants are requesting. As the Opposition noted, both the Motion and the proposed order only muddy the waters by asking this Court to issue an order specifying that "Defendants do not admit, and the Court does not find, that the standards for contested injunctive relief under the Federal Rules of Civil Procedure have been met in this case." Opp. 5 (quoting Dkt. #122-4 at 2). In other words,

3

Defendants have expressly disclaimed any reliance on the only plausible source of authority for injunctive relief—Rule 65—that might apply here. Not only that, Defendants will contest entry of an order in SpaceX's favor under Rule 65. *See* Mot. 3. Defendants' convoluted argument that Rule 65 is inapplicable because Defendants are no longer "adverse part[ies]," Reply 4, even if true, would merely prove the point: neither Rule 65 nor any other identifiable authority applies to permit the relief Defendants are requesting.

Nor do Defendants ever address well-established Supreme Court precedent holding that it is reversible error to issue a preliminary injunction without finding a likelihood of success on the merits and a likelihood of irreparable injury. Opp. 6 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Munaf v. Green*, 553 U.S. 674, 690-91 (2008)). To the extent Defendants suggest that such requirements are inapplicable here because this is "a consented-to order," such a suggestion is unsupported. And, more to the point, the Alternative Relief Order *is not* a consented-to order. Defendants are attempting to force the Alternative Relief Order through over SpaceX's objection and without having engaged in any negotiation with SpaceX. In short, Defendants have not provided any applicable source of authority for their requested relief, even when given a second bite at the apple in their Reply. In these circumstances, there is no reason to excuse Defendants' failure to file a predicate motion setting forth the alleged source of this Court's authority to grant the relief Defendants request.

### B.    Defendants provide no basis to conclude that their request for the "Alternative Relief Order" is timely.

Defendants claim their Motion is timely because the "requests here are not governed by any such time limit," unlike requests under Rule 60, which sets forth an express time limit. Reply 3. But that only underscores the problem. Defendants' failure to identify any rule governing its requested relief, which might impose a deadline, cannot be an escape hatch to avoid scrutiny as to

4

whether its requested relief was "timely." Defendants have failed to provide this Court with any authority that would support finding the request for the "Alternative Relief Order" was timely.

Nor do Defendants have any response to SpaceX's arguments that the time to make this proposal was when SpaceX requested Defendants' voluntary stay of the administrative proceedings back in January (before SpaceX was forced to move for a preliminary injunction) or at least before the administrative proceedings opened on March 5. That the Rule 62.1 motion was filed two weeks after that adverse appellate ruling, *see* Reply 3-4, merely shows that Defendants slept on their rights and unreasonably delayed their request for this court to exercise its equitable powers through the Alternative Relief Order. *Cf. Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 678 (2014) ("[L]aches is a defense developed by courts of equity; its principal application was, and remains, to claims of an equitable cast for which the Legislature has provided no fixed time limitation."). Defendants' delay certainly does not make the "motion for relief" timely as Rule 62.1 requires. A request made only after obtaining an adverse appellate ruling is not timely.

Defendants claim this Court should not allow months of additional delay because Defendants did not act sooner. Reply 4. But in exercising its equitable powers, it is appropriate for the Court to take into account Defendants' unreasonable delay and deliberate strategic decisions that have forced SpaceX, this Court, and the Fifth Circuit to expend considerable resources and time on SpaceX's preliminary injunction request. Moreover, if Defendants were concerned about delay in reaching final judgment, they could have chosen not to contest venue to allow the parties to expediently resolve this dispute on the merits in this forum, whereby the parties could have entered an agreed briefing schedule for summary judgment to immediately and timely resolve the merits. Having made different strategic choices, they cannot now pretend that their request for the proposed "Alternative Relief Order" is timely or that SpaceX is the source of any delay. The delay

5

is squarely a consequence of Defendants' decisions in this litigation.

## II.    Defendants acknowledge that SpaceX will be prejudiced if the Alternative Relief Order is issued.

Defendants do not contest that the "Alternative Relief Order" is not substantially equivalent to the relief that SpaceX seeks on appeal. Opp. 8-11. SpaceX is seeking a reasoned, precedential appellate decision that recognizes SpaceX has satisfied the Rule 65 injunction criteria and that settles the parties' procedural disputes as needed, which would unquestionably render SpaceX the prevailing party on its preliminary injunction motion. Defendants seemingly agree that the "Alternative Relief Order" would provide none of these things. That is also a reason to deny the Motion, because it will not give SpaceX "in substance" the relief it seeks, despite Defendants' initial claims.

Defendants fail to grapple with the potential vulnerabilities in their "Alternative Relief Order"—especially given Defendants' prior positions in this litigation. Defendants miss the point of SpaceX's concerns regarding the Norris-LaGuardia Act, which on Defendants' prior view would seem to enable any transferee court to revisit the order. Opp. 10. Defendants do not dispute that parties cannot waive jurisdictional defects. *See* Reply 4 n.2. Although it now argues that the Norris-LaGuardia Act is inapplicable, its cited cases (involving enforcing collective bargaining agreement provisions) are not on point. Defendants cite no authority that suggests that if Defendants were correct that the Norris-LaGuardia Act created a jurisdictional impediment to this Court's entry of a Rule 65 injunction, it somehow does not create any impediment to the "Alternative Relief Order." And courts must always assure themselves of their own jurisdiction.

Defendants' discussion of their venue arguments and this Court's authority to enter injunctive relief (Rule 65 or otherwise) do not make any more sense this time around. They claim their arguments are consistent, Reply 6-7 & 6 n.5, but do not explain how under Defendants' prior

6

arguments this Court could enter Defendants' proposed injunctive relief over SpaceX's objection. Again, the relief Defendants seek is not uncontested.[1]

Defendants try to avoid the consequences of having put venue at issue on appeal by incorrectly representing to this Court what issues are on appeal. Reply 5-6. It is improper for Defendants to attempt to narrow SpaceX's appeal to fit their preferred parameters. But Defendants cannot credibly deny that the Fifth Circuit may reach the venue issue and provide further guidance on whether venue is proper in this Court. Defendants do not, and cannot, argue that granting the "Alternative Relief Order" would address the venue issues in SpaceX's favor and thus potentially be equivalent to a decision in the appeal. In short, the appeal could potentially settle disputes between the parties much broader than just SpaceX's entitlement to preliminary injunctive relief, which may be why Defendants are so eager to avoid it.

Defendants also argue that SpaceX is not entitled in this posture to a preclusive, precedential, or persuasive appellate decision. Reply 4-5. But they do not deny that a favorable appellate decision would provide these things while the "Alternative Relief Order" would not. For this reason too, it is not substantially equivalent to an appeal. Nor would the Fifth Circuit be providing an advisory opinion. *Contra* Reply 5. Defendants continue to deny that SpaceX has satisfied Rule 65 and the traditional injunction criteria, so they are indeed still adverse to SpaceX as to the issues on appeal. And again, Defendants cannot complain about a delay in resolving the merits of this litigation, Reply 5, when they are the party that forced SpaceX to seek a preliminary injunction. Defendants were free to "compromise" before forcing SpaceX and the courts to litigate and adjudicate the preliminary injunction motion.

---

[1] SpaceX continues to believe that Defendants' prior arguments that this Court lacks authority to enter an injunction after granting the transfer are incorrect. But SpaceX cannot understand how Defendants' shifting and self-serving arguments are at all consistent with one another.

Next, Defendants insist that voluntary cessation is not an issue because they would be subject to contempt regarding the "Alternative Relief Order." Reply 5-6. But again, that would depend on a potential transferee court concluding contempt sanctions were justified. Given Defendants' prior arguments about lack of jurisdiction or authority to issue injunctive relief after finding venue improper, not to mention their ongoing failure to identify any source of authority for the "Alternative Relief Order," the abstract possibility of future enforcement of that "Alternative Relief Order" does little to assuage SpaceX's concerns. Even if a transferee court did not (or could not) revisit the *entry* of the "Alternative Relief Order," the court would not necessarily have to enforce it if Defendants resumed the administrative proceedings.

Finally, Defendants do not deny that they would not treat the entry of the "Alternative Relief Order" as equivalent to the grant of a Rule 65 motion for attorney's fees purposes. Reply 7-8. Although the parties disagree about SpaceX's entitlement to attorney's fees should it prevail in this matter, the critical issue at this juncture is that Defendants concede that their "Alternative Relief Order" would differ from a Rule 65 injunction in this regard. So *if* SpaceX can ultimately show an entitlement to attorneys' fees, the difference between these two forms of relief would be material. Defendants' citations (Reply 7) of *In re Hot-Hed Inc.*, 477 F.3d 320, 324 (5th Cir. 2007) and *Gorgonzola v. Dir. U.S. Off. of Pers. Mgmt.*, 782 F. App'x 207, 212 (3d Cir. 2019), are off point. SpaceX is not arguing that the appeal is not moot because of outstanding attorneys' fees disputes, but instead that the proposed "Alternative Relief Order" is not substantially similar to a reasoned appellate decision ruling for SpaceX on the merits and that SpaceX would be prejudiced by Defendants' preferred substitute when it comes time to litigate any attorney's fees issues.

## CONCLUSION

For all these reasons and those stated in the response in opposition (Dkt #126), Defendants' Motion (Dkt. #122) for an indicative ruling should be denied.

Dated: June 27, 2024                         Respectfully submitted,

By:     *s/ Catherine L. Eschbach*

**MORGAN LEWIS & BOCKIUS LLP**
Catherine L. Eschbach
Attorney-in-Charge
1000 Louisiana Street, Suite 4000
Houston, TX 77002-50006
catherine.eschbach@morganlewis.com
(713) 890-5719

Harry I. Johnson, III (*pro hac vice*)
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
harry.johnson@morganlewis.com
(310) 907-1000

Michael E. Kenneally (*pro hac vice*)
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004-2541
michael.kenneally@morganlewis.com
(202) 739-3000

*Attorneys for Space Exploration Technologies Corp.*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 27, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to all parties of record.

                                            s/ *Catherine L. Eschbach*
                                            Catherine L. Eschbach