UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., "Plaintiff," § § § § | |
| v. § | Civil Action No. 1:24-cv-00001 |
| § | |
| NATIONAL LABOR RELATIONS BOARD, ET AL., "Defendants." § § § § | |

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's "Motion for Reconsideration or, in the Alternative, a Ruling on its Preliminary Injunction Motion" (Dkt. No. 112) ("MTR"), Defendants' "Opposition to Plaintiff's Motion for Reconsideration, or in the Alternative, a Ruling on its Preliminary Injunction Motion" (Dkt. No. 114) ("Response"), Plaintiff's "Reply in Support of Motion for Reconsideration or, in the Alternative, a Ruling on its Preliminary Injunction Motion" (Dkt. No. 117) ("Reply"), and Defendants' "Surreply to Plaintiff's Motion for Reconsideration, or in the Alternative, a Ruling on its Preliminary Injunction Motion" (Dkt. No. 118) ("Surreply"). For these reasons, Plaintiff's MTR (Dkt. No. 112) is **DENIED**:

### I. BACKGROUND

On February 15, 2024, the Court issued an order transferring this case to the Central District of California under 28 U.S.C. § 1406(a) ("Order") based on a finding that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in California, and an insignificant amount occurred in Texas. *See* Dkt. No. 82 at 4 ("The events touching this district are incidental to the principal events occurring elsewhere and constitute a relatively small portion of the total body of events."). On appeal, the Fifth Circuit denied Plaintiff's petition for writ of mandamus. *In re Space Exploration Technologies, Corporation*, No. 24-40103, Dkt. No. 59 (5th Cir. Mar. 5, 2024). On April 17, the Fifth Circuit also denied Plaintiff's petition for rehearing en banc. *In re Space Exploration Technologies, Corporation*, No. 24-40103, Dkt. No. 111 (5th Cir. Mar. 5, 2024). The same day, Plaintiff moved for reconsideration of the Court's Order based on the dissenting opinions in the Fifth Circuit's denials of its petitions ("Dissent"). *See* Dkt. No. 112 at 2.

1

On April 30, Plaintiff filed a Notice of Appeal to the Fifth Circuit based on "effective denial" of its previous Motion for Preliminary Injunction (Dkt. No. 37). Dkt. No. 119. On May 2, the Court received notice that the Fifth Circuit granted an injunction pending appeal. *Space Exploration Technologies, Corp. v. National Labor Relations Board, et al.*, No. 24-40315, Dkt. No. 40-2 (5th Cir. May 2, 2024). On May 16, the Court requested input from the Fifth Circuit on whether the Court had jurisdiction to rule on Plaintiff's pending MTR. *See* E-mail from Hon. Rolando Olvera, U.S. Dist. J., S.D. Tex., to Melissa Mattingly, Assistant Case Manager, 5th Cir. (May 16, 2024, 01:59 p.m. CST). On May 21, the panel issued its response: "The panel has directed that the clerk's office inform Judge Olvera that they cannot answer his question." *See* E-mail from Christy C. Rachal, Deputy Clerk, 5th Cir., to Law Clerk, S.D. Tex. (May 21, 2024, 10:24 a.m. CST).

Thus, the Court believes it has jurisdiction to rule on Plaintiff's MTR. Here, the Court filed its order transferring the case months before Plaintiff's notice of appeal; and Plaintiff's appeal is based on separate and distinct issues, not related to the Court's transfer. *Compare* Dkt. No. 82 *with* Dkt. No. 119.

## II.    LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Fed. R. Civ. P. ("Rule") 54(b) governs motions for reconsideration of interlocutory orders, or those not disposing of every claim or adjudicating the rights of all parties to a case. *Bellard v. Univ. of Tex. MD Anderson Cancer Ctr.*, No. 3:22-cv-88, 2023 U.S. Dist. LEXIS 180179, *5 (S.D. Tex. Aug. 2, 2023). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990). Though trial courts are granted considerable discretion, they are guided by the considerations involved under the more restrictive Rule 59(e), which applies to reconsideration of final judgments. *Flores v. Harris*, No. H-17-3817, 2019 U.S. Dist. LEXIS 119163, *5 (S.D. Tex. Jul. 17, 2019). Under Rule 59(e), "a motion to reconsider may not be used to relitigate matters, raise arguments, or submit evidence that could have been presented before the judgment or order was entered." *Id.* at *5–6.

## III. DISCUSSION

Plaintiff has not alleged a compelling reason to reconsider the Court's Order. One of the main complaints in the Fifth Circuit's "Dissent" is that the Court utilized comparative language in judging whether a substantial portion of the events giving rise to the claim occurred in the Southern District of Texas. *See* Dkt. No. 113 at 5, 11–12. The "Dissent" concluded that the Court applied an impermissible "most substantial part of the events" test. *Id.* at 12. This is NOT the case.

The Court's Order cited authority stating that courts should not seek to determine the "best" venue but also that courts "should not accept venue if the activities that transpired in the forum district were insubstantial in relation to the totality of events giving rise to Plaintiff's claims." Dkt. No. 82 at 2; *see Andrade v. Chojnacki*, 934 F. Supp. 817, n. 18 (S.D. Tex. 1996) (citing *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3rd Cir. 1994)). The Court did not compare the relative quality of each possible venue, but it did compare events in the Southern District of Texas with the totality of events giving rise to Plaintiff's claim.

The statute's use of the term "substantial part" invites a comparison of the part to the whole. The Court found that events in the Southern District of Texas comprised an insubstantial part of the whole and held that venue was proper in the Central District of California because a great majority or substantial part of the events giving rise to the action occurred in California. Any language directly comparing the two venues was intended to serve as an illustration of the disparity of said events.

As this determination must be made with an eye towards all relevant events, the Court also had to consider the mass of events that occurred in California and elsewhere in comparison with those in Texas to determine whether the events in Texas constituted a significant portion of the total. Venue may have been proper in the Southern District of Texas based on the alleged events occurring here in a case in which the distribution of events across districts was more even, allowing the Texas events to comprise a more substantial part of the whole. But venue was proper in the Central District of California and not the Southern District of Texas because the events in California comprised a great majority of the whole that dwarfed those in Texas.

Again, the Court's decision was based on the finding that a relatively insignificant portion of the events giving rise to the claim occurred in Texas. There was NO "better" or "best" venue analysis by the Court; said analysis would be irrelevant. The Court stands by its

3

application of the law and its decision to transfer this case. Plaintiff has not alleged a sufficient reason to reconsider the Order.

## IV. CONCLUSION

For these reasons, Plaintiff's MTR (Dkt. No. 112) is **DENIED**. It is **ORDERED** that this case be transferred to the Central District of California 21 days from the filing of this order under 28 U.S.C. 1406(a). Defendants' "Motion for Indicative Ruling . . ." (Dkt. No. 122) is **DENIED as moot.**

Signed on this 24th day of July 2024.

Rolando Olvera
United States District Judge