UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **SPACE EXPLORATION TECHNOLOGIES CORP.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**NATIONAL LABOR RELATIONS BOARD,** a federal administrative agency, **JENNIFER ABRUZZO,** in her official capacity as the General Counsel of the National Labor Relations Board, **LAUREN M. McFERRAN,** in her official capacity as the Chairman of the National Labor Relations Board, **MARVIN E. KAPLAN, GWYNNE A. WILCOX,** and **DAVID M. PROUTY,** in their official capacities as Board Members of the National Labor Relations Board, and **JOHN DOE** in his official capacity as an Administrative Law Judge of the National Labor Relations Board,<br><br>**Defendants.** | Civil Action No. 1:24-cv-00001 |

**PLAINTIFF SPACEX'S EMERGENCY MOTION TO VACATE
THE COURT'S JULY 24, 2024 ORDER FOR LACK OF JURISDICTION
AND REQUEST FOR RULING BY AUGUST 2, 2024, AND ALTERNATIVELY,
UNOPPOSED MOTION TO STAY THE TRANSFER**

Plaintiff Space Exploration Technologies Corp. ("SpaceX") moves to vacate this Court's July 24, 2024 Order (Dkt. 131) (the "Order") because this Court lacked jurisdiction to enter it. Because the Order states that the case will be transferred 21 days after the Order's entry—*i.e.*, by August 14—SpaceX respectfully requests that this Court vacate its Order by **August 2, 2024.** This allows time to seek relief, if necessary, from the Fifth Circuit before the 21 days runs. *See also* Gen. Order No. 2024-2. In the alternative, SpaceX requests the transfer be stayed until the mandate

1

issues in Fifth Circuit appeal No. 24-40315. Defendants have represented that they **do not oppose** staying the transfer until the mandate issues.

On April 30, SpaceX filed an interlocutory appeal of this Court's effective denial of its motion for a preliminary injunction. *See* Notice of Appeal, Dkt. 119. The Fifth Circuit granted an emergency motion for an injunction pending appeal and denied Defendants' motion to dismiss the appeal, which had argued that there was no effective denial of SpaceX's motion for a preliminary injunction and therefore no appellate jurisdiction. *SpaceX v. NLRB*, No. 24-40315, Dkts. 40 & 47. The Fifth Circuit has thus assumed jurisdiction over this action until the appeal is resolved. That appeal deprived this Court of jurisdiction to issue its Order because "[a] district court does not have the power to alter the status of the case as it rests before the Court of Appeals." *In re Fort Worth Chamber of Commerce*, 100 F.4th 528, 533 (5th Cir. 2024) (quoting *Dayton v. Indep. Sch. Dist. v. U.S. Min. Prod. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990)).

In *Fort Worth Chamber*, the Fifth Circuit addressed another case in a nearly identical posture to this case, in which a notice of appeal was filed before an order initiating a transfer. The Fifth Circuit held that the district court's transfer order was "void for want of jurisdiction." *Id.* The Fifth Circuit explained that "by transferring the case while an appealable order was pending before our court, the district court altered the status of the case as it rests before the Court of Appeals"— something the Fifth Circuit has long recognized as outside of a district court's jurisdiction. *Id.* at 537 (quotation omitted) (collecting cases).

That same principle precludes the Court from transferring this action while SpaceX's interlocutory appeal is pending, and the Order should be vacated because it is "void for want of jurisdiction." In denying Defendants' motion to dismiss the pending appeal, the Fifth Circuit has necessarily agreed that the Court effectively denied SpaceX's motion for a preliminary injunction.

*See* No. 24-40315, Dkt. 47. So the Court had "zero jurisdiction to do anything that alters the case's status"—including entering the Order initiating a transfer. *Fort Worth Chamber*, 2024 WL 1976963, at *1. Although the Order denied a motion to reconsider transfer rather than grant transfer in the first instance, the outcome is the same: by ordering the case's transfer in 21 days, the Order would "alter[] the case's status" while the appeal is pending. Because the Order is void for lack of jurisdiction, the proper remedy is vacatur. *Id.*

In their filings before this Court and the Fifth Circuit, Defendants have agreed that the interlocutory appeal deprives this Court of jurisdiction. Defendants first recognized the jurisdictional implications in moving to dismiss SpaceX's interlocutory appeal. *See* No. 24-40315, Dkt. 14 (5th Cir. May 1, 2024) ("because a notice of appeal generally divests the district court of jurisdiction to decide the matters before it, *e.g., Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), this appeal will inject significant additional delays"). Defendants then raised similar concerns in their motion for an indicative ruling from this Court. Motion for Indicative Ruling at 4, Dkt. 122 ("Because the question of whether a court can or should issue an injunction preventing the NLRB from proceeding with the complained-of administrative hearing is now pending before the Fifth Circuit, this Court is without jurisdiction to grant or deny such relief."). Then on May 17, Defendants acknowledged the Court's lack of jurisdiction in arguing their motion for an indicative ruling. *See* Supplemental Memorandum in Support of Motion for Indicative Ruling at 2 & n.1, ECF No. 124 (expressing Defendants' disagreement with *Fort Worth Chamber* but admitting that "it represents binding precedent" on the issue of a district court's inability to transfer a case while an appeal is pending).

Further, the appeal is not based on entirely "separate and distinct issues" from those raised in SpaceX's Motion for Reconsideration. Venue issues are squarely before the Fifth Circuit on

3

appeal. Defendants argued to the Fifth Circuit both that (1) this Court lacked authority to rule on the preliminary injunction after it granted the motion to transfer and (2) improper venue precluded entry of SpaceX's requested preliminary injunction. *See SpaceX v. NLRB*, No. 24-40315, Dkt. 30, Opposition to Motion for Injunction Pending Appeal at 17-18 (5th Cir. May 2, 2024). And SpaceX's opening brief, which was filed July 17, fully briefs these two venue-related issues to show there was no procedural impediment to entry of preliminary injunction. No. 24-40315, Dkt. 88, Appellant's Opening Brief at 52-59 (5th Cir. July 17, 2024).

In the interests of conserving party and judicial resources, SpaceX respectfully requests that this Court vacate its Order. To ensure the issue is addressed before the case is scheduled to be transferred on August 14, 2024, SpaceX respectfully requests that this Court rule on this motion by August 2, 2024, to allow time to seek relief from the Fifth Circuit if necessary.

Although Defendants declined to join this motion, in conference they have represented they are not opposed to a stay of transfer of the case until after the Fifth Circuit has returned jurisdiction to this Court through issuance of the mandate. Thus, in the alternative, the court should at the very least grant the unopposed motion to stay the transfer until after the Fifth Circuit returns jurisdiction to this Court.

For all these reasons, SpaceX respectfully requests that this Court vacate its Order or, at minimum, stay the transfer until 21 days after the mandate issues from the Fifth Circuit. SpaceX further requests that the Court issue such relief by **August 2, 2024**.

| | |
|---|---|
| Dated: July 26, 2024 | Respectfully submitted,<br><br>By:  *s/ Catherine L. Eschbach*<br><br>**MORGAN LEWIS & BOCKIUS LLP**<br>Catherine L. Eschbach<br>Attorney-in-Charge<br>1000 Louisiana Street, Suite 4000<br>Houston, TX 77002-50006<br>catherine.eschbach@morganlewis.com<br>(713) 890-5719<br><br>Harry I. Johnson, III (*pro hac vice*)<br>2049 Century Park East, Suite 700<br>Los Angeles, CA 90067-3109<br>(310) 907-1000<br><br>Michael E. Kenneally (*pro hac vice*)<br>1111 Pennsylvania Avenue, N.W.<br>Washington, DC  20004-2541<br>michael.kenneally@morganlewis.com<br>(202) 739-3000<br><br>*Attorneys for Space Exploration Technologies Corp.* |

## **CERTIFICATE OF CONFERENCE**

   On July 24, 25, and 26, 2024, I conferred with Defendants' counsel by email asking if given their prior representations they would be willing to file a joint motion to vacate or stay the transfer, and then the parties conferred again by telephone on July 26, 2024. Defendants' counsel represented that while they declined to join the motion and opposed vacatur of the entire Order, they do not oppose a stay of the transfer until the appellate mandate issues.  SpaceX understands that Defendants will also be separately seek relief regarding the Order.

s/ *Catherine L. Eschbach*
Catherine L. Eschbach

## CERTIFICATE OF SERVICE

    I hereby certify that on July 26, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to all parties of record.

s/ *Catherine L. Eschbach*
Catherine L. Eschbach
