United States District Court
Southern District of Texas
**ENTERED**
August 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., "Plaintiff," <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, ET AL., "Defendants." | § <br> § <br> § <br> § <br> § Civil Action No. 1:24-cv-00001 <br> § <br> § <br> § <br> § |

### ORDER

Before the Court is Plaintiff's "Emergency Motion to Vacate the Court's July 24, 2024, Order for Lack of Jurisdiction and Request for Ruling by August 2, 2024, and Alternatively, Unopposed Motion to Stay the Transfer" (Dkt. No. 132) ("Plaintiff's Motion") and "Defendants' Unopposed Cross-Motion to Vacate in Part the Court's Order of July 24, 2024, and Request for Status Conference" (Dkt. No. 133) ("Defendants' Motion").

The parties urge that *In re Fort Worth Chamber of Commerce* ("*Fort Worth*") bars the Court from denying Plaintiff's Motion for Reconsideration and completing the transfer to the Central District of California. 100 F.4th 528, 531 (5th Cir. 2024). The Fifth Circuit in *Fort Worth* held that "[o]nce a party properly appeals something a district court has done—here, the effective denial of a preliminary injunction—the district court has zero jurisdiction to do anything that alters the case's status." *Id.* But the Fifth Circuit clarified that the timing of the appeal in relation to the district court's order on the motion to transfer was critical to its decision. It stated, "Because the plaintiffs appealed the district court's effective denial of their preliminary-injunction motion *before* the district court granted the motion to transfer the case, we agree that the district court acted without jurisdiction." *In re Fort Worth Chamber of Commerce*, 100 F.4th at 531 (emphasis added). This case is thus distinguishable because Plaintiff filed their notice of appeal April 30, 2024—on a separate issue—months *after* the Court's transfer order dated February 15, 2024. *Compare* Dkt. No. 82 *with* Dkt. No. 119.

Plaintiff's Motion for Reconsideration does not alter the docket chronology. The Court effected this case's transfer 75 days before Plaintiff's appeal (and the Fifth Circuit denied Plaintiff's petition for writ of mandamus). *In re Space Exploration Technologies, Corporation*,

1

No. 24-40103, Dkt. No. 59 (5th Cir. Mar. 5, 2024). Denial of a motion for reconsideration, despite being a distinct order, does not derive from a separate action transferring the case, only a denial to revoke the original transfer. Further, motions for reconsideration should not serve as a tool to stall litigation in one venue when a court has already ruled that the case should be transferred to another.

For these reasons, Plaintiff's Motion (Dkt. No. 132) and Defendants' Motion (Dkt. No. 133) are **DENIED**. Staying the transfer is unnecessary, as the parties were given twenty-one days to appeal the Court's order should they elect said option. *See* Dkt. No. 13

Signed on this 6th day of August 2024.

Rolando Olvera
United States District Judge