United States District Court
Southern District of Texas
**ENTERED**
September 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br> "Plaintiff," <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, ET AL., <br> "Defendants." | § § § § § § § § § § | Civil Action No. 1:24-cv-00001 |

## ORDER

Before the Court is Defendants' "Motion for Indicative Ruling Pursuant to Federal Rule of Civil Procedure 62.1 and Request for Expedited Briefing and Decision" (Dkt. No. 122) ("Motion"), Plaintiff's "Opposition to Defendants' Motion for Indicative Ruling Pursuant to Federal Rule of Civil Procedure 62.1" (Dkt. No. 126), Defendants' "Reply in Support of Motion for Indicative Ruling Pursuant to Federal Rule of Civil Procedure 62.1" (Dkt. No. 127), and Plaintiff's "Surreply in Opposition to Defendants' Motion for Indicative Ruling Pursuant to Federal Rule of Civil Procedure 62.1" (Dkt. No. 130). For these reasons, Defendants' Motion (Dkt. No. 122) is **DENIED**:

On February 15, 2024, the Court issued an order transferring this case to the Central District of California under 28 U.S.C. § 1406(a) ("Order") based on the finding that a substantial part of the events or omissions giving rise to Plaintiff's claim did not occur in the Southern District of Texas. *See* Dkt. No. 82 at 4. On appeal, the Fifth Circuit denied Plaintiff's petition for writ of mandamus. *In re Space Exploration Technologies, Corp.*, No. 24-40103, Dkt. No. 59 (5th Cir. Mar. 5, 2024). In April 2024, the Fifth Circuit also denied Plaintiff's petition for rehearing en banc. *In re Space Exploration Technologies, Corporation*, No. 24-40103, Dkt. No. 111 (5th Cir. Mar. 5, 2024). Plaintiff moved the Court to reconsider the Order or, in the alternative, to grant its previous preliminary injunction motion. *See* Dkt. No. 112 at 2.

On April 30, 2024, Plaintiff filed a notice of appeal of the "effective denial" of its preliminary injunction motion. *See* Dkt. No. 119. On May 2, 2024, the Fifth Circuit entered an injunction pending appeal. *Space Expl. Technologies, Corp. v. National Lab. Relations Bd., et al.*, No. 24-40315, Dkt. No. 40-2 (5th Cir. May 2, 2024). Defendants now notify the Court that they

are willing to consent to "the entry of an order . . . awarding, in substance, the alternative relief requested by Plaintiff . . . in its motion to reconsider transferring the case . . . ." (Dkt. No. 122 at 2).

Federal Rule of Civil Procedure ("Rule") 62.1 provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer consideration of the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

FED. R. CIV. P. 62.1(a).

The Court agrees with other district courts holding that Rule 62.1 requires a predicate motion. *See* Dkt. No. 126 at 4–5; *see, e.g.*, *Singleton v. Cannizzaro*, 397 F. Supp. 3d 840, 845 (E.D. La. 2019); *see, e.g.*, *Dinosaur Merch. Bank v. Bancservices Int'l LLC*, No. 1:19 CV 84 ACL, 2021 U.S. Dist. LEXIS 227353 (E.D. Mo. Aug. 3, 2021) ("Rule 62.1, however, does not provide a basis for such a free-standing motion asking the Court to provide an advisory or indicative ruling informing the Eighth Circuit Court of Appeals what it would do if the case were to be remanded."). The rule's language establishes that the Court can only issue an indicative ruling "[i]f a timely motion is made for relief that the court lacks authority to grant." FED. R. CIV. P. 62.1(a). Here, there is no independent motion for the Court to indicate it would grant.

In any event, the rule is framed as discretionary, and the Court finds it unnecessary to indicate that it would grant a hypothetical motion in which Defendants seek to bind themselves and attempt to provide relief Plaintiff does not agree is satisfactory.

Defendants' Motion (Dkt. No. 122) is thus **DENIED**.

Signed on this 5th day of September 2024.

Rolando Olvera
United States District Judge

2