# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| **SPACE EXPLORATION TECHNOLOGIES CORP.,**<br><br>　　**Plaintiff,**<br><br>　　v.<br><br>**NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,**<br><br>　　**Defendants.** | Civil Action No. 1:24-cv-00001 |

**PLAINTIFF'S EMERGENCY MOTION TO VACATE THE COURT'S MARCH 26, 2025 ORDER OR, IN THE ALTERNATIVE, PARTIALLY UNOPPOSED MOTION TO STAY THE TRANSFER, AND REQUEST FOR RULING BY APRIL 4, 2025**

　　Plaintiff Space Exploration Technologies Corp. ("SpaceX") moves to vacate this Court's March 26, 2025, Order directing that this case be transferred to the Central District of California (Dkt. 139) (the "Order") because the Fifth Circuit's mandate has not yet issued, and this Court lacks jurisdiction to transfer the case outside the Fifth Circuit. Because the Order states that the case will be transferred 21 days after the Order's entry—*i.e.*, by April 16—SpaceX respectfully requests that this Court vacate its Order on or before **April 4, 2025**, as that would leave SpaceX time to seek relief, if necessary, from the Fifth Circuit before the 21 days runs. **In the alternative**, SpaceX requests the transfer be stayed until 21 days after the mandate issues in Fifth Circuit appeal

1

No. 24-40315. Defendants have represented that they **do not oppose** staying the effectuation of transfer until the Fifth Circuit's mandate issues but do oppose extending such a stay for an additional 21-day period after the issuance of the mandate.

On July 24, 2024, this Court denied SpaceX's motion for reconsideration of the Court's February 15, 2024, transfer ruling. *See* Dkts. 82, 131. That reconsideration order also directed that the case be transferred to the Central District of California after 21 days. Dkt. 131, at 4. At the time, SpaceX's interlocutory appeal from the effective denial of its motion for a preliminary injunction remained pending before the Fifth Circuit. *See* Dkt. 131. For that reason, SpaceX moved for this Court to vacate its July 24, 2024, order or, at a minimum, stay the transfer until after issuance of the Fifth Circuit mandate. Dkt. 132. The NLRB did not oppose the alternative relief of a stay. *Id.* This Court denied SpaceX's motion. Dkt. 134. SpaceX then requested relief from the Fifth Circuit, which on August 9, 2024, vacated this Court's July 24, 2024, transfer order. Dkt. 135. The Fifth Circuit's denial was "without prejudice to the renewal of a motion to transfer, if appropriate, **after issuance of the mandate** in the current appeal of the effective denial of a preliminary injunction." *Id*. (emphasis added).

The conditions the Fifth Circuit imposed for a renewal of transfer have not come to pass. No party has renewed a motion to transfer in this Court, for good reason: the Fifth Circuit has not issued the mandate in SpaceX's appeal. To be sure, a panel of the Fifth Circuit issued an opinion and judgment on March 5, 2025, disagreeing with the Fifth Circuit's motions panel for the appeal and holding that SpaceX did not demonstrate that this Court effectively denied its motion for a preliminary injunction. *See Space Expl. Techs., Corp. v. NLRB*, 129 F.4th 906 (5th Cir. 2025) ("*SpaceX*"). But under the schedule set by the Federal Rules of Appellate Procedure, the mandate from the Fifth Circuit will not be issued until at least 52 days after the Fifth Circuit's panel

decision. Rule 41(b) requires the mandate issue 7 days after the time to petition for rehearing expires, or 7 days after the denial of a petition for rehearing, whichever is later. Fed. R. App. P. 41(b). In a case like this, which involves the federal government as a party, the deadline for filing a petition for rehearing is 45 days rather than the usual 14 days for other cases. Fed. R. App. P. 40(a)(1). Thus, while the mandate issuance date would have been March 26 (21 days after the March 5 panel opinion) had this case not involved the federal government, the actual mandate issuance date (absent a timely filed petition for rehearing) is **April 28** (45 days after March 5). That date is currently shown as the "[m]andate issue date" on the Fifth Circuit's docket:

| 03/05/2025 | ☐ 207 10 pg, 214.09 KB | PUBLISHED OPINION FILED. [24-40315 Dismissed ] Judge: PR , Judge: JEG , Judge: ICR Mandate issue date is 04/28/2025 [24-40315] (CAS) [Entered: 03/05/2025 03:12 PM] |

Because the Fifth Circuit's mandate remains unissued, this case may not be transferred under the terms of the Fifth Circuit's August 9, 2024, order.

In addition to violating the Fifth Circuit's August 9 order, the Order is also improper because of its potential to interfere with the Fifth Circuit's disposition of the appeal. As with the Court's July 24, 2024, transfer order, "[a] district court does not have the power to alter the status of the case as it rests before the Court of Appeals." *In re Fort Worth Chamber of Commerce*, 100 F.4th 528, 533 (5th Cir. 2024) (quoting *Dayton v. Indep. Sch. Dist. v. U.S. Min. Prod. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990)). And the issuance of the mandate is the critical date for returning the case to the district court. The Court of Appeals retains authority to "reconsider [its] prior holdings" until the mandate is issued. *M.D. ex rel. Stukenberg v. Abbott*, 929 F.3d 272, 279 n.4 (5th Cir. 2019).

It makes no difference that the panel dismissed the appeal for lack of jurisdiction. While the Fifth Circuit has held that "filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction," *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir.

1979) (en banc), that principle applies in circumstances where the appealed-from order "was clearly unappealable and the notice of appeal thus 'manifestly ineffective.'" *Id.*; *see also* 16A Charles Alan Wright et al., *Federal Practice and Procedure* § 3949.1 (5th ed.) ("The weight of authority holds that an appeal from a **clearly non-appealable order** fails to oust district court authority." (emphasis added)). Here, it is very far from clear that appellate jurisdiction was lacking. The panel concluded that it was, but that decision directly contradicts the decision of the motions panel denying the NLRB's motion to dismiss the appeal for lack of jurisdiction, which necessarily held that the Fifth Circuit had jurisdiction over SpaceX's appeal. Dkt. 121. Given the disagreement among Fifth Circuit judges on this exact question, as well as other conflicts that the panel's opinion creates with Fifth Circuit precedent, there is a reasonable likelihood that the Fifth Circuit will grant rehearing en banc to reconsider the panel's decision, and SpaceX intends to file a petition asking the en banc court to do so.

Moreover, the current status of the Fifth Circuit's jurisdiction remains far from certain even after the March 5 opinion. Although the merits panel dismissed the appeal, on May 2, 2024, a motions panel of three Fifth Circuit judges enjoined the NLRB proceeding pending appeal, and the merits panel did not purport to dissolve that injunction in its March 5 opinion. *See SpaceX*, 129 F.4th at 909, 911. The injunction is therefore still in effect and will stay in effect until the mandate issues. *See id.* at 909 (noting that in the prior mandamus appeal in this case, "a hold on issuance of the mandate" kept "the administrative stay of the transfer to the CDCA . . . in effect" until the Court denied the petition for en banc rehearing and affirmatively "dissolved the administrative stay"). In these circumstances, effecting a transfer of the case outside the Fifth Circuit would inappropriately interfere with the Fifth Circuit's ability to enforce its continuing injunctive order in this case.

4

If the Court does not vacate the transfer decision altogether, Defendants have represented that they are partially unopposed to the alternative relief sought in this motion. Specifically, Defendants do not oppose a stay of effectuation of transfer, if necessary, until issuance of the mandate returning jurisdiction to the district court. Defendants do, however, oppose a stay continuing an additional 21-day period after issuance of mandate. Thus, in the alternative, the court should at the very least grant the unopposed motion to stay the transfer until after the Fifth Circuit returns jurisdiction to this Court. *See Hitchmon*, 602 F.2d at 694 (commending district courts, "in the interests of judicial economy as well as fairness to the litigants," to "refrain from acting" when there is sufficient likelihood the court of appeals may assert jurisdiction).

SpaceX respectfully submits that an additional 21-day period for the stay is appropriate in light of this District's General Order No. 2024-2, which for inter-circuit transfers automatically stays transfer for 21 days from the date the order is entered on the docket. The additional 21-day period would yield the same effect as a transfer order entered on the docket on the same day that the Court regains jurisdiction through the mandate's issuance. And it would ensure adequate time to seek relief from transfer should the Fifth Circuit's ultimate disposition of the appeal warrant it.

But with or without the additional 21-day period, the Court should at the least stay effectuation of transfer until the mandate issues. Doing so will prejudice no party and will conserve party and judicial resources by obviating any need to ask the Fifth Circuit to take action to protect its ability to resolve the appeal and all matters encompassed within it.

For all these reasons, SpaceX respectfully requests that this Court vacate its Order or, at minimum, stay the transfer until 21 days after the mandate issues from the Fifth Circuit. SpaceX further requests that the Court issue such relief by **April 4, 2025** to permit time for the Fifth Circuit to act if necessary.

5

Dated: March 28, 2025	Respectfully submitted,

By:	*s/ Morgan A. McGreevy*

**MORGAN LEWIS & BOCKIUS LLP**
Morgan A. McGreevy
Attorney-in-Charge
Texas Bar No. 24125317
Southern District of Texas Bar No. 3739889
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5006
morgan.mcgreevy@morganlewis.com
(713) 890-5143

Harry I. Johnson, III (*pro hac vice*)
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
harry.johnson@morganlewis.com
(310) 907-1000

Michael E. Kenneally (*pro hac vice*)
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004-2541
michael.kenneally@morganlewis.com
(202) 739-3000

*Attorneys for Space Exploration Technologies Corp.*

## CERTIFICATE OF CONFERENCE

      On March 28, 2025, counsel for SpaceX conferred with Defendants' counsel by email asking whether they would not oppose a request to vacate the March 26 transfer order or, at a minimum, not oppose a request to stay transfer until 21 days after the mandate issues. After further emails between the parties, Defendants' counsel represented that Defendants would not oppose a stay of effectuation of transfer, if necessary, until issuance of mandate returning jurisdiction to the district court, but Defendants oppose a stay continuing an additional 21-day period after issuance of mandate. Counsel thus cannot agree about the disposition of the motion.

<em>s/ Morgan A. McGreevy</em>

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 28, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to all parties of record.

<em>s/ Morgan A. McGreevy</em>