**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| **SPACE EXPLORATION TECHNOLOGIES CORP.,**<br><br>    **Plaintiff,**<br><br>        **v.**<br><br>**NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,**<br><br>    **Defendants.** | Civil Action No. 1:24-cv-00001 |

## JOINT STIPULATION OF DISMISSAL WITHOUT PREJUDICE

The parties jointly stipulate to the dismissal of this action without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and hereby state as follows:

1.      SpaceX filed this action on January 4, 2024 to challenge the constitutionality of National Labor Relations Board ("NLRB") administrative proceedings, which were prompted by eight unfair labor practices charges and a consolidated administrative complaint issued by the Regional Director of the NLRB for Region 31 ("the Administrative Cases").  ECF No. 1 (Compl. ¶¶ 47-50); *see also* ECF No. 37-3.

2.      SpaceX moved for a preliminary injunction against the Administrative Cases pending adjudication of this action.  ECF No. 37; ECF No. 37-5.

1

3.      Before ruling on SpaceX's injunction motion, this Court agreed with Defendants' argument that the Southern District of Texas was an improper venue for this action, and the Court ordered the case transferred to the Central District of California.  ECF No. 82.

4.      SpaceX sought various relief from the Fifth Circuit.  A motions panel entered an injunction pending appeal, and a merits panel ultimately held that the Fifth Circuit lacked appellate jurisdiction over SpaceX's appeal.  *SpaceX v. NLRB*, 129 F.4th 906 (5th Cir. 2025).

5.      SpaceX petitioned for rehearing en banc, and a judge of the Fifth Circuit withheld issuance of the appellate mandate.  ECF No. 144.

6.      On April 23, 2025, SpaceX and the NLRB jointly moved to hold further appellate proceedings in abeyance pending a referral of the Administrative Cases to the National Mediation Board ("NMB") for an advisory opinion on whether SpaceX is subject to the jurisdiction of the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*, and thus excluded from the National Labor Relations Act's definition of covered employer.  No. 24-40315 (5th Cir.), ECF No. 223.

7.      The Fifth Circuit granted the parties' joint motion on May 5, 2025 and provided that upon issuance of the NMB's opinion, the NLRB would seek agreement with SpaceX regarding appropriate action.  No. 24-40315 (5th Cir.), ECF No. 232-2.

8.      The NMB issued its jurisdictional opinion on January 14, 2026 and concluded that SpaceX is subject to the RLA as a common carrier by air engaged in interstate or foreign commerce and as a carrier by air transporting mail for or under contract with the U.S. Government.  *SpaceX*, 53 NMB No. 8 (Jan. 14, 2026).

9.      In February 2026, in response to the NMB's opinion, the Regional Director of the NLRB for Region 31 dismissed the eight charges underlying the Administrative Cases, on the ground that the NLRB lacks jurisdiction over SpaceX.

10.     By letters dated May 14, 2026, the Acting Deputy General Counsel of the NLRB denied the charging parties' appeals of the Regional Director's dismissals of the charges.

11.     The parties agree that the dismissal of the Administrative Cases eliminates the dispute that precipitated this lawsuit, and the parties wish to avoid unnecessary judicial proceedings.

WHEREFORE, the parties hereby stipulate to the dismissal of this action without prejudice.

Dated: June 5, 2026                           Respectfully submitted,

_s/ David P. Boehm_                           _s/ Morgan A. McGreevy_
DAVID P. BOEHM                                **MORGAN LEWIS & BOCKIUS LLP**
Trial Attorney                                Morgan A. McGreevy
D.C. Bar No. 1033755 – pro hac vice           Attorney-in-Charge
1015 Half Street, S.E. - 4th Floor            Texas Bar No. 24125317
Washington, DC 20003                          Southern District of Texas Bar No. 3739889
Telephone: (202) 273-4202                     1000 Louisiana Street, Suite 4000
Email: David.boehm@nlrb.gov                   Houston, TX 77002-5006
                                              morgan.mcgreevy@morganlewis.com
_s/ Dalford D. Owens, Jr._                    (713) 890-5143
DALFORD D. OWENS JR.
S.D. Tex. ID No. 1132540                       Harry I. Johnson, III (*pro hac vice*)
State Bar No. 24060907                         Michael E. Kenneally (*pro hac vice*)
1015 Half Street, S.E. - 4th Floor             1111 Pennsylvania Avenue, N.W.
Washington, DC 20003                           Washington, DC  20004-2541
Telephone: (202) 273-4202                      michael.kenneally@morganlewis.com
Email: Dean.Owens@nlrb.gov                     (202) 739-3000
*Attorney-in-Charge for Defendants*

                                              *Attorneys for Plaintiff Space Exploration*
*Attorneys for Defendants*                    *Technologies Corp.*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to all parties of record.

*s/ Morgan A. McGreevy*